UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

VISA CHECK/MASTERMONEY
ANTITRUST LITIGATION

This Document Relates To:

ALL ACTIONS

MASTER FILE NO.
CV-96-5238

(Gleeson, J.) (Mann, M. J.)

**ORIGINAL**

### STIPULATION AND ORDER FOR PROVIDING NOTICE OF SETTLEMENT OF CLASS ACTION TO MEMBERS OF THE CERTIFIED CLASS

By order dated February 22, 2000 (the "Class Certification Order"), this Court certified a class, pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), "of all persons and business entities who have accepted Visa and/or MasterCard credit cards and therefore have been required to accept Visa Check and/or MasterMoney debit cards under the challenged tying arrangements during the fullest period permitted by the applicable statute of limitations. The Class does not include the named Defendants, their directors, officers or members of their families." Class Certification Order at 44 (footnote omitted). By decision dated October 17, 2001, the United States Court of Appeals for the Second Circuit affirmed the Class Certification Order, and on June 10, 2002, the United States Supreme Court denied defendant Visa USA Inc.'s and defendant MasterCard International Incorporated's petition for a writ of certiorari of the Second Circuit's decision affirming the Court's Order certifying this lawsuit as a class action.

By Order dated June 21, 2002, this Court directed that Notice of Pendency of the class action be given to the members of the class ("Consent Order" or "Notice of Pendency Order"). The Notice of Pendency Order approved a Notice Plan that satisfied the requirements of Rule 23 and due process by providing Notice of Pendency to the members of the class through direct mail of almost 7.7 million notices, publication of summary notice in a series of national and trade publications and through PR

newswire releases, between September 9 and October 14, 2002, and the maintenance of a dedicated website and a toll free hotline since September 9, 2002. Members of the Class were given until November 14, 2002 to exercise their rights to exclude themselves from the Class. Plaintiffs and the Court appointed administrator provided Notice of Pendency to the class members in compliance with the Notice Plan.

By Order dated April 1, 2003, the Court denied in their entirety Visa's and MasterCard's motions for summary judgment, and granted in part and denied in part Plaintiffs' motion for summary judgment. By Order dated April 1, 2003, the Court denied MasterCard's motion for severance or a separate trial.

On April 30, 2003, Plaintiffs entered into separate memoranda of understanding with defendant Visa and defendant MasterCard in which they settled this lawsuit. Each defendant subsequently signed a separate settlement agreement with the Plaintiffs as of June 4, 2003 (collectively, the "Settlements"). The Court has granted Preliminary Approval of the Settlements.

The applicable class period in this case is from October 25, 1992 through the date of the first publication of the Summary Notice of Settlement, expected to be June 21, 2003 (the "class period").

The Court, having considered the parties' submissions with respect to the proper means for providing Notice of Settlement to members of the certified class, hereby makes the following findings, and orders that notice be provided to class members as set forth below.

## FINDINGS

A. In order to provide notice of this action to the members of the certified class, the Court finds that a notice plan consisting of individual notice to absent class members whose contact information has been ascertained in the manner specified below (*see* ¶¶ F, 2-3, *infra*), together with supplemental publication notice in the manner specified below (*see* ¶¶ 5-6, *infra*), constitutes the best means practicable of providing notice, and satisfies the requirements of Fed. R. Civ. P. 23 and due process.

B. Defendants MasterCard International Incorporated ("MasterCard") and Visa U.S.A. Inc. ("Visa") are each membership corporations comprised of member financial institutions. Some of those members are "Acquirers" who are licensed by either MasterCard or Visa or both to sign up merchants to accept MasterCard and Visa payment cards and to handle the processing of payments made with those cards.

C. MasterCard and Visa each have thousands of Acquirers. A subset of Acquirers (along with companies they retain, known in the industry as "Processors") are responsible for processing the vast majority of MasterCard and Visa transactions on behalf of merchants. As relied upon in developing the Notice Plan for the provision of Notice of Pendency in the Summer of 2002, according to the February 2002 *Nilson Report* (at pp. 6-7, attached to the Notice of Pendency Order as Exhibit A) — acknowledged by the parties as a leading publication covering consumer payment systems relied upon by the payments industry, the accuracy of which is accepted by the parties for this purpose — in 2001: the 80 largest Acquirers and Processors handled more than 99% of all MasterCard and Visa transaction sales volume on behalf of approximately 3.6 million merchants (operating approximately 5.8 million merchant outlets) in the United States. The 80 largest Acquirers and Processors maintain contact information concerning the merchants that they have signed up to accept defendants' credit cards and debit cards for payment.

