Jared
1/23/04

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------- x
IN RE VISA CHECK/MASTERMONEY          96-CV-5238 (JG)(JM)
ANTITRUST LITIGATION
---------------------------------- x

## ORDER AND FINAL JUDGMENT

On September 25, 2003, this Court held a hearing on (i) whether the terms and conditions of the Settlement Agreement entered into as of June 4, 2003 between Visa U.S.A. Inc. ("Visa") and Plaintiffs (the "Settling Parties"), (the "Settlement Agreement" or "Agreement"), are fair, reasonable and adequate for the settlement of all claims released by Plaintiffs against Visa in the above-captioned action (the "Action" or "Class Action"); (ii) whether judgment should be entered dismissing Visa from the Action with prejudice; (iii) whether to approve the Plan of Allocation of Settlement Funds as a fair and reasonable method to allocate the settlement proceeds among the members of the Class, and (iv) whether and in what amount to award Plaintiffs' attorneys' fees and reimbursement of costs and expenses.

The Court, having considered all matters submitted to it at the hearing and otherwise; and having certified, by order dated February 22, 2000, a Plaintiff Class (the "Class"), pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, of all persons and business entities who have accepted Visa and/or MasterCard credit cards and therefore have been required to accept Visa branded and/or MasterCard branded debit cards under the challenged tying arrangements at any time during the period of October 25, 1992 through the Class Period (ending on or around June 21, 2003); HEREBY FINDS, with all terms used herein having the meanings as set forth and defined in the Settlement Agreement, that:

    a. The Court has personal jurisdiction over the Settling Parties, and has subject matter

jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

    b. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure, including, but not limited to, the forms of notice and methods of identifying and notifying members of the Class, has been given in an adequate and sufficient manner, constituting the best notice practicable, satisfying and complying in all respects with such Rule, due process, and any other applicable law;

    c. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement;

    d. The Court has been advised of all objections to the Settlement and has given consideration thereto;

    e. Arm's length negotiations have taken place in good faith between counsel for Plaintiffs and Visa, resulting in the Settlement;

    f. The Plan of Allocation of Settlement Funds is a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and

    g. The Settlement, including the terms of the Settlement Agreement and the exhibits thereto, is in all respects fair, reasonable and adequate, and in the best interests of the Class.

ACCORDINGLY, the proposed Settlement is hereby fully and finally APPROVED pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. In accordance with the Settlement Agreement, the terms of which are hereby incorporated by reference, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Settling Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions, including, but not limited to, those items specifically identified below;

2. Visa is dismissed with prejudice from the Class Action;

3. Visa is directed to pay Plaintiffs, in settlement of the claims released by the Settlement Agreement, a total of two billion and twenty-five million dollars ($2,025,000,000), to be made by wire transfer into the Settlement Fund Account under the schedule set forth in paragraph 3 of the Settlement Agreement;

4. Visa is directed to adopt rules that will, effective January 1, 2004, unbundle, and Visa agrees not bundle in the future, merchant acceptance of Visa POS Debit Devices and merchant acceptance of any Other Visa Products as set forth in paragraph 4 of the Settlement Agreement;

5. Visa is directed to adopt rules, effective January 1, 2004, requiring issuers in the United States to clearly and conspicuously identify all Visa POS Debit Devices in the manner set forth in paragraph 5 of the Settlement Agreement;

6. Visa is directed to adopt rules, effective January 1, 2004, requiring that Visa POS Debit Devices be given unique electronic identities in the manner set forth in paragraph 7 of the Settlement Agreement;

7. By August 1, 2003, and continuing through December 31, 2003, Visa is directed to reduce by at least $0.14 for supermarket debit transactions at Class Members, and by at least

3

48 basis points, on an aggregate effective basis, for all other types and categories of Visa POS Debit Device transactions at Class Members, the published interchange rates in effect on April 30, 2003 for these transactions as set forth in paragraph 8 of the Settlement Agreement;

8. Visa is directed not to enact any rules that prohibit merchants from encouraging or steering Visa POS Debit Device cardholders to use other forms of payment as set forth in paragraph 9 of the Settlement Agreement;

