*Jane* 2/4/04

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
IN RE VISA CHECK/MASTERMONEY
ANTITRUST LITIGATION                                    ORDER
                                                        CV-96-5238 (JG)
-------------------------------------------------------X

JOHN GLEESON, United States District Judge:

By motion dated September 29, 2003, AT&T Wireless Services, Inc. (together with its subsidiaries, affiliates, and all other AT&T wireless entities) ("AT&T"), requests that I permit it to withdraw its request for exclusion from the class certified in the above-named action, thereby binding AT&T to the final judgment and allowing it to receive benefits from the settlements I approved on December 19, 2003.

AT&T was a member of the class that I certified on February 22, 2000. It received the notice of pendency on September 17, 2002. (R. Kaplan Aff. ¶ 2.) On November 14, 2002, by letter from a paralegal to the class notice administrator, AT&T requested exclusion from the class. (Id. at ¶ 3.) Shortly after its receipt of the notice of settlement for approximately $3.05 billion in damages and for injunctive relief as well, AT&T's Vice President and Chief Litigation Counsel withdrew AT&T's request for exclusion. (Id.)

AT&T now contends that it should be allowed to take part in the class settlement, because no party will suffer any prejudice. It argues that because the $3.05 billion settlement fund will be distributed among approximately five million class members, any diminution in the recovery of other class members will be *de minimis*. (Id. at ¶ 5.) AT&T also cites the elimination of future litigation, as well as its lack of interference with court proceedings, as

1

additional factors favoring their inclusion in the class.

"The determination of whether to allow the participation of late claimants in a class action settlement is essentially an equitable decision within the discretion of the court." In re Crazy Eddie Secs. Litig., 906 F. Supp. 840, 843 (E.D.N.Y. 1995). Thus, I "must make [my] determination after 'taking account of all relevant circumstances surrounding the party's omissions.'" Id. (quoting Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 394-95 (1993). Although there is no strict requirement that a late claimant must show "good cause" for the delay, id. at 844 (citing In re Gysum Antitrust Cases, 565 F.2d 1123, 1127 (9th Cir. 1997)), it remains one of the factors to be considered. The Supreme Court has provided a list of relevant circumstances in determining whether to permit a late claim. They are "the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" In re Crazy Eddie, 906 F. Supp. at 844 (quoting Pioneer, 507 U.S. at 395).

Here, AT&T has not stated why it opted out of the class initially. Also, if I were to allow AT&T to opt in now, then the 6,000 or so other class members who had opted out may now attempt to opt back in. Even assuming AT&T's impact on the settlement distributions to class members is *de minimis* (AT&T has failed to provide an estimate as to what its proportional share of the settlement funds would be), the impact of expanding the class by allowing the other opt-outs to opt back in would not necessarily be *de minimis*. Last, if I permitted AT&T to rejoin the class at this point, it would be unfair to the five million class members who took the risk of the litigation by remaining members of the class.

Accordingly, AT&T's application is denied.

So Ordered.

_____
JOHN GLEESON, U.S.D.J.

Dated: February 3, 2004
      Brooklyn, New York