UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | |
| VISA CHECK/MASTERMONEY ) | MASTER FILE NO. |
| ANTITRUST LITIGATION ) | CV-96-5238 |
| ) | |
| This Document Relates To: ) | |
| ) | (Gleeson, J.) (Mann, M.J.) |
| ALL ACTIONS ) | |

### OBJECTORS ROUND HOUSE, INC., D/B/A SMUGGLER'S COVE, RON FRED, INC., D/B/A BAILEY'S, RON JEN, INC., D/B/A THE BOATHOUSE, AND KICKERS' CORNER OF THE AMERICA'S, INC.'S MOTION TO INTERVENE

NOW COME Objectors Round House, Inc., d/b/a Smuggler's Cove, Ron Fred, Inc., d/b/a Bailey's, Ron Jen, Inc., d/b/a The Boathouse, and Kickers Corner of the Americas, Inc. ("Objector-Intervenors"), by and through their undersigned counsel, and, pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, hereby move to intervene in the present action for the limited purpose of defending the appeal of Lead Counsel, and in support thereof, state:

After the fairness hearing, this Court issued its Memorandum and Order approving the proposed settlement and awarding class counsel attorneys' fees out of the common fund in the amount of $220,290,160.44. On February 27, 2004, Lead Counsel filed a Notice of Appeal/Cross-Appeal, indicating that Lead Counsel was appealing "those portions of the Memorandum and Order and Final Judgments pertaining to the award of attorneys' fees." At least six other appeals have been filed by objectors. The Objector-Intervenors have not appealed.

When attorneys' fees are paid from a common fund created for the benefit of the class, any payment to class counsel necessarily reduces the fund. When a class action settlement is reached, the role of class counsel changes from one of a fiduciary for the clients to that of a claimant against the fund. Cook v. Niedert, 143 F.3d 1004, 1011 (7TH

Cir. 1998). Because the amount a defendant pays will not be affected by the allocation of the fund between the class and their attorneys, defendants have no incentive to defend the fund from the fee requests of class counsel. In such cases, objectors and the court must step in to ensure that the class pays no more than what is reasonable. Cook, 143 F.3d at 1012; See, also, Crawford v. Equifax Payment Services, Inc., 201 F.3d 877, 882 (7th Cir. 2000). Lead Counsel has now stepped into a role openly adversary to the class, asking the Second Circuit to increase its attorney's fees to more than the $220 million already awarded.[1] Because the matter is now before the Court of Appeals, the Objector-Intervenors seek to intervene in order to defend this Court's Order regarding attorneys' fees on appeal.

Rule 24(a) of the Federal Rules of Civil Procedure provides in relevant part that anyone shall be permitted to intervene when the applicant claims an interest in the litigation and "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Clearly, Objector-Intervenors' interests are not adequately protected by the existing parties.[2] It is not clear whether Wal-Mart has authorized Lead Counsel to file their appeal, but, even if it has not, Wal-Mart has done nothing to oppose the appeal either. Lead Counsel is acting in direct conflict with the interests of the class. As such, Objector-

---

[1] In order to prevail at trial, class counsel must show that this Court's well-reasoned and detailed opinion was "an abuse of discretion, such as a mistake of law or a clearly erroneous factual finding." Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 47. Clearly, class counsel has a formidable, if not impossible task, especially in light of the fact that the Court awarded them 6.9% of the fund, which represents a multiplier of 3.5 times class counsel's lodestar.

[2] Class counsel has now moved for consolidation of all pending appeals. However, since the appealing objectors will be focusing on their specific issues on appeal, they are likely to devote fewer resources to defending class counsel's appeal. In addition, their various stances on the settlement may be such that they cannot properly represent the interests of the class in class counsel's appeal. Finally, it appears that the present intervenors are four of the five objectors to focus solely on the substantive merits of class counsel's request for fees. For these reasons, the current appellant/objectors cannot properly defend the interests of the intervenors or the remainder of the class.

Intervenors seek to intervene as of right in order to protect their own interests as well as those of the class from the predatory tactics of Lead Counsel.[3]

For the same reason, permissive intervention pursuant to Rule 24 (b) of the Federal Rules of Civil Procedure is appropriate. Rule 24(b) provides that anyone may be permitted to intervene "when the applicant's claim or defense and the main action have a common question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Here, the only delay has been caused by Lead Counsel's appeal itself. Permitting the Objector-Intervenors to intervene in order to defend the appeal will in no way add to the delay already caused. Since no other party is in a position to defend Lead Counsel's appeal, the Court should grant intervention to the Objector-Intervenors so that they can represent the interests of the Class on appeal.

For the foregoing reasons, Objector-Intervenors pray that this Court permit them to intervene for the limited purpose of defending Lead Counsel's appeal challenging the Court's award of attorneys' fees and expenses.

Dated:  April 2, 2004

                                                _____
J. Scott Kessinger
7304 Michigan Avenue
St. Louis, MO  63111
(314) 369-5115
FAX: (314) 754-8370
**Counsel for Kickers Corner of the Americas, Inc.**

---

[3] In <u>Devlin v. Scardaletti</u>, 536 U.S. 1, 153 L.Ed.2d 27, 122 S. Ct. 2005 (2002), the Supreme Court held that objectors had standing "to bring an appeal without first intervening." However, the converse situation has arisen here: the movants' objections were successful and class counsel has chosen to appeal. As such, the undersigned believe it prudent to file a Motion to Intervene so that the Court may rule that intervention is either appropriate or unnecessary to defend the appeal of Lead Counsel.

            John J. Pentz
            Class Action Fairness Group
            736 Boston Post Road/3
            Sudbury, MA 01776
            (978) 440-9828
            **Counsel for Round House, Inc.,**
            **Ron Fred, Inc., and Ron Jen, Inc.**


            J. Scott Kessinger
            7304 Michigan Avenue
            St. Louis, MO 63111
            **Counsel for Kickers Corner of the**
            **Americas, Inc.**


## CERTIFICATE OF SERVICE

  I, John J. Pentz, hereby certify that I caused the foregoing document to be served on counsel listed in the class notice by depositing one copy of the same in the United States mail in Sudbury, Massachusetts, with first class postage affixed, this _____ day of March, 2004 addressed to the counsel listed below:

Lloyd Constantine
Constantine & Partners, PC
477 Madison Avenue
New York, NY 10022

Kevin J. Arquit
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017

M. Laurence Popofsky
Heller Ehrman White & McAuliffe, LLP
333 Bush Street
San Francisco, CA 94104

Kenneth A. Gallo
Paul Weiss Rifkind
1615 L Street NW
Washington, DC 20036-5694

Lawrence W. Schonbrun
86 Eucalyptus Road
Berkeley, CA  94705

John W. Davis
225 Bush Street, 16th floor
San Francisco, CA  94104

Richard J. Archer
3110 Bohemian Highway
Occidental, CA  95465

Stanley M. Grossman
Pomerantz Haudek Black Grossman & Gross LLP
100 Park Avenue, 26th floor
New York, NY   10017-5516

Fred T. Isquith
Wolf Hadenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY   10016

John W. Rasmussen
Johnson Rasmussen Robinson & Allen PLC
48 North MacDonald Street
Mesa, AZ  85201

Edward W. Cochran
2872 Broxton Road
Shaker Heights, OH  85201

R. Stephen Griffis
2142 Highland Avenue South
Birmingham, AL  35205

_____