UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE VISA CHECK/MASTERMONEY
ANTITRUST LITIGATION                                               ORDER
-------------------------------------------------------X                                     CV-96-5238 (JG)

JOHN GLEESON, United States District Judge:

        By letter dated June 23, 2005, Lead Counsel for the plaintiff class, Constantine Cannon, requests leave to amend the Plan of Allocation. The proposed amendments include a request to change the requirement that class members not identified in the Visa Transactional Database ("database") be sent claim forms within 30 days of Final Approval of the settlement, which Lead Counsel calculates to be July 1, 2005. (*See* Letter from Jeffrey I. Shinder dated June 28, 2005.) Lead Counsel proposes streamlining this process so that it is obligated to send claim forms to all class members, those identified in the database as well as those who are not identified, within 120 days of Final Approval. Lead Counsel's request to enlarge the time to send claim forms to class members who are not identified in the database from within 30 days to within 120 days of Final Approval is hereby granted.

        Lead Counsel also requests leave to amend the Plan in numerous other ways. The requested amendments raise some questions, as set forth below:

1. Lead Counsel proposes to use estimates to calculate on-line debit transactions, instead of requiring class members to produce records of those transactions as required by the original Plan. (*See* Letter from Jeffrey I. Shinder dated June 23, 2005 ("Plan of All'n Ltr."), at 3; Suppl. Decl. Franklin M. Fisher at ¶¶ 26-34.) Do class members who possess records of their on-line debit transactions or purchase volumes have the opportunity to be heard regarding their estimated share? This issue might be of particular concern to class members whose records show that they are entitled to a greater share than Lead Counsel's method allocates to them.

2. Lead counsel proposes to distribute the funds on a rolling basis, with class members receiving their funds shortly after their claim forms are approved by the

>Claims Administrator. They also propose that the Administrator report the approved claims to the Court only upon request. Under the original plan, the Claims Administrator determines the damages for every claimant and subsequently calculates each claimant's pro rata share of the settlement funds. (Plan of Allocation ¶ 9.1.) The Administrator then reports those determinations to the Court before distributing the funds. (*Id*. at ¶ 10.1.) Under the proposed amended Plan, will the Claims Administrator pay 100 percent of the amount of the approved claim? If yes, what if the settlement funds are insufficient to pay out every approved claim? If not, how does Lead Counsel propose to calculate pro rata shares of the settlement before all of the claims are approved?

The proposed amendments, excluding the amendment I have approved above, may benefit from further review. Accordingly, I hereby direct Lead Counsel to answer the questions set forth above by July 8, 2005. In that submission, Lead Counsel should also comment on my intention to enlarge the order dated February 17, 2004, to authorize the referral to Special Master Robin Wilcox of "any disputes or matters arising out of or relating to the Plan of Allocation of, or any proposal to securitize, the settlement funds that VISA and MasterCard are required to pay under the Agreements."

So Ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
       June 30, 2005