UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

| | |
|---|---|
| IN RE VISA CHECK/MASTERMONEY<br>ANTITRUST LITIGATION | AMENDED ORDER<br>OF REFERRAL TO<br>SPECIAL MASTER WILCOX<br>96 CV 5238 (JG) |

-------------------------------------------------------X

JOHN GLEESON, United States District Judge:

      The Settlement Agreements (the "Agreements") between plaintiffs and Visa U.S.A., Inc. ("Visa"), and MasterCard International, Inc. ("MasterCard") vest this Court with continuing exclusive jurisdiction to adjudicate "any suit, action, proceeding, or dispute arising out of or relating" to the Agreements. MasterCard Settlement ¶ 41(a); Visa Settlement ¶ 39(a). Since this continuing exclusive jurisdiction constitutes an "exceptional condition" for purposes of Fed. R. Civ. P. 53(a)(1)(B)(i), the Court hereby appoints Robin Wilcox as a Special Master. This appointment is subject to the following terms and conditions:

      (a) The Court may, at its discretion, refer any disputes that arise out of or relate to the Agreements to the Special Master. Upon such referral, the Special Master shall have the authority specified in Fed. R. Civ. P. 53(c);

      (b) The Special Master's duties will include any disputes or matters arising out of or relating to the Plan of Allocation of, or any proposal to securitize, the settlement funds that Visa and MasterCard are required to pay under the Agreements, including any disputes or matters arising out of challenges to Class Members' estimated cash payments, pursuant to Section 7 of the Plan of Allocation. This provision does not preclude Lead Counsel for the plaintiffs (Constantine Cannon) from requesting direct review by the Court in circumstances where initial review by the Special Master will delay the resolution of those disputes or matters to the

detriment of the Class;

      (c)  Upon a dispute being referred to the Special Master, the party opposing the application shall have ten business days from the referral date to file a courtesy copy of its opposition papers with the Special Master.  The original and one other courtesy copy of all filings shall be filed with the Court.  The party making the application shall thereafter have five business days to file reply papers with the Special Master.  Reasonable adjustments to the briefing schedule for a dispute may be made by the Special Master.

      (d)  Unless otherwise directed by the Court, the Special Master's report and recommendation shall be filed with the Court and served on the parties by facsimile or overnight delivery no later than 30 days after the reply papers have been received by the Special Master.  Upon application to the Court by the Special Master, that period may be enlarged by the Court.

      (e)  The Court and the Special Master may have ex parte contacts;

      (f)  Ex parte contacts between the Special Master and the parties shall occur only upon the consent of all parties to the referred dispute;

      (g)  The Court shall review the Special Master's reports and recommendations de novo, and such review shall be upon the record before Special Master.  The parties shall have ten business days, following service, to file objections to the Special Master's report and recommendation with the Court.  Responses to objections may not be filed unless they are invited by the Court;

      (h)  The Special Master shall be paid at the rate of $250 per hour, plus disbursements.  Constantine Cannon shall receive the Special Master's invoices for services and remit payment for fees and disbursements directly to the Special Master.  If the dispute involves

plaintiffs and both Visa and MasterCard, each party shall pay one-third of the payment to the Special Master.  If the dispute involves only one defendant, such payment shall be divided equally between plaintiffs and such defendant.  Any questions or disputes concerning the source of the funds used to pay the Special Master will be resolved by the Court.

So Ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
      August 2, 2005