UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

IN RE VISA CHECK/MASTERMONEY
ANTITRUST LITIGATION

ORDER
CV-96-5238 (JG)

-------------------------------------------------------X

JOHN GLEESON, United States District Judge:

By order dated February 11, 2005, I adopted in large part Special Master Robin Wilcox's report and recommendation dated December 12, 2004. In that order, I granted in part the request of absent class members Armenta's Mexican Food, Inc. and Lupita Llamas Martinez, d/b/a/ Del Yaqui Restaurant (collectively, "Applicants") "for an order instructing the parties to include a Spanish Language banner on the claims forms to be mailed to class members and a Spanish language version of the notice that will accompany the claims form after Final Settlement Approval, together with . . . additional relief." (App'n for Spanish Language in Claims Process dated October 21, 2004, at 2.)

On February 25, 2005, Applicants requested an award for attorneys' fees and expenses in connection with (1) their objections to the proposed Settlement Agreements before they were approved by me on December 19, 2003, *In re Visa Check/Mastermoney Antitrust Litigation*, 297 F. Supp. 2d 503, 507 (E.D.N.Y. 2003), *affirmed by Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005); and (2) their October 21, 2004 request related to Spanish-language access ("Armenta Fee Petition") that I granted in the February 11, 2005 order. I referred the fee request to Special Master Robin Wilcox by order dated March 8, 2005. Lead Counsel timely filed their response on March 22, 2005. Due to related matters pending in the

Second Circuit, by orders dated April 15, 2005 and May 6, 2005, I granted Lead Counsel's request for a stay of consideration of the Armenta Fee Petition until those matters were resolved. I also granted Lead Counsel leave to file a sur-reply. On June 3, 2005, the Applicants filed their reply and on June 14, 2005, Lead Counsel filed a sur-reply. The Applicants responded to the sur-reply by letter dated June 20, 2005.

Special Master Wilcox filed a report on July 20, 2005, recommending that:

1. I deny the Applicants' petition for fees as untimely pursuant to Fed. R. Civ. Proc. 54(d)(2)(B) to the extent it seeks reimbursement for fees and expenses in connection with Applicants' opposition to the Settlement Agreements.

2. I grant the Applicants' petition for fees to the extent it seeks reimbursement for fees and expenses in connection with ensuring that Spanish-language access be added to the claims process.

3. I defer on ruling on the amount of fees until Applicants clarify which parts of their time and expense records are related to the claims process as opposed to the Settlement Agreements.

(*See* Report and Rec. ("R&R") dated July 20, 2005.) The Special Master declined to consider the issue of whether the Class should reimburse Applicants for fees paid to the Special Master in connection with her report and recommendation dated December 12, 2004. She found that under paragraph (h) of the February 17, 2004 referral order, which provides that "[a]ny questions or disputes concerning the source of the funds used to pay the Special Master will be resolved by this Court," she does not have jurisdiction to decide this issue.

By letter dated July 28, 2005, Lead Counsel responded to the Report and Recommendation. They requested the right to object to any submission made by Applicants detailing the amount of fees and expenses related to the claims process. They did not object to

2

the recommendation that the request for fees related to the Settlements be denied or to the recommendation that the Court decide whether the Class should reimburse Applicants for the Special Master's fee.  As they have not explicitly addressed the issue, I assume Lead Counsel does not object to the recommendation that Applicants be granted fees and expenses for work related to Spanish-language access in the claims process.  The Applicants submitted a response on August 5, 2005, stating that they did not object to the R&R.  They also submitted a supplemental declaration with fees and expenses related to Spanish language access in the claims process.

I hereby adopt Special Master Wilcox's thorough report and recommendation. Fees related to the objections to the Settlement Agreements are untimely under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure and Applicants have failed to show the "excusable neglect" required by law in order to receive fees after the statutory time period -- 14 days -- has lapsed.  (*See* R&R at 17 (citing *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 223 (2d Cir. 2004.)))  Fees and expenses related to Spanish-language access are warranted for the reasons stated by Special Master Wilcox.  While there is some indication that Lead Counsel might have provided Spanish-language access similar to that required by my February 11, 2005 order, Lead Counsel had not committed to those provisions at the time the Applicants' request was filed. (*See* R&R at 21-22).  I also agree with the Special Master that Applicants' statements to the Court regarding Lead Counsel's intentions to provide Spanish-language access prior to the filing of the Applicants' October 21, 2004 request were not material misstatements.

With respect to the amount of fees due Applicants, the Applicants have submitted the Special Master a fee request with the amount of fees and expenses that were related to the

claims process (as opposed to the Settlement Agreements) to the Special Master. Lead Counsel has submitted objections. The Special Master shall issue a report recommending the amount of fees and expenses due to Applicants within thirty days of the date on which Lead Counsel's objections are due, unless the time for doing so is extended on her request. Finally, the portion of the Special Master's fee that was paid by Applicants ($2,405.98) shall not be reimbursed by the Class.

So Ordered.

JOHN GLEESON, U.S.D.J.

Dated: August 29, 2005
      Brooklyn, New York