CONSTANTINE | CANNON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON

November 17, 2005

BY FACSIMILE & ECF

The Honorable John Gleeson
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Visa Check/MasterMoney Antitrust Litigation (CV-96-5238)(JG)(RLM)*

Dear Judge Gleeson:

    We write to obtain direction from the Court regarding the appropriate procedures for handling challenges or disputes between Class Members.

    At this relatively early juncture in the distribution process, we are starting to encounter several distinct types of challenges or disputes between Class Members that may require different procedures. First, there are instances in which Class Members believe that the purchase volumes derived or estimated from the Visa Transactional Database are lower than the purchase volumes the Class Member actually received. These situations clearly fall within the category of challenges that the Plan of Allocation (the "Plan") was designed to accommodate. Under Section 7 of the Plan, the Claims Administrator and Lead Counsel shall determine such challenges, and Class Members can elect to appeal those determinations to the Court.

    However, we are also encountering other types of disputes that may necessitate different procedures. For example, we have encountered several instances in which Class Members that bought or sold stores, divisions, or whole businesses are contesting the allocation associated with those stores, divisions, or businesses for a portion of the Class Period. In those instances, both the purchaser and the seller are claiming the money in question. (The most recent example involves a named class representative represented by this firm. To avoid any appearance of impropriety, we respectfully suggest that, irrespective of the procedures the Court ultimately adopts for these types of disputes, this particular dispute should be resolved by the Court (or the Special Master) in the first instance.) Based on the examples that have surfaced to date, such disputes typically will require a legal determination based on the relevant contract of sale.

    Other types of disputes have arisen in the petroleum industry where certain oil companies are claiming entitlement to the allocation for each of the independent franchisees that license and

54722.1

450 LEXINGTON AVENUE, NEW YORK, NY 10017   TELEPHONE: (212) 350-2700   FACSIMILE: (212) 350-2701   WWW.CONSTANTINECANNON.COM
A PROFESSIONAL CORPORATION

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Hon. John Gleeson
November 17, 2005
Page 2

operate under their brands, whereas the franchisees are coming forward to claim the money for their stores. These emerging disputes likely will require a detailed inquiry into and determination based upon the processing and franchise relationships that vary across the petroleum industry. Given the size and complexity of the Class, we anticipate other examples of industry-specific disputes that will require specialized determinations.

Lead Counsel and the Claims Administrator can attempt to resolve these disputes in the first instance. However, because the Plan does not directly address these types of disputes between Class Members, we would appreciate the Court's guidance before proceeding in this manner. Given that these disputes may require determinations of fact and law, an alternative way to proceed would be to have these disputes referred directly to the Court (or Special Master). Under that approach, when such disputes materialize, Lead Counsel or the Claims Administrator shall inform the Class Members in question to make their submissions directly to the Court (or the Special Master) in whatever form the Court desires. As we intend to do with all disputes, the contested funds would be held by the Claims Administrator pending the Court's ruling. Should the Court desire Lead Counsel's assistance, we could submit our views for the Court's review once the Class Members have made their submissions.

Alternatively, Lead Counsel and the Claims Administrator could treat these disputes as challenges under Section 7 of the Plan, which we shall determine in the first instance. Such decisions would be in writing to provide the Court (or the Special Master) and the affected Class Members with a record setting forth the rationale for the decision. In accordance with the Plan, Class Members could appeal such determinations to the Court.

In our view, either approach would provide Class Members with an adequate opportunity to petition the Court to resolve their disputes. Please let us know which approach would best assist the Court (or the Special Master) in managing and determining these disputes as they inevitably arise, and in what form these submissions should take.

Should the Court elect that Lead Counsel treat these disputes between Class Members as challenges under Section 7 of the Plan, our suggested approach is that Class Members be required to set forth their dispute in writing directly to Lead Counsel (rather than to the Claims Administrator as the Plan sets forth in the case of challenges regarding a Class Member's Estimated Cash Payment), who will prepare a letter of determination. Class Members can then elect to appeal to the Court by letter, with service on the opposing Class Member, Lead Counsel and the Claims Administrator. Alternatively, should the Court order that these disputes be submitted directly to the Court (or the Special Master), we suggest that Class Members be required to do so by letter, with service on the opposing Class Member, Lead Counsel and the Claims Administrator, and that the Court require that Lead Counsel prepare an advisory determination (within a reasonable timeframe) for the Court's review either (1) in all instances, or (2) only upon the Court's request.

54722.1

CONSTANTINE | CANNON

Hon. John Gleeson
November 17, 2005
Page 3

NEW YORK | WASHINGTON

If the Court desires that Lead Counsel appear by teleconference or in person to discuss these issues, we will make ourselves available at the Court's earliest convenience. As always, we appreciate the Court's supervision of this process.

                         Respectfully submitted,

                         Jeffrey I. Shinder

cc:    Special Master Robin Wilcox (by fax)

54722.1