```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE VISA CHECK/MASTERMONEY
ANTITRUST LITIGATION                                                ORDER
---------------------------------------------------------X          CV-96-5238 (JG)
```

JOHN GLEESON, United States District Judge:

      In a letter dated November 17, 2005, Lead Counsel Constantine Cannon requested guidance from the Court on how to proceed with claims that do not fit within the category of challenges contemplated by the Settlement Agreement and Plan of Allocation ("Plan").[1] The Plan governs the distribution of settlement funds in this case, and it sets forth a mechanism for the resolution of disputes by class members about the calculations of their claims by the Claims Administrator.[2]

      According to Lead Counsel, two types of challenges have arisen that do not fit within the Plan's dispute-resolution mechanism: (1) situations in which Class Members have sold or purchased stores, divisions, or business and are contesting the allocation of Class funds between the purchaser and seller; and (2) disputes between franchisors and franchisees regarding the allocation of Class funds between them.

      My intent is to have Special Master Robin Wilcox resolve such disputes, as well as other disputes that may arise outside the rubric of the Plan's dispute-settlement mechanism, in

---

[1] As indicated in Lead Counsel's letter, instances in which Class Members assert that the purchase volumes estimated based on the Visa Transactional Database are lower than the purchase volumes actually received "clearly fall within the category of challenges that the Plan of Allocation ... was designed to accommodate." (Nov. 17, 2005 letter from Lead Counsel). Disputes of this nature are properly directed to the Claims Administrator under the Plan of Allocation § 7.

[2] Class members who disagree with the Claims Administrator's calculations must dispute the accuracy of the calculation in writing. They must also state affirmatively, and provide supporting documentation for, what they believe their claims should be. (*Id*. at § 7.1). When such a challenge is made, the Claims Administrator will review the challenge and issue a determination letter. (*Id*. at § 7.2). This letter will include, in addition to the Claims Administrator's findings, a notice of the right to appeal the determination, first by petitioning lead counsel and then by petitioning the Court. (*Id*. at § 7.2-7.4).

the first instance.  Thereafter, to the extent that disputes of the same nature arise again, Special Master Wilcox's decisions will be applied as precedent by Lead Counsel and the Claims Administrator.  This approach will be refined as made necessary by the number and type of disputes that arise as the claims process continues.  Lead Counsel's input as to the necessity and appropriateness of any such refinements will be welcome.

        Lead Counsel is directed to select one or more disputes that are representative of the two categories of disputes described in the second paragraph of this Order and present them to Special Master Wilcox on or before January 6, 2006 for a report and recommendation.

So Ordered.

JOHN GLEESON, U.S.D.J.

Dated: December 20, 2005
       Brooklyn, New York