# CONSTANTINE CANNON

Amy N. Roth
Attorney at Law
202-204-3505
aroth@constantinecannon.com

NEW YORK | WASHINGTON

May 5, 2006

**BY ECF**

Magistrate Judge James Orenstein
United States District Court Judge
For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  *Discover Financial Services, Inc. v. Visa U.S.A., Inc. Visa International Service Association, MasterCard Incorporated and MasterCard International Incorporated* (04-CV-7844) (BSJ/KF)

Dear Judge Orenstein:

We are Lead Counsel in the *In re Visa Check/MasterMoney Antitrust Litigation* ("*In Re Visa Check*"). We also represent plaintiff Discover Financial Services LLC ("Discover") in the above-referenced action. Attached is the proposed *In re Visa Check* Amended Stipulation & Order for the Protection and Exchange of Confidential Information that would permit the production of non-party *In re Visa Check* materials in *Discover Financial Services, Inc. v. Visa U.S.A., Inc. et al.*, Case No. 04-CV-7844 (BSJ/KNF), *American Express Travel Related Services Company, Inc. v. Visa U.S.A., Inc. et al.*, Case No. 04-CV-8967 (BSJ/KNF), *In re Payment Card Interchange Fee and Merchant Discount Litigation*, MDL 05-1720 (JG)(JO) and other related actions. Paragraphs 19 and 20 reflect the procedures for such production.

Respectfully submitted,

Amy N. Roth

cc:   David Brownstein, Esq.
Joseph Tringali, Esq.
Julie Rottenberg, Esq.

