SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

―――

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER

(212) 455-3840

E-MAIL ADDRESS

jtringali@stblaw.com

August 8, 2006

**By ECF and FedEx**

The Honorable John Gleeson
United States District Court Judge
For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: *In re Visa Check/MasterMoney Antitrust Litig.*, Master File No. 96-CV-5238 (JG)

Dear Judge Gleeson:

  MasterCard International Incorporated and MasterCard Incorporated (together, "MasterCard"), Visa U.S.A. Inc. ("Visa"), and Visa International Service Association (together, the "Networks") respectfully request limited relief from certain protective orders entered in *In re Visa Check/MasterMoney Antitrust Litigation* ("*In re Visa Check*") to obtain discovery in separate antitrust actions against the Networks that should establish whether the plaintiffs in such antitrust actions, or any of their subsidiaries or related entities, received class notices, are participating in the *In re Visa Check* settlement, and what implications that would have on such antitrust actions. The Plaintiffs in those actions, American Express Travel Related Services Company, Inc. ("American Express") and Discover Financial Services, LLC ("Discover") (in the "American Express and Discover Litigations") do not object to the limited relief sought here.[1]

**BACKGROUND**

  In the American Express and Discover Litigations, American Express and Discover seek to recover damages they allegedly suffered as a result of alleged antitrust violations by the Networks. In connection with the Networks' defense of the American Express and Discover Litigations, on March 31, 2006 MasterCard issued a subpoena duces tecum to The Garden City Group (the "Subpoena"), the settlement administrator in *In re Visa Check* ("Administrator").[2] After discussions with the Administrator and in an attempt to avoid judicial intervention, MasterCard narrowed the Subpoena to a single document request seeking documents concerning

---

[1] Both cases are before Judge Barbara S. Jones, and are captioned *Discover Financial Services, LLC v. Visa U.S.A. Inc.*, No. 04-CV-7844 (BSJ) (DFE) and *American Express Travel Related Services Co., Inc. v. Visa U.S.A. Inc.*, No. 04-CV-8967 (BSJ) (DFE).

[2] *See* Subpoena from MasterCard to The Garden City Group, Inc., dated March 31, 2006 (attached hereto as Exhibit A).

Simpson Thacher & Bartlett LLP

The Honorable John Gleeson	August 8, 2006

communications between the Administrator and any American Express or Discover related entities (specifically identified to the Administrator) concerning the *In re Visa Check* litigation.[3] MasterCard seeks information that would establish whether American Express and/or Discover were members of the *In re Visa Check* settlement class and what the implications such participation in the class would have on the American Express and Discover litigations.

Notably, the Administrator acknowledges that it possesses documents responsive to MasterCard's sole remaining document request. However, the Administrator claims that it cannot produce such documents because of a "number of Court Orders, including Orders dated June 21, 2002, August 7, 2002, August 12, 2003 and October 9, 2003" (the "Protective Orders").[4] The Administrator believes that the Protective Orders prevent it from producing documents responsive to the Subpoena because they require both (1) the maintenance under "strict confidence" of the information provided to the Administrator and (2) the utilization of complex notification procedures whenever data or information is used "for purposes other than notifying or communicating with class members on matters related to" the *In re Visa Check* litigation.[5] The Administrator has stated that it will produce responsive documents once the relevant court orders no longer prohibit it from doing so.[6] Further, neither American Express nor Discover, the parties concerning whom the Networks seek information, objects to the relief the Networks now request.[7] Indeed, American Express, who is coordinating its discovery efforts with Discover, has issued a subpoena duces tecum to the Administrator "requesting all documents requested by MasterCard . . . ."[8]

The Networks therefore seek limited relief from the Protective Orders and any other relevant court orders entered in the *In re Visa Check* litigation to permit the Administrator to respond to MasterCard's single document request by producing documents concerning communications between the Administrator and any American Express or Discover related entities concerning the *In re Visa Check* litigation.

## ARGUMENT

### Relief from the Protective Orders Is Appropriate Where the Parties About Whom Information Is Sought Do Not Oppose the Request for Relief

---

[3] *See* Letter from A. Matera to K. Shaer & M. Aiello, dated June 19, 2006 (attached hereto as Exhibit B).

[4] *See* Letter from K. Shaer to A. Matera, dated May 11, 2006 (attached hereto as Exhibit C); Letter from M. Aiello to A. Matera, dated July 11, 2006 (attached hereto as Exhibit D).

