UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE VISA CHECK/MASTER MONEY            O R D E R
ANTITRUST LITIGATION                              96-CV-5238 (JG)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOHN GLEESON, United States District Judge:

      1.      Lead Counsel's Pending Fee Application

      Special Master Wilcox's report and recommendation dated September 26, 2006 regarding Lead Counsel's fees for services rendered to the class for the period from October 2005 through June 2005 and for reimbursement for costs and expenses incurred during that same period is adopted. Lead Counsel is hereby awarded legal fees in the amount of $747,516.37. It is also awarded reimbursement of $762,104.54. This amount includes a total reimbursement of $153,936.18 for payments made to the law firm of Brown Rudnick for work completed on behalf of the class during two different periods. Payments to Brown Rudnick made during the period from May 16, 2003 through August 21, 2003 are reimbursed in the amount of $39,348.25, and those made during the period from December 16, 2005 through May 31, 2006 are reimbursed in the amount of $114,587.93. Lead Counsel is also awarded reimbursement of $608,168.36 for payments made to Objectors' counsel and to three financial consulting companies, and for remaining miscellaneous costs and expenses.

      2.      Lead Counsel's Future Fee Applications

      I hereby direct Special Master Wilcox to place Lead Counsel's fee requests on a regular schedule. Though an annual schedule seems appropriate to me in light of the timing of the prior requests, Special Master Wilcox is free to direct a different schedule. In addition, Lead

Counsel is hereby directed to provide to Special Master Wilcox a budget prior to the commencement of each pay period, setting forth the expected fees and disbursements for the period. As with respect to the timetable of Lead Counsel's fee requests, the form and content of Lead Counsel's budgets shall be left to the discretion of the Special Master, who may choose to seek the input of Lead Counsel on those subjects before making her final determinations.

The Special Master shall report to the Court on the status of this issue on or before December 31, 2006.

3. The Special Master's Fee Requests

The Special Master's fee requests shall be reviewed for reasonableness by the Court on an ongoing basis. Simultaneously with submitting a request for payment to Lead Counsel, the Special Master shall submit the request, together with a supporting affirmation and time sheets, to the Court. Lead Counsel is authorized to pay the Special Master the amounts requested without prior approval of the Court. Reductions in the fees requested shall not be made by the Court without affording the Special Master notice and an opportunity to be heard. An affirmation with regard to all fee requests to date shall be filed with the Court on or before December 1, 2006. All such submissions by the Special Master shall be filed *ex parte* and under seal. Their submission will be noted on the docket sheet but they will be maintained by the Court under seal.

4. Payments to the Garden City Group

The distribution of the settlement proceeds is a herculean task, and it has resulted in the expenditure of significant funds. The reports to the Court of payments by Lead Counsel to the Garden City Group, the Claims Administrator, reveal that upwards of $39 million has already

been paid to it. Though I have no reason to doubt either the vigilance of Lead Counsel in fulfilling its fiduciary duty to the class or the integrity of the Garden City Group, responsible monitoring of the settlement funds compels, in my judgment, an independent audit, by accountants appointed by the Court, of the Garden City Group's work in connection with this case. My goal is to reconcile two interests: (1) ensuring that disbursements from the settlement fund to the Garden City Group are no greater than necessary to ensure an efficient execution of the plan of allocation, without (2) further depleting the funds unnecessarily by making greater than necessary payments to an auditor. To that end, I hereby direct Lead Counsel and Special Master Wilcox to confer and to propose to the Court by December 29, 2006, a statement of work for an audit of the Garden City Group, unless that date is extended upon the application of the Special Master. Once the statement of work is approved by the Court, the Special Master and Lead Counsel will be tasked with retaining a qualified auditor.

So Ordered.


John Gleeson, U.S.D.J.


Dated: November 14, 2006
      Brooklyn, New York