

GEORGE W. SAMPSON
DIRECT • (206) 224-9345
GEORGE@HBSSLAW.COM

December 18, 2006

**VIA ECF**
The Honorable James Orenstein
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    <u>Visa Check/Master Money Antitrust Litig.</u>
             No. 96-CV-5238 (JG) (JO)

Dear Magistrate Orenstein:

      I write as Special Assistant Attorney General to Darrell McGraw, Attorney General of the State of West Virginia, in response to the letter dated December 7, 2006 from Robert C. Mason on behalf of Visa and MasterCard.[1]  Mr. Mason's letter seeks a "modification" of four protective orders in order that the Garden City Group may be forced to produce documents regarding West Virginia's participation in the Wal-Mart settlement.  Whether the State of West Virginia participated in the Wal-Mart settlement is totally irrelevant to whether the Attorney General has a claim *parens patriae* on behalf of the citizens of West Virginia.  Modification of the four protective orders would be an unnecessary and harmful violation of West Virginia's interests.

**<u>West Virginia's Parens Patriae Complaint</u>**

      Pursuant to his *parens patriae* authority, Attorney General McGraw first filed a complaint against Visa and MasterCard on November 5, 2003.  *See* Exhibit A to Mason letter.  The complaint sought to recover overcharges paid by West Virginia consumers caused by anticompetitive tying arrangements challenged in the *Wal-Mart* case.

      Defendants Visa and MasterCard moved to dismiss the complaint, not on the grounds of release, but rather on the grounds that West Virginia law did not permit the recovery of damages imposed indirectly upon victims of anticompetitive behavior.  The

---

[1] Plaintiffs understand that this matter has been referred to this Court by Judge Gleeson by order dated December 12, 2007.  The State's response to defendants' letter has been delayed by the undersigned's service on a jury and difficulties with accessing the ECF system.

ATTORNEYS AT LAW   SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
T 206.623.7292   F 206.623.0594
1301 FIFTH AVENUE · SUITE 2900 · SEATTLE, WASHINGTON 98101
www.hagens-berman.com

006094-10  145040 V1

The Honorable James Orenstein
December 18, 2006
Page 2

West Virginia courts have upheld the right of the Attorney General in this case to sue for overcharges caused by Visa and MasterCard.

In order to make crystal clear that the complaint seeks damages solely on behalf of West Virginia consumers, and not the State itself, the Attorney General has now moved to amend his complaint. *See* Exhibit H to Mason letter. The Amended Complaint will be filed shortly with the court in West Virginia.

**Defendants' Request is Improper**

The first defect is that the request seeks information about West Virginia's participation in the Wal-Mart settlement that is completely irrelevant to the claims of West Virginia *consumers* on whose behalf the Attorney General has brought his case. These claims were not, ***and could not have been***, litigated in the Wal-Mart case because that case was brought on behalf of retailers, not consumers. The Supreme Court in *Illinois Brick* has expressly precluded consumers who were indirectly injured by an antitrust violation from bringing their actions for damages in federal court.

The State of West Virginia is the nominal plaintiff in the litigation now pending in West Virginia state court, but this is only because the complaint is brought by the Attorney General in his *parens patriae* authority to protect citizens of West Virginia. The participation of the State in the Wal-Mart settlement is irrelevant to this action, and any release of claims in the Wal-Mart case can have no legal effect on the claims of West Virginia consumers.

Second, unlike the previous cases in which Discovery and AmEx did not oppose the modification of the protective orders, West Virginia opposes the release of information covered by the protective orders. The State, like every other entity which participated in the settlement, was promised confidentiality as part of its participation. It is up to the State, not Visa or MasterCard, whether to disclose such information.

Third, defendants have sought this identical information by discovery requests to the State in the West Virginia proceeding. The State of West Virginia has opposed those requests and the parties have participated in a single "meet and confer" session. If those meetings do not resolve the issues, the proper remedy for defendants is to seek relief from Judge Wilson in the Circuit Court of Ohio County.

The Honorable James Orenstein
December 18, 2006
Page 3

       For all of the above reasons, the State of West Virginia opposes the request of defendants Visa and MasterCard to modify the protective order.

       Sincerely,

       HAGENS BERMAN SOBOL SHAPIRO LLP

       */s/ George W. Sampson*

       George W. Sampson

       Special Assistant Attorney General by Appointment of Attorney General McGraw

GWS:dld

cc: All Counsel

006094-10 145040 V1