UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VISA CHECK/MASTERMONEY ANTITRUST LITIGATION )<br>)<br>)<br>This document relates to: ALL ACTIONS )<br>) | MASTER FILE NO. CV-96-5238<br><br>(Gleeson, J.) (Orenstein, M.J.) |

**AGREEMENT WITH RESPECT TO U.S. GOVERNMENT MERCHANT CLAIMS**

The parties to this Agreement, by their undersigned counsel, hereby agree, subject to the approval of the Court, as follows:

1. The United States, acting through its attorneys at the direction of the Attorney General, filed a memorandum of law seeking a ruling based on equitable principles that would allow U.S. Governmental agencies and instrumentalities that had accepted Visa and MasterCard branded debit and credit cards during the Class Period and had submitted timely claims and had not withdrawn such claims (hereinafter "Government Merchants") to participate in the distribution of the Net Settlement Funds in this case. The government's application was supported by Defendants Visa U.S.A. Inc. ("Visa") and MasterCard International Incorporated ("MasterCard"), but was opposed by Lead Counsel for the Class. Prior to any ruling by the Court on the government's application, the parties have agreed to compromise and resolve their differences on the terms set forth herein.

2. Within 90 days after entry of an Order approving this Agreement or the expiration of any timely appeals from such Order, whichever is later, the Claims Administrator shall make a payment from the Net Settlement Funds to the United States Department of the Treasury ("Treasury") in an amount equal to 34% of the Government Merchants' signature debit and credit card claims. Lead Counsel for the Class and the United States understand and agree that such payment will be based on the estimate that these claims are $9,851,324 and do not exceed $10 million, and the payment will therefore not exceed $3.4 million.

3. The Claims Administrator shall make a payment from the Net Settlement Funds to the Treasury in an amount equal to 34% of the Government Merchants' online PIN debit claims. Lead Counsel for the Class and the United States understand and agree that such payment will be based on the estimate that these claims are a total of $1,065,207. This payment shall be made in 2007 at the same time as payments are made to Class Members on their online PIN debit claims or as soon as reasonably practicable following the expiration of any timely appeals from an Order approving this Agreement.

4. With respect to any and all additional or residual distributions, the Claims Administrator shall make one or more payments from the Net Settlement Funds to the Treasury at the same time as payments are made to Class Members or as soon as reasonably practicable following the expiration of any timely appeals. With respect to all such payments, the Claims Administrator shall treat the Government Merchants as if they were Class Members and shall not discount their claims.

5.  Visa shall pay $2 million to the Treasury in two equal installments of $1 million each. The first payment shall be made within 60 days after entry of an Order approving this agreement or the expiration of any timely appeals from such Order, whichever is later. The second payment shall be made on or before the one year anniversary of the first payment.

6.  MasterCard shall pay $1.5 million to the Treasury in four equal installments of $375,000 each. The first payment shall be made within 60 days after entry of an Order approving this agreement or the expiration of any timely appeals from such Order, whichever is later. The second, third and fourth payments shall be made respectively on or before the one year, two year and three year anniversaries of the first payment.

7.  The Government Merchants in their commercial capacities agree to the release as set forth in paragraph 28 of the Visa Settlement Agreement dated June 4, 2003 (with respect to Visa), and to the release as set forth in paragraph 30 of the MasterCard Settlement Agreement dated June 4, 2003 (with respect to MasterCard), with the following clarification: The Government Merchants are solely releasing claims for monetary compensation that could have been asserted under 15 U.S.C. § 15a or otherwise for alleged violations of any federal or state antitrust, unfair competition, or unfair practices law. Nothing in the aforementioned Settlement Agreements, any Order of this Court in this proceeding, or this Agreement shall affect the law enforcement responsibilities of the United States, and its rights to investigate, obtain evidence, and prosecute any civil or criminal violations of the law, including violations of the federal antitrust laws, and to obtain civil or criminal penalties or fines for such violations.

8.  The parties affirm that (i) Lead Counsel for the Class has not purported to represent the sovereign law enforcement interests of the United States; and (ii) the United States has not exercised authority over the prosecution of this action or the Settlement Agreements dated June 4, 2003.

9.  Defendants agree not to seek reimbursement from the United States or any of its agencies of any payments made to the Government Merchants under this Agreement, or any other costs or expenses associated with this litigation. Nothing herein shall limit the right of Visa and MasterCard to continue to conduct business with the United States and its instrumentalities in the ordinary course of business, including, but not limited to, adjustments to interchange fees of general applicability to merchants similarly situated.

10. All payments shall be made by wire transfer to a bank account specified by the Treasury, which shall then be solely responsible for the distribution of the funds among the federal entities.

11. Any disputes relating to this Agreement shall be referred to Special Master Robin Wilcox for resolution.

12. The United States has executed this Agreement under the discretion of the Attorney General, for settlement purposes only. Each of the signatories to this Agreement represents that he or she has full power and authority to enter into this Agreement.

DATED: December 29, 2006

SO AGREED:

LEAD COUNSEL FOR THE CLASS

By: *[signature]*
Lloyd Constantine (LC 8465)
CONSTANTINE CANNON, P.C.
450 Lexington Avenue – 17th Floor
New York, NY 10017
(212) 350-2700

VISA U.S.A. INC.

By: *[signature]*
Stephen V. Bomse (SB 6594)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
(415) 772-6000

UNITED STATES OF AMERICA

By: *[signature]*
Allen P. Grunes (AG 4775)
U.S. Department of Justice
Antitrust Division
325 Seventh St., N.W.
Suite 300
Washington, DC 20530
(202) 514-8338

MASTERCARD INTERNATIONAL INCORPORATED

By: *[signature]*
Joseph F. Tringali (JT 9573)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

3