# ARNOLD & PORTER LLP

**Robert C. Mason**
Robert_Mason@aporter.com

212.715.1088
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

December 29, 2006

By ECF

The Honorable James Orenstein
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-CV-5238 (JG) (JO)

Dear Magistrate Judge Orenstein:

Pursuant to this Court's December 19 Order, defendants Visa U.S.A. Inc. and MasterCard International Incorporated submit this reply to address two points in the State of West Virginia's December 18 letter responding to defendants' December 7 letter.

First, the State argues that the documents defendants seek are irrelevant because it now proposes to assert damages claims only on behalf of West Virginia consumers who were not parties to the class settlements in this action. 12/18/06 Sampson letter at 1-2. But that misses the point. Consumers who were not parties obviously remain free to make claims against defendants. The issue is whether the *State*, by virtue of *its* participation in the class and class settlements in this action, is a party that has released *its* ability to sue defendants on behalf of those consumers. The State concedes that it seeks damages "caused by anticompetitive tying arrangements challenged in [this] action" (*id.* at 1), even though the releases in the class settlements provide that class members "shall not, hereafter, seek to establish liability against [Visa/MasterCard] based, in whole or in part, upon" those asserted tying arrangements (12/07/06 Mason letter at 1, Ex. B at ¶ 28 & Ex. C at ¶ 30). Visa's subpoena simply seeks relevant documents concerning whether the State participated in the class and class settlements, so that defendants can evaluate whether the State may be bound by the settlement releases with respect to some or all of its claims.

Second, the State argues that the proper remedy for defendants is to seek relief in the State's action in West Virginia state court. But that court lacks jurisdiction either to modify the protective orders in this action to allow compliance with defendants' subpoena or to compel compliance with the subpoena issued in this action to the class administrator. It is this Court that has "exclusive jurisdiction" over any "dispute arising out of or relating to . . . the applicability of" the class settlements and whether they offer "a defense in whole or in part to any claim or cause of action." *Id.*, Ex. B at ¶ 39(a) & Ex. C at ¶ 41(a).

## ARNOLD & PORTER LLP

The Honorable James Orenstein
December 29, 2006
Page 2

      The discovery that defendants seek is relevant and non-burdensome, and the State articulates no confidentiality issue that could not be addressed though the existing protective order in this action. Defendants thus respectfully request that the Court order that the four orders that concern information in the custody of the class administrator be modified solely to permit the class administrator to produce the documents requested in Visa's subpoena.

Respectfully submitted,

*Robert C. Mason*

Robert C. Mason

cc: George W. Sampson, Esq.
    Lloyd Constantine, Esq. (counsel for the plaintiff class)
    Gary R. Carney, Esq. (counsel for MasterCard)
    Maryann K. Aiello, Esq. (counsel for the class administrator)
    (all by fax & regular mail)