**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE VISA CHECK/MASTERMONEY | ) | **MASTER FILE NO. CV-96-5238** |
| ANTITRUST LITIGATION | ) | |
| | ) | **(Gleeson, J.) (Orenstein, M.J.)** |
| This document relates to: ALL ACTIONS | ) | |

**RESPONSE OF UNITED STATES TO OBJECTION**
**OF ROUND HOUSE, INC. ET AL. TO AGREEMENT WITH**
**RESPECT TO U.S. GOVERNMENT MERCHANT CLAIMS**

In its February 12, 2007 Order, the Court invited the United States to respond in writing to the objection served by Round House, Inc., Ron Fred Inc. and Ron Jen Inc. ("Objectors").

The compromise mediated by the Special Master is fair because it takes into account the fact that all parties faced some litigation risk. Objectors minimize the extent of the risk faced by the class, calling the government's underlying application frivolous. We respectfully disagree, and respond only to that point.

The thrust of the United States' equitable application was that U.S. Government Merchants, having been treated throughout this litigation as class members and having conferred a benefit on the class, should be permitted to recover a portion of the settlement funds. The Objectors ignore the underlying facts (most of which are not in dispute) that support the government's position. First, the U.S. Government Merchants suffered the exact same type of harm as other merchants. Second, as a factual matter, the U.S. Government Merchants fall within the four corners of the class definition, which was intended to be as broad as possible. Third, in 2002, Lead Counsel Lloyd Constantine publicly stated that he believed the United States to be part of the class. Likewise, at the time of class certification, defendants stated in their briefs to the Court that the class definition included the U.S. Government Merchants.

Fourth, class counsel included the credit and debit transactions of the U.S. Government Merchants in calculating the class's damages. Fifth, the U.S. Government Merchants did not appear on any opt out list.[1] Sixth, defendants reasonably believed they had bought peace of mind as to the U.S. Government Merchants by settling with the class. Finally, even after the Civil Division letter of November 14, 2002, class counsel continued to treat the U.S. Government Merchants as members of the class, both substantively and procedurally, right up through the mailing of claim forms.

Based on the above facts, there was some degree of likelihood (indeed, we believe a high degree of likelihood) that (1) the Court would conclude that class counsel had treated the U.S. Government Merchants as class members and used them to secure a larger settlement for the class than counsel would otherwise have achieved and (2) the Court would consequently use its broad equitable powers to award the U.S. Government Merchants their fair share of the settlement proceeds.

The Objectors argue that *United States v. Cooper*, 312 U.S. 600 (1941), is a legal bar to the government's equitable recovery in this instance. But *Cooper* holds only that the United States is not a "person" that can sue for damages under § 4 of the Clayton Act.[2] *Cooper* sheds no light on whether the United States was included within the four corners of the class definition or within the scope of the Visa and MasterCard settlement agreements. Significantly, in analogous

---

[1]     The exception was the United States Postal Service which, as a result, was not included in the government's application or this settlement.

[2]     After *Cooper* was decided, Congress gave the United States its own jurisdictional section of the Clayton Act for damages actions, Section 4a. Section 4a is virtually identical to Section 4.

contexts, courts have permitted parties to recover as part of a class settlement even when those parties could not, under Supreme Court interpretations of § 4 of the Clayton Act, have recovered damages in the underlying class action.[3]  Importantly, one of the factors those cases rely on is indisputably present here:  when Visa and MasterCard settled with the class, they believed they were settling the claims of U.S. Government Merchants (other than the Postal Service) and buying "total peace."  Finally, *Cooper* does not deprive the Court of its broad equitable powers over the administration of the settlement funds.

All sides assessed their litigation risks, and all sides (including the government) made compromises in reaching the settlement.  The settlement is fair and should be approved.

Dated: February 16, 2007

Respectfully submitted,

ALLEN P. GRUNES (AG 4775)

United States Department of Justice, Antitrust Division
Litigation III Section
325 7th Street, N.W., Suite 300
Washington, D.C.  20530
(202) 514-8338

---

[3]      *See In re Chicken Antitrust Litig.*, 669 F.2d 228, 238-39 (5th Cir. 1982); *In re Remeron End-Payor Antitrust Litig.*, 2005-2 Trade Cas. ¶ 74,966, 2005 WL 2230314 at *21 (D.N.J. Sept. 13, 2005); *see also In re Agent Orange Product Liability Litig.*, 818 F.2d 179, 184 (2d Cir. 1987).

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007, the foregoing Response to Objection was filed by ECF and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

For Plaintiffs

      Amy N. Roth, Esq.
      Constantine Cannon
      10th Floor
      1627 Eye St, NW
      Washington, DC   20006

For Defendant Visa USA, Inc.

      Stephen V. Bomse, Esq.
      Heller Ehrman LLP
      333 Bush St.
      San Francisco, California  94104

For Defendant MasterCard International, Inc.

      Joseph F. Tringali, Esq.
      Simpson Thacher & Bartlett LLP
      425 Lexington Ave.
      New York, New York  10017

For Objectors Round House Inc. et al.

      John J. Pentz, Esq.
      2 Clock Tower Place, Suite 260G
      Maynard, MA  01754

                                             Allen P. Grunes