John J. Pentz, Esq.
Class Action Fairness Group
2 Clock Tower Place, Suite 260G
Maynard, MA 01754
Phone: (978) 461-1548
Fax: (707) 276-2925
Clasaxn@earthlink.net

February 19, 2007

**VIA FEDERAL EXPRESS**

The Honorable John Gleeson
United States District Court Judge
United States District Court for the EDNY
Federal Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 2 0 2007 ★
BROOKLYN OFFICE

Re: Visa Check/MasterMoney Antitrust Litig. (CV-96-5238)(JG)(RLM)

Dear Judge Gleeson:

Objectors Round House, Inc., Ron Fred Inc. and Ron Jen Inc. write in reply to Lead Counsel's February 16, 2007 letter in response to their objection.

Based upon Lead Counsel's letter, it appears that the United States' motion may be preventing the class from receiving the entire settlement in a lump sum through securitization of the settlement. Presumably, the securitization payment would represent the discounted present value of the stream of future payments due under the settlement. Securitization should not increase or decrease the real value of the settlement payments to the class. Either the class will receive a lower nominal settlement payment now, or a higher nominal settlement payment in future years. The lower immediate payment should, if invested prudently, equal the sum of the scheduled future payments at the end of seven years. Essentially, it's a wash.

With regard to the benefits of securitization, it may be beneficial for this Court to hold a hearing so that those projected benefits may be compared to the proposed settlement payment of $3.7 million. Presumably, the amount of any benefits will depend on whether Lead Counsel can obtain a better rate of return on the Class' settlement monies than the discount rate the investment community is prepared to offer in connection with securitization. It is insufficient for Lead Counsel to simply allude to the possibility of securitization as justification for the settlement without attempting to quantify the benefits the Class may reasonably expect from that transaction.

Furthermore, this Court has already held that "[t]he harm to the Class in waiting for compensatory relief would be *de minimis*." 297 F. Supp. 2d 503, 520 (E.D.N.Y. 2003). If the harm of not securitizing the settlement is *de minimis*, perhaps the benefits of securitization are likewise negligible.

At a minimum, this Court should apply the same *Grinnell* factors that it applied to the settlement-in-chief to this side-settlement with the United States, rather than simply rely on the parties' conclusory assertions that it is fair.

Respectfully submitted,

John Pentz

cc.  Stephen Bomse, Esq.
     Jeffrey I. Schindler, Esq.
     Joseph Tringali, Esq.
     Allen P. Grunes, Esq.