D. Visa and MasterCard also each maintains information concerning merchant outlets at which transactions using their respective Purchasing or Corporate Cards have been processed. Visa maintains this information on a database known as the Visa Merchant Profile Database ("VMPD"). MasterCard maintains such information on a database referred to as the "MasterCard virtual data warehouse." Data on both the Visa VMPD and the MasterCard virtual data warehouse include (where available) merchant outlet addresses, merchant names, "doing business as" names, as well as taxpayer identification numbers.

E. For purposes of providing Notice of Pendency, the parties stipulated, and the Court concluded, that the best way to identify individual merchant class members was, therefore, through merchant contact information maintained by the 80 largest Acquirers and Processors, supplemented by any non-duplicative

merchant information maintained in the Visa VMPD and the MasterCard virtual data warehouse. That merchant contact information should identify the substantial majority of current class members that can be reached through individual notice.

F.   In order to provide Notice of Pendency, plaintiffs successfully subpoenaed the 80 largest Acquirers and Processors identified in Exhibit A to the Notice of Pendency Order who actually had data regarding Visa and MasterCard transactions. During June, July and August 2002, plaintiffs and the Administrator obtained and incorporated into the Class Member List (as defined below) the merchant contact information accessible from the 80 largest Acquirers' and Processors' then-current and existing databases. In sum, during the Summer of 2002, plaintiffs' counsel collectively made more than 500 telephone calls, wrote over 150 letters, and spent approximately 400 hours to procure Merchant Contact Lists (as defined in the Notice of Pendency) from these 80 Acquirers and Processors (some of which produced data through other entities) that totaled 8,564,426 million names of merchants or other entities that had accepted Visa and MasterCard credit and off-line signature debit transactions dating back to October 1992. The last of the Merchant Contact Lists was not produced until more than 44 days after the initial request, and more than 28 days beyond the initial Court-imposed deadline (with the vast majority of the Merchant Contact Lists and records being produced more than 37 days after the initial request and more than 21 days after the deadline). Once these Merchant Contact Lists were procured, the Court-appointed Class Notice Administrator was required to combine the data into a Class Member List and to undertake reasonable efforts to eliminate duplicate entries. These efforts included eliminating the duplication between the databases separately supplied by Visa and MasterCard and then supplementing the Class Member List with any non-duplicative entries, which ultimately resulted in a Class Member List that included 7,657,888 records. Mailing the Notice of Pendency to the 7,657,888 records on the Class Member List revealed that approximately 1.17 million of these records were "bad records" that corresponded to an undeliverable address for which no forwarding information could be reasonably determined.

G. With respect to those merchants whose names and addresses appear on the Class Member List (*i.e.*, those whose accurate contact information was obtained through reasonable efforts from the 80 largest Acquirers and Processors, and from Visa's VMPD and MasterCard's virtual data warehouse in 2002 and then supplemented with "New Merchants" in Visa's VMPD and MasterCard's virtual data warehouse as of approximately June 4, 2003, or who registered with the Administrator following the Notice of Pendency), providing individual notice by first class mail is the best notice practicable under the circumstances.

H. Because the certified class is composed of merchants who have accepted for payment MasterCard or Visa credit card and debit card transactions dating back to October 25, 1992, some class members likely were not identified through the merchant contact information that was obtained from the 80 largest Acquirers or Processors, as supplemented by the Visa VMPD and the MasterCard virtual data warehouse, in the Summer of 2002. For example, class members who are no longer in business no longer accept MasterCard or Visa credit cards and debit cards and may no longer be included in the databases maintained by the Acquirers and Processors. In addition, there may be New Merchants that began accepting Visa and MasterCard credit card and debit card transactions after June 21, 2002, the date when the Merchant Contact Lists were first ordered for production for purposes of the Notice of Pendency, whose names do not appear in the Visa VMPD or the MasterCard virtual data warehouse. It is not reasonably practicable under the circumstances to obtain supplemental merchant contact information regarding New Merchants from the largest Acquirers and Processors in a timely or cost effective manner.