9. Visa is prohibited until June 4, 2005 from entering into any agreements that prohibit financial institution members from issuing debit cards of competing networks, other than MasterCard as set forth in paragraph 10 of the Settlement Agreement;

10. Visa is directed to comply with all of its other obligations under the Settlement Agreement;

11. Plaintiffs are directed to comply with all of their obligations under the Settlement Agreement;

12. Visa and its past, present or future officers, directors, stockholders, member financial institutions, agents, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, divisions, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns (the "Released Parties") shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action against the Released Parties, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees,

4

known or unknown, suspected or unsuspected, in law or equity, that any Plaintiff or Class Members who have not timely excluded themselves from the Class Action (including any of their past, present or future officers, directors, stockholders, agents, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, divisions, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have, relating in any way to any conduct prior to January 1, 2004 concerning any claims alleged in the Class Action Complaint or any of the complaints consolidated therein, including, without limitation, claims which have been asserted or could have been asserted in this litigation which arise under or relate to any federal or state antitrust, unfair competition, unfair practices, or other law or regulation, or common law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C § 1 et seq. ("Released Claims"). Each Class Member hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any of the Released Parties based, in whole or in part, upon any of the Released Claims.

13. For a period of five years, the Clerk of the Court shall maintain the record of those members of the Class who have timely excluded themselves from the Class and shall provide a certified copy of such records to Visa, at its expense;

14. Nothing in this Order and Final Judgment, the Settlement, or the Settlement Agreement is or shall be deemed or construed to be an admission or evidence of any violation of

any statute or law or of any liability or wrongdoing by Visa or of the truth or validity or lack of truth or lack of validity of any of the claims or allegations alleged in the Class Action or actions consolidated therein.

15. Per my December 19, 2003 Memorandum and Order, Plaintiffs' Counsel are hereby awarded $220,290,160.44 in attorneys' fees, which the Court finds to be fair and reasonable, and $18,716,511.44 in reimbursement of costs and expenses, together with interest thereon from the date of entry of this Final Order and Judgment to the date of payment at the rate earned by the Settlement Fund during such period. In addition, pursuant to my January 15, 2004 Order, Plaintiffs' Counsel are awarded $6,034,645.23 in reimbursement to be paid to the Garden City Group, Inc., for dissemination and administration of the Class Notice of Pendency, together with interest thereon from the date of entry of this Final Order and Judgment to the date of payment at the rate earned by the Settlement Fund during such period. These amounts shall be paid out of the Settlement Fund Account in accordance with the terms of the Settlement Agreement. Constantine & Partners shall allocate and distribute the award of attorneys' fees in a fashion which, in its opinion, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action.

16. Without affecting the finality of this judgment, the Court retains jurisdiction of this Settlement and the Settlement Agreement, including the administration and consummation of the Settlement and in order to determine issues relating to any distribution to Class Members, and to attorneys' fees, costs, and expenses incurred subsequent to entry of this judgment, which

Plaintiffs' Counsel may seek to recover from the Settlement Fund. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction, and Visa and each member of the Class are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order and Final Judgment, the Settlement Agreement or the applicability of the Settlement Agreement and exhibits thereto. Without limiting the generality of the foregoing, any dispute concerning the provisions of paragraph 12, including but not limited to any suit, action or proceeding by a Plaintiff in which the provisions of paragraph 12 are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order and Final Judgment. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17.  In the event that the provisions of this Settlement Agreement are asserted by Visa as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any other suit, action or proceeding by a Plaintiff, Visa shall be entitled to a stay of that suit, action or proceeding until the United States District Court for the Eastern District of New York has entered an order or judgment determining any issues relating to the defense or objection based on such provisions. Solely for purposes of such suit, action or proceeding, to the fullest

extent they may effectively do so under applicable law, the Settling Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of such court, or that such court is, in any way, an improper venue or an inconvenient forum.

18. This Order and Final Judgment, considered together with the Order and Final Judgment entered simultaneously relating to Plaintiffs' claims against MasterCard International Incorporated ("MasterCard"), disposes of all the claims against both Defendants. Accordingly, the Court directs the Clerk to enter judgment forthwith in accordance with the terms of this Order and the parallel Order relating to MasterCard.

_____
Honorable John Gleeson
United States District Judge

Dated: January 23, 2004
       Brooklyn, New York