76179.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------- x
                                                      :
IN RE                                                 :
VISA CHECK/MASTERMONEY                                :
ANTITRUST LITIGATION                                  :
                                                      :          MASTER FILE NO.
                                                      :
                                                      :          CV-96-5238
-------------------------------------------------:               (Gleeson, J.)
                                                      :          (Orenstein, M.J.)
This Document Relates To:                             :
All Actions                                           :
                                                      :
------------------------------------------------------------------- x
```

## AMENDED STIPULATION & ORDER FOR THE PROTECTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

The parties to the *In Re Visa Check/MasterMoney Antitrust Litigation*, CV-96-5238

(E.D.N.Y.) (Gleeson, J.) (Mann, M.J.) ("*In Re Visa Check*") action stipulate that the following

Amended Protective Order shall supersede the Stipulation & Order for the Protection and

Exchange of Confidential Information, entered on June 23, 1998.

For the purpose of facilitating the exchange of information among the parties and

non-parties to this litigation, and avoiding injury to any party or non-party through the disclosure

of such party's or non-party's confidential information concerning itself and its customers,

vendors or competitors, and good cause having been shown therefore pursuant to Rule 26, Fed.

R. Civ. P., consistent with the Court's April 29, 1998 order resolving the parties' dispute over

certain procedures to be incorporated herein, the parties hereby stipulate, and the Court hereby

orders:

1.      All information including, without limitation, documents, writings, video or audio

tapes, computer-generated or recorded information in any form, materials, oral or written

testimony, declarations, affidavits, depositions or statements, whether or not transcribed or

1

76160.1

recorded, disclosed or obtained by or from any person, whether or not a party, in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure, or produced voluntarily in lieu of such discovery (hereinafter "Information) shall be used only for the purpose of this litigation and not for any other purpose.

2.      Any party or non-party ("Designating Party") may designate any Information it or any other party or non-party produces (or previously has produced) in the course of the litigation as "CONFIDENTIAL," pursuant to the terms of this Order ("Confidential Information"). To increase the speed of discovery, all Information produced by each party or non-party in the course of the litigation -- including deposition testimony and responses to interrogatories or requests for admission -- shall presumptively be considered and treated as Confidential Information under the terms of this Order ("Confidential Information").

a.      Confidential Information is Information that the Designating Party in good faith deems to be a trade secret or other confidential research, development or commercial information, the dissemination of which is generally protected by the Designating Party in the normal course of its business.

b.      Confidential Information shall include any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain Confidential Information in tangible form. Any such materials shall be clearly designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Order.

c.      Documents containing Confidential Information shall be so designated by marking the respective pages of the document, and where appropriate, the entire document, with the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER."

d.      No Confidential Information shall be disclosed to anyone other than outside counsel of record for the parties (including the permanent or temporary legal, paralegal, clerical, and secretarial staff employed by outside counsel), except that Confidential Information may also be disclosed to the following "Authorized Persons":

76160.1

(1)    the designated officers, directors, or employees of a party deemed necessary by outside counsel to aid in the prosecution, defense, settlement or other disposition of this action, as designated by each party pursuant to Section 4, below ("Designated Employees");

(2)    non-party experts or consultants (together with their associates, consultants and clerical and secretarial staff) retained to assist in the prosecution, defense, settlement or other disposition of this action;

(3)    court reporter(s) employed in this action;

(4)    court personnel (subject to the provisions of Sections 6, 7 and 8 below);

(5)    a witness at any deposition or other proceeding in this action, and counsel for that witness (subject to the provisions of Section 6 below);

(6)    independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and

(7)    any other person as to whom the Designating Party has consented to disclosure in advance and in writing, on notice to each party hereto.

e.    Prior to receiving any Confidential Information, each Authorized Person (other than court personnel or outside counsel for a party) shall be provided with a copy of this Order and shall execute a confidentiality agreement in the form of Attachment A.

3.    Any party or non-party ("Designating Party") may designate any Information it or any other party or non-party produces (or previously has produced) in the course of the litigation as "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY," pursuant to the terms of this Order ("Outside Counsel Eyes Only Information").

a.    Outside Counsel Eyes Only Information is nonpublic, highly sensitive information or testimony relating to (i) individuals' family financial, medical or personal

3

76160.1

records; (ii) business plans relating in whole or in part to any time period subsequent to the date of production; (iii) lists of prospective customers; (iv) market analyses relating in whole or in part to any time period subsequent to the date of production; or (v) trade secrets or other commercially sensitive, proprietary information.

        b.    Outside Counsel Eyes Only Information shall include any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain Outside Counsel Eyes Only Information in tangible form.  Any such materials shall be clearly designated as containing Outside Counsel Eyes Only Information and shall be subject to all other applicable protections and provisions of this Order.