[5] *See* Letter from K. Shaer to A. Matera, dated May 11, 2006 (attached hereto as Exhibit C).

[6] *See* Letter from M. Aiello to A. Matera, dated July 11, 2006 (attached hereto as Exhibit D).

[7] *See* Letter from J. Shinder to J. Tringali, dated July 14, 2006 (attached hereto as Exhibit E); Letter from C. Christian to J. Tringali, dated July 14, 2006 (attached hereto as Exhibit F).

[8] Subpoena from American Express to The Garden City Group, Inc., dated April 4, 2006 (attached hereto as Exhibit G).

SIMPSON THACHER & BARTLETT LLP

The Honorable John Gleeson                                    August 8, 2006

    Relief from a protective order is appropriate where, as here, the parties about whom information would be disclosed pursuant to the proposed relief do not object to the relief sought. *See In re "Agent Orange" Products Liability Litig.*, 99 F.R.D. 645, 649 (E.D.N.Y. 1983) (modifying a blanket confidentiality protective order when the party that provided the information protected by the protective order did not object to disclosure); *see also New York v. Microsoft Corp.*, Civ. No. 98-1233 (CKK), 2002 U.S. Dist. LEXIS 22854, at *3-4 (D.D.C. Nov. 18, 2002) (modifying protective order to permit disclosure of third parties' information when affected third parties gave "some form of consent" to disclosure). In the present case, neither American Express nor Discover—the parties whom the information sought concerns—opposes the Administrator's production of the information purportedly covered by the Protective Orders. The relief the Networks seek will not impact other class members.

    Moreover, the rationale underlying the provisions of the Protective Orders that the Administrator believes preclude it from providing otherwise responsive information does not apply here. For example, the notice provisions set forth in paragraph 2 of the August 2002 protective order are intended simply to prevent the disclosure of confidential merchant-customer lists of acquiror banks and processors that produced such lists to the Administrator for use in communicating with class members.[9] This purpose is not implicated here. The Networks do not seek the merchant-customer lists of acquiror banks and processors. Rather, the Networks seek the limited production of communications between the Administrator and American Express and/or Discover related entities, and neither American Express nor Discover opposes disclosure. Consequently, to require MasterCard to notify numerous acquirors or processors who have no interest in the proposed disclosure would be pointless. Given the foregoing, and the fact that the Networks do not oppose disclosure, adherence to paragraph 2 of the August 2003 protective order, which was designed to protect the Networks, would be similarly pointless.[10] Accordingly, the Networks' request for relief from the Protective Orders should be granted.[11]

---

[9] The notice and application procedures under paragraph 2 of the August 7, 2002 protective order require that anyone who "seek[s] the . . . use of any data or information [governed by the order] for purposes other than notifying or communicating with class members on matters related to this litigation" must first provide notice to every acquiror or processor who submitted a list of its merchants pursuant to a subpoena in the *Visa Check* litigation and give those acquirors and processors time to object to the disclosure.

[10] Paragraph 2 of the August 12, 2003 protective order specifically requires the Administrator to maintain "[a]ny and all information provided by Visa or MasterCard to the . . . Administrator . . . under strict confidence," and not to "disclose Information obtained from Visa to MasterCard or its agents" and vice versa.

[11] The Administrator, while generally referencing the June 2002 and October 2003 protective orders in its May 11 letter, has not identified any provisions in those orders that prevent the Administrator from complying with MasterCard's sole document request. The Networks note that the rationale underlying the general confidentiality provisions in the June 2002 and October 2003 Protective Orders is not applicable here given that the Networks do not seek merchant-customer lists of acquiror banks and processors and because American Express and Discover do not oppose disclosure.

3

SIMPSON THACHER & BARTLETT LLP

The Honorable John Gleeson                                              August 8, 2006

## CONCLUSION

    For these reasons, the Networks respectfully request that the Court adopt the proposed order attached hereto as Exhibit H. Specifically, the Networks seek an order providing relief from the Protective Orders to permit the Administrator to disclose, for the limited purpose of the American Express and Discover Litigations, all documents concerning any communication between the Administrator and American Express and Discover related entities concerning the *In re Visa Check* litigation.

                                          Respectfully submitted,

                                          Joseph F. Tringali

cc:    Jeffrey Shinder, Esq. (Counsel for Discover and for the Class in *In re Visa Check*)
        Cynthia Christian, Esq. (Counsel for American Express)
        Karen Shaer, Esq. (Counsel for The Garden City Group)