I. Accordingly, supplemental notice by publication also should be provided to the members of the certified class.

J. Plaintiffs should retain and compensate a notice and claims administrator (the "Administrator") to maintain the Class Member List that was originally derived from the information produced by the 80

largest Acquirers and Processors, Visa's VMPD and MasterCard's virtual data warehouse in the Summer of 2002 (the "Merchant Contact Lists"), as well as to compile merchant information about New Merchants from Visa's current VMPD and MasterCard's current virtual data warehouse, mail notices to those merchant contacts, provide for supplemental notice by publication, maintain lists of any New Merchants who opt-out of the Rule 23(b)(3) class, and handle other aspects of the class notice and claims administration process.

## CLASS NOTICE PLAN

Based on the foregoing, the Court orders that the following plan for identifying and providing notice to members of the certified class complies with Rule 23 and the requirements of due process, and shall be implemented:

1. The Court hereby approves the appointment of The Garden City Group, Inc. to serve as the Administrator. The qualifications of The Garden City Group to serve as the Administrator were described in Exhibit B to the Notice of Pendency Order, and have been demonstrated by The Garden City Group's administration of the Notice of Pendency and management of the Class Member List.

2. By June 16, 2003, Visa and MasterCard will provide the Administrator data from the Visa VMPD (at a previously agreed-upon cost to be paid from the Settlement Funds) and from the MasterCard virtual data warehouse (at a previously agreed-upon cost to be paid from the Settlement Funds), respectively, for merchants who can be identified through reasonable efforts that were not listed in the Visa VMPD and the MasterCard virtual data warehouse at the time that Visa and MasterCard compiled the Merchant Contact Lists that were provided on July 1, 2002 ("New Merchants").

    (a) The entry for each such New Merchant will include (where available) merchant outlet names and addresses, "doing business as" names, and taxpayer identification numbers, in ASCII format, unless some other format is subsequently agreed to by the parties.

(b) The Administrator shall use this data solely for the purpose of providing notice to members of the certified class, as set forth in this Order. The Court has ordered MasterCard and Visa specifically to produce taxpayer identification numbers, because that information is necessary to assist in providing notice to individual members of the class. The Administrator shall keep such taxpayer identification numbers strictly confidential and shall use the information solely for the purpose of providing notice hereunder. The Administrator shall implement and maintain reasonable administrative, technical and physical safeguards to protect the security, confidentiality and integrity of such information.

3. The Administrator previously compiled a database of the Merchant Contact Lists received from the 80 largest Acquirers and Processors, and of the non-duplicative merchant information from the Visa VMPD and the MasterCard virtual data warehouse that was utilized to provide Notice of Pendency to members of the class during September 2002 ("Class Member List"). The Class Member List shall be modified by the Administrator as follows, and then utilized to provide direct mail Notice of Settlement to the individuals and entities who appear on the modified Class Member List:

(a) By June 16, 2003, Visa and MasterCard shall each have provided the Administrator with their respective list of New Merchants. Entries for those New Merchants shall be added to the Class Member List to the extent that they are not duplicative of records for individuals or entities already listed on the Class Member List, and the Administrator shall provide direct mail Notice of Settlement to the New Merchants;

(b) The Administrator shall also add to the Class Member List, and shall provide direct mail Notice of Settlement to, each individual or entity that previously registered with the Administrator;

(c) The Administrator shall remove from the Class Member List, and shall not provide direct mail Notice of Settlement to, the names and addresses of merchants that were determined during the Notice of Pendency process to not be deliverable addresses;

(d) The Administrator shall remove from the Class Member List, and shall not provide direct mail Notice of Settlement to, those individuals or entities who filed timely requests for exclusion and whose names appeared on the Administrator's final exclusion report dated February 13, 2003 and filed with the Court on February 18, 2003;

        (e)    The Administrator shall remove from the Class Member List, and shall not provide direct mail Notice of Settlement to, those individuals or entities who were located outside of the continental United States and Alaska and Hawaii at the time that they accepted Visa and/or MasterCard credit cards or debit cards;

        (f)    The Administrator also shall undertake reasonable efforts to eliminate duplication in class member entries in the Class Member List.