        c.    Documents containing Outside Counsel Eyes Only Information shall be so designated by marking the respective pages of the document, and where appropriate, the entire document, with the legend "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY, SUBJECT TO PROTECTIVE ORDER."

        d.    No Outside Counsel Eyes Only Information shall be disclosed to anyone other than (i) the outside counsel of record for the parties (including the permanent or temporary paralegal, clerical and secretarial staff employed by outside counsel), (ii) individuals who fall within the categories of Authorized Persons defined in Sub-Sections 2(d)(2), (3), (4), (6), and (7), above, or (iii) a non-expert witness at a deposition or other proceeding who either (a) had access to that particular Outside Counsel Eyes Only Information in the normal course of business (*e.g.*, an author, recipient or copyee of a document), or (b) is a current or former employee, officer or director of the Designating Party.

        e.    Prior to receiving any Outside Counsel Eyes Only Information, each person so authorized (other than court personnel or outside counsel for a party) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A.

        f.    If disclosure of Outside Counsel Eyes Only Information is made pursuant to this paragraph, all other applicable provisions of this Order, including without limitation those

with respect to the treatment of Confidential Information that do not otherwise conflict with the specific provisions applicable to Outside Counsel Eyes Only Information, also shall apply.

4.     Certain Designated Employees shall have access to the other side's Confidential Information (but not Outside Counsel Eyes Only Information).  Within five days after the execution of this Order, each side will exchange their lists of Designated Employees.  Plaintiffs shall designate a maximum of 28 Designated Employees (including in-house counsel and a maximum of 16 non-lawyers) and defendants shall designate a maximum of 14 Designated Employees (up to seven Designated Employees each, including in-house counsel and a maximum of three non-lawyers each).  If, at any time, a Designated Employee leaves the employ of a party, that party may designate a substitute Designated Employee.  No party shall have the right to challenge another party's inclusion of any particular officer, director or employee as a Designated Employee.

5.     At any time, a party may challenge another party's or non-party's designation of Information as either Confidential or Outside Counsel Eyes Only (including the presumptive classification of any particular Information as Confidential Information).  Such a challenge shall be made by notifying all parties (*and* if the Information was designated by a non-party, that non-party as well) of the desired de-designation (or re-designation to another level of confidentiality) by specifying the Information (or class or category of Information) that the challenging party contends was improperly designated, and the proper level of confidentiality that the challenging party contends should apply to the specified Information.  The Designating Party (or any other party, for that matter), shall then have ten days to reject the desired de-designation (or re-designation) by so informing the challenging party, in writing, on notice to all parties.  (The ten day period in which to make such an application is subject to enlargement or extension by either consent of the challenging party or the Court.)  Absent such a timely rejection of the desired de-designation (or re-designation), the Information shall be deemed to be de-designated (or re-designated) in accordance with the challenging party's notice of de-designation (or re-designation).  In the event that the Designating Party (or another party) rejects the desired de-designation (or re-designation), the challenging party may then make an

5

application to the Court -- on notice to all parties -- seeking to have the Information de-designated (or re-designated). Prior to making such an application, the challenging party shall contact the Designating Party (and any other party that rejected the desired de-designation (or re-designation)), and the parties shall confer in good faith in an effort to resolve the dispute without the Court's intervention. The Designating Party shall bear the burden of justifying its designation. The parties shall respect the original confidentiality designation during the pendency of any challenge or application for de-designation (or re-designation).

6.      With respect to protecting the confidentiality of Information at depositions (and pre-trial court hearings or proceedings), the parties shall proceed as follows:

a.      Any party may use Confidential Information or Outside Counsel Eyes Only Information at a deposition; however, only persons authorized to receive such Information may attend the portions of the deposition pertaining to such Information.

b.      Any party or non-party may designate testimony at a deposition as Confidential or Outside Counsel Eyes Only during the course of any deposition. Such designation may be made in response to a question, prior to any responsive testimony being given, or thereafter. If such designation is made during the deposition, any person not authorized to receive that category of Information shall be excluded from the deposition until testimony regarding those matters has been concluded. In addition to the foregoing, any party (or the non-party witness) shall have 15 days following receipt of a deposition transcript to designate, in writing, the transcript or any portion thereof, as Outside Counsel Eyes Only. The entire transcript, including exhibits, shall be treated as Outside Counsel Eyes Only until expiration of this 15-day period (subject, of course, to the deponent's right to have access to the complete transcript in order to assist in the correction of any errata or the confidentiality designation of the testimony). For convenience of all parties, witnesses, and court reporters, the time provided in Rules 30(e), Fed. R. Civ. P., for the correction of errors in deposition transcripts is hereby reduced to the same 15-day period (*i.e.,* any "errata sheets" shall be provided along with the confidentiality designations). The remainder of the transcript not designated to be Outside Counsel Eyes Only shall be deemed

6

76160.1

Confidential, unless and until any portion of the transcript is de-designated by consent or challenge.