4. The "Notice of Class Action Settlement," attached hereto as Exhibit 1 (the "Notice of Settlement"), has been approved by the Court and shall be used to provide notice to merchants on the Class Member List, as modified in paragraph 3 above. By July 5, 2003, the Administrator shall send a copy of the Notice of Settlement by first class mail to each class member on the Class Member List. Each such mailing will bear the following legend on the envelope: VISA CHECK/MASTERMONEY ANTITRUST LITIGATION: IMPORTANT LEGAL NOTICE TO ALL CLASS MEMBERS, FORWARD TO CORPORATE HEADQUARTERS/LEGAL COUNSEL.

5. The Summary Notice of Settlement of Class Action, attached hereto as Exhibit 2 (the "Summary Notice of Settlement"), has been approved by the Court for use in publication notice. Plaintiffs shall cause the Summary Notice of Settlement to be published, commencing within 3 days after the initial mailing of the Notice of Settlement and concluding by August 4, 2003, in the publications listed on Exhibit 3. In that same timeframe, plaintiffs shall also cause the Summary Notice of Settlement to be published twice over the PR Newswire (to more than 2,400 media outlets, including newspapers, magazines, national wire services, television and radio broadcast media, web sites, and Internet portals) and in the plaintiff trade associations' publications that are scheduled to run between July 1 and August 4, 2003.

6. By the date of the first mailing of the Notice of Settlement, the Administrator shall have updated the website established for the case *(www.InReVisaCheck-MasterMoneyAntitrustLitigation.com)*, and until such time as all claims have been paid and the Settlement Fund disbursed, plaintiffs shall maintain the website, which shall contain a copy of the Notice of Settlement, the Summary Notice of

Settlement, the Settlement Agreements, the papers submitted to the Court by Plaintiffs in support of preliminary approval of the Settlement, the 4/1/03 Order of the Court denying defendants' motions for summary judgment and granting in part and denying in part plaintiffs' motions for summary judgment, the November 15, 2002 Status Report Concerning Notice to the Members of the Certified Class, the June 21, 2002 Notice of Pendency Order (and attachments, including the Notice of Pendency and Summary Notice), the 10/17/01 Circuit Court Order affirming the District Court Order certifying the class, the 2/22/00 District Court Order certifying the Class, the Second Amended Consolidated Class Action Complaint, and other documents or materials that Plaintiffs' Lead Counsel deem appropriate to post on the website for purposes of informing and communicating with Members of the Class. In the event that Visa or MasterCard objects to the posting of any particular documents or materials on the Website on the grounds that the posting of any particular documents or materials will injure Visa or MasterCard, such objection shall be made in writing to Lead Counsel. Lead Counsel shall use best reasonable efforts to remove the particular documents or materials from the Website as soon as practicable while the objection is being resolved. In the event that Lead Counsel disagrees with the objection, the objecting party shall move the Court for an order enjoining Lead Counsel from posting the particular documents or materials within 3 calendar days after Lead Counsel has disagreed with the objection. The Website shall be shut down within 90 days after all claims have been paid under the plan of allocation and distribution.

7. As provided in the Notice of Settlement, class members who are New Merchants shall have until September 5, 2003 (*i.e.*, 30 calendar days after the last publication notice date and approximately 60 days after the first notice mailing date, whichever is later), to opt-out of the Rule 23(b)(3) class.

8. As provided in the Notice of Settlement, class members -- including New Merchants who do not exclude themselves from the class -- shall have until September 5, 2003 (*i.e.*, approximately 30 calendar days after the last publication notice date and approximately 60 days after the first notice mailing date, whichever is later) to object to the settlements and to give notice of their intention to appear at the September 25, 2003 fairness hearing.

9. With respect to receiving and processing requests for exclusion and objections, and handling other aspects of notice administration, the Administrator shall:

    (a) Collect mail daily from a United States Post Office Box specifically designated for requests for exclusion, objections and other case-related correspondence.

    (b) Sort mail into requests for exclusion, objections, forms returned undeliverable, and other general correspondence.

    (c) If a Notice of Settlement is returned undeliverable, the Administrator shall send it to the forwarding address if one is provided.