c.    If any party objects to the designation of particular testimony as Confidential or Outside Counsel Eyes Only, the objection shall be noted for the record; however, persons not authorized to receive that category of Information shall nevertheless be excluded from the deposition until testimony regarding the designated Information has been concluded. The objecting party, however, may challenge the designation before the Court, either during the deposition or after its conclusion. In the event that the designation of Information precludes a deponent's access to Information, the party seeking to utilize such Information at the deposition may seek leave of the Court to examine the witness further on the Information and related subjects covered by the designation.

d.    The Designating Party shall arrange with the court reporter taking and transcribing such deposition to bind the portion of the transcript not designated as Outside Counsel Eyes Only separately, and to label the cover of the complete transcript with the appropriate legend -- "Contains Highly Confidential -- Outside Counsel Eyes Only Information, Subject to Protective Order" -- and to label each page thereof appropriately -- with the legend "Highly Confidential -- Outside Counsel Eyes Only."

e.    The restrictions of this Section apply to videotaped depositions, and video cassettes or other video containers shall be labeled in accordance with the provisions of this Section.

f.    Unless otherwise ordered by the Court, the same procedures and protections shall apply to pre-trial court hearings or proceedings and any transcripts of such hearings or proceedings.  In the event that any Confidential Information or Outside Counsel Eyes Only Information is used in any pre-trial court hearing or proceeding in this action, it shall not lose its confidential status through such use, and the party using such Information shall take all reasonable steps to maintain its confidentiality during such use.

7.    If materials containing Confidential Information or Outside Counsel Eyes Only Information are filed with the Court, such papers shall be labeled with the appropriate legend,

76160.1

*i.e.*, "Contains Confidential [or Highly Confidential -- Outside Counsel Eyes Only] Information, Subject to Protective Order," and filed under seal until further order of this Court. Each document filed under seal may be returned to the party that filed or sealed the document after 90 days has lapsed following the (a) entry of a final judgment from which no appeal is taken, or (b) issuance of a mandate by the last reviewing court that disposes of this litigation in its entirety.

8. In the case of responses to requests for admissions or interrogatories, and the Information contained therein, confidentiality designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are "Outside Counsel Eyes Only Information." The following legend shall be placed on the front of any set of responses to interrogatories or requests for admission containing Outside Counsel Eyes Only Information: "Contains Highly Confidential -- Outside Counsel Eyes Only Information -- Subject to Protective Order -- Designated Parts Not to Be Used, Copied or Disclosed Except as Authorized by Court Order."

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of its own Information as it deems appropriate.

10. Disclosure by the producing party or non-party of Confidential Information or Outside Counsel Eyes Only Information without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality, either as to the specific Information disclosed or as to any other information relating to the subject matter of the Information disclosed. Upon learning of the disclosure of Confidential Information or Outside Counsel Eyes Only Information without proper designation, the party or non-party seeking protection of the Information shall, within ten days, properly designate or re-designate such Information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such Information, inconsistent with such later designation (or re-designation), that occurred prior to notification of such later designation (or re-designation).

11. If Confidential Information or Outside Counsel Eyes Only Information is disclosed to any person other than in the manner authorized by this Order, the party responsible

76160.1

for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party (on notice to all other parties) of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

12.     This Order shall be without prejudice to the right of the parties to (a) bring before the Court at any time the question whether any information is properly classified as Confidential Information or Outside Counsel Eyes Only Information, or whether its use should be restricted in any way, or (b) present a motion to the Court to either quash a subpoena or issue a separate protective order foreclosing certain discovery.  The parties also may apply to the Court for modification of this Order.  Any such application shall be upon reasonable notice, pursuant to the Court's established procedures regarding discovery disputes.

13.     If, at any time, any Confidential Information or Outside Counsel Eyes Only Information in the possession, custody or control of any person other than the person who originally produced such Information is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity (the "Subpoenaed Information"), the party to whom the subpoena or request is directed (a) immediately shall provide written notice to the person who originally produced such Information (and to the Designating Party), which notice shall include the date set for the production of the Subpoenaed Information, and (b) shall not produce the Subpoenaed Information prior to the date set forth in the notice or, having been served with a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify. In the event that compliance with the subpoena or request is not enjoined, by either stipulation or order, during the pendency of the motion to quash or modify, the Subpoenaed Party may deliver the material to the court (or other Judicial Officer) adjudicating the dispute so as to avoid any citations for contempt.

14.     This Order is entered solely for the purpose of facilitating the pre-trial exchange of Information between the parties and non-parties to the action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any Information under its terms, nor any proceedings undertaken pursuant hereto, shall be deemed to have the effect of

76160.1