    (d) With respect to returned notices for which no forwarding address has been provided, the Administrator shall undertake reasonable efforts to obtain updated contact information concerning the merchant. If such information is available, the Administrator shall enter it in the merchant database. The Administrator shall then re-send the notice to the updated address.

    (e) Respond to all general correspondence.

    (f) Maintain the Class Member List described above and modify it as necessary based on correspondence from class members.

    (g) Send correspondence to class members, opt-outs or objectors as necessary.

    (h) Create such reports as become necessary.

    (i) The Administrator and its employees and agents shall execute the confidentiality agreement required in connection with the Notice of Pendency, and shall maintain the confidentiality of all Merchant Contact Lists and databases incorporating any portion of those lists, including the Class Member List, at all times, in accordance with the terms of the executed confidentiality agreements. Notwithstanding the foregoing, the Administrator shall provide Lead Counsel with access to the data contained on the Class Member List for purposes of developing and administering the plan of allocation and distribution, and in assisting in the administration of the Notice of Settlement and in the administration of the Settlement Fund, to the extent permitted under the applicable

confidentiality agreements and Court orders regarding the confidential treatment of the data.

10. On September 18, 2003 (*i.e.*, 13 calendar days after the deadline for New Merchants to serve requests for exclusion and for all objections to the settlements to have been filed), plaintiffs and the Administrator shall serve on counsel for the parties, and file with the Court, a report that describes the activities undertaken to provide Notice of Class Action Settlement to the class, including the dates on which mailings of notice took place and the dates on which notice was published. The report also shall identify each class member that has elected to opt-out of the Rule 23(b)(3) class, and certify that notice has been provided in accordance with this Order. The Administrator shall supplement this second report promptly as necessary, including to reflect additional New Merchants who opted out of the Rule 23(b)(3) class by the expiration of the opt-out period, but whose names were not reflected in the Administrator's September 18, 2003 report.

11. Nothing herein shall be deemed to preclude the Court from modifying this Order, or any party from seeking a modification of it, for good cause at a later date.

| | |
|---|---|
| **CONSTANTINE & PARTNERS**<br><br>By: *[signature]*<br>Mitchell C. Shapiro (MS-1019)<br>Robert L. Begleiter (RB-7052)<br>Matthew L. Cantor (MC- 8183)<br>Lloyd Constantine (LC-8464)<br>Stacey Anne Mahoney (SM-5425)<br>Michelle Peters (MP-7804)<br>Amy Roth (AR-4534)<br>Gordon Schnell (GS-2567)<br>Jeffrey I. Shinder (JS-5719)<br>Michael Spyropoulos (MS-9873)<br>477 Madison Avenue, Eleventh Floor<br>New York, New York 10022<br>(212) 350-2700<br>Lead Counsel for Plaintiffs<br>Dated: June 5, 2003 | **HAGENS & BERMAN LLP**<br><br>By: *[signature]*<br>George W. Sampson (GS-8973)<br>1301 Fifth Avenue, Suite 2929<br>Seattle, Washington 98101<br>(206) 623-7292<br>Co-Lead Counsel for Plaintiffs<br>Dated: June 5, 2003 |
| **SIMPSON THACHER & BARTLETT**<br><br>By: *[signature]*<br>Kevin Arquit (KA-2131)<br>Aimee H. Goldstein (AG-7539)<br>Joseph Tringali  (JT-9575)<br>425 Lexington Avenue<br>New York, New York<br>Attorneys for Defendant MasterCard<br>International Incorporated<br>Dated: June 5, 2003 | **HELLER EHRMAN WHITE & McAULIFFE LLP**<br><br>By: *[signature]*<br>M. Laurence Popofsky (LP-8822)<br>Stephen V. Bomse (SB-6594)<br>Brian P. Brosnahan (BB-8908)<br>David M. Goldstein (DG-1841)<br>Lawrence J. Zweifach (LZ-8641)<br>333 Bush Street<br>San Francisco, CA 94104-2878<br>(415) 772-6000<br>Attorneys for Defendant Visa U.S.A. Inc.<br>Dated: June 5, 2003 |

Dated: June 13, 2003

**So Ordered:**

*[signature redacted]*

Hon. John Gleeson, United States District Judge