an admission or waiver by any party of, or otherwise deemed to alter the confidentiality or nonconfidentiality of, any Information.  Nor shall compliance with this Order operate as an admission as to the admissibility of any Information.

15.     Inadvertent production of any document that a party or non-party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  A party or non-party may request the return of any Inadvertently Produced Privileged Document by identifying the document inadvertently produced and stating the basis for withholding such document from production.  If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privilege Document then in the custody of another party or non-party, the possessing party shall within three days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document (and all copies thereof) and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document.  The party destroying or returning such material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production.

16.     The parties shall confer in good faith prior to trial in an attempt to devise protective procedures to be applicable at trial that are satisfactory to the Court.

17.     The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel, and to all non-parties that are subjected to subpoenas.  Within ten days after the entrance of an appearance by any new party in this litigation, or the consolidation of any action with the present litigation pursuant to Pretrial Order No. 1 herein, plaintiffs' co-lead counsel shall serve a copy of this Order on counsel for each new party.

18.     Upon the final determination, settlement, or other disposition of this litigation, including any appeals, materials containing Confidential Information or Outside Counsel Eyes Only Information disclosed to or received by any party to this Order, or any Authorized Person (other than outside counsel's copies of documents filed with the Court and outside counsel's file

76160.1

copies of papers prepared in connection with this matter), shall be returned to the party or non-party who provided the Confidential Information or Outside Counsel Eyes Only Information, or shall be destroyed by outside counsel for the party in possession of such Information, at such counsel's option. Counsel in possession of such Information shall certify in writing that it has been returned or destroyed in accordance with this paragraph.

19.     Plaintiffs in the cases captioned *Discover Financial Services, Inc. v. Visa U.S.A., Inc. et al.*, Case No. 04-CV-7844 (BSJ/KNF) and *American Express Travel Related Services Company, Inc. v. Visa U.S.A., Inc. et al.*, Case No. 04-CV-8967 (BSJ/KNF) (the "Discover and American Express Actions") have requested Information produced under the *In Re Visa Check* June 23, 1998 Stipulation & Order for the Protection and Exchange of Confidential Information, including documents produced by parties and non-parties. Constantine Cannon, P.C., Lead Counsel for the *In Re Visa Check* plaintiffs, also represents plaintiff Discover Financial Services LLC in the Discover Action. Notwithstanding paragraph 18 above, and to facilitate the efficient production of the requested Information, Lead Counsel and counsel for Visa U.S.A. Inc. and MasterCard International Incorporated may retain material produced in *In re Visa Check* and produce it to Discover and American Express pursuant to the Discover and American Express Actions Protective Order, dated March 12, 2006. Notice of this request for production shall be given by Lead Counsel to the parties and non-parties, who will have 20 days from receipt of notice to object to the production of their Information. Unless objections are made by the producing party or non-party and the Court sustains such objections, the Information will be deemed produced in the Discover and America Express Actions and the ultimate disposition of the Information will be made pursuant to the Protective Order for those actions.

20.     Plaintiffs in other actions including, but not limited to, *In re Payment Card Interchange Fee and Merchant Discount Litigation*, MDL 05-1720 (JG)(JO), have also requested Information produced under the *In Re Visa Check* June 23, 1998 Stipulation & Order for the Protection and Exchange of Confidential Information, including documents produced by parties and non-parties. Notwithstanding paragraph 18 above, and to facilitate the efficient production of the requested Information, counsel for Visa U.S.A. Inc. and MasterCard International Incorporated may retain

76160.1

material produced in *In re Visa Check* and produce it in those other actions, provided that they provide notice of the requests for production to the parties and non-parties, who will have 20 days from receipt of notice to object to the production of their Information.  Unless objections are made by the producing party or non-party and the Court sustains such objections, the Information will be deemed produced in the other actions.

21.     This Order, and the Court's jurisdiction over any use or misuse of Confidential Information and Outside Counsel Eyes Only Information subject to the provisions of this Order, or any other violation hereof, shall survive the final termination of this action.

**SO ORDERED:**

_____
United States Magistrate Judge
James Orenstein

Dated: _____, 2006

76160.1

Attachment A

## CONFIDENTIALITY AGREEMENT

1. I, _____, have read the Amended Order for the Protection and Exchange of Confidential Information, dated _____, 2006 (the "Protective Order") in the matter styled *In Re Visa Check/MasterMoney Antitrust Litigation*, CV-96-5238 (E.D.N.Y.) (Gleeson, J.) (Orenstein, M.J.), and agree to be bound by its terms with respect to any documents, information or materials that are furnished to me as set forth in the Protective Order.

2. I further agree not to disclose to anyone any such documents, information or materials.

3. I hereby agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for not other purposes, and will not be used by me in any business affairs of my employer or of my own, or be imparted by me to any other person and will be returned to the person who furnished such documents, materials or information to me.

4. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York for the limited purpose of any proceeding to enforce the terms of this Confidentiality Agreement or the Protective Order, and for no other purpose.

_____/_____
Signature                                          Date

_____/_____
Print Name                                         Title

_____
Company Name

13

76160.1