Case 1:96-cv-05238-MKB-JO  Document 1361  Filed 09/18/07  Page 1 of 2 PageID #: 4435

# CONSTANTINE | CANNON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON

September 5, 2007

**BY FAX**

Special Master Robin M. Wilcox
459 Columbus Avenue, #603
New York, New York 10024

Re:   *Visa Check/MasterMoney Antitrust Litigation (CV-96-5238)(JG)(RLM)*

Dear Special Master Wilcox:

Lead Counsel Constantine Cannon LLP writes in response to the August 11, 2007 letter filed with the Court by Adarsh Kohli, Owner/Manager of General Nutrition Center locations in Glendale, Colorado ("GNC"), a Class Member in the above-captioned action. Lead Counsel first became aware of this matter when Mr. Kohli filed his letter with the Court.

According to the Claims Administrator, The Garden City Group, Inc. ("GCG"), Mr. Kohli filed claims for two different GNC locations. He filed a VM2 claim form on December 19, 2005 and a VM1 claim form on January 14, 2006.[1]  His VM1 claim form was correctly filed and paid in the amount of $240.31 as part of the June 2006 distribution to the Class. However, GCG determined that the VM2 was duplicative of a VM1 that Mr. Kohli should have received but had not filed. In accordance with its procedures in such situations, GCG contacted Mr. Kohli about this error on May 23, 2006 and sent him a new correct claim form. On August 15, 2006, Mr. Kohli filed the correct claim form, with an estimated cash payment of $711.

---

[1]   The VM1 claim form was designed for merchants that accepted Visa and MasterCard transactions after October 1996 and whose volumes were therefore in the Visa Transactional Database ("VTD"). The VM2 claim form, by contrast, was designed to accommodate Class Members that went out of business prior to October 1996 or whose data was not located in the VTD. Many merchants received both claim forms because of the inaccuracies in the acquirer mailing lists that were used to mail the claim forms and because Lead Counsel, recognizing potential inaccuracies, nonetheless opted to err on the side of an over-inclusive mailing to reach as many Class Members as possible. Because the VM1 claim form is based on the Class Member's actual purchase volumes, when Class Members erroneously file VM2 forms, GCG at Lead Counsel's direction, has contacted the Class Member and asked them to file the VM1 so the Class Member's cash payment could be accurately calculated. Lead Counsel also conducted webcasts and used trade association publications to explain the difference between the two claim forms to Class Members.

95156.1

450 LEXINGTON AVENUE, NEW YORK, NY 10017   TELEPHONE (212) 350-2700   FACSIMILE (212) 350-2701   WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP

Case 1:96-cv-05238-MKB-JO Document 1361 Filed 09/18/07 Page 2 of 2 PageID #: 4436

## CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Special Master Robin M. Wilcox
September 5, 2007
Page 2

While the claim form was submitted in August, it was not paid in the ensuing December 2006 distribution along with numerous other similarly situated claim forms. As detailed in Lead Counsel's submissions to the Court in connection with the December 2006 distribution to the Class, Approved Claims for purposes of that distribution included all claims that were filed by March 10, 2006 that did not involve the consolidation of multiple store locations or divisions. Lead Counsel and GCG set that deadline because there were insufficient funds on hand to pay all claim forms that had been submitted to GCG. (The dispute with the government over its right to participate in the distribution, which was resolved at the end of 2006, prevented Lead Counsel from proceeding with a securitization at that time that would have provided sufficient funds to pay all claims.) As such, because of limitations on the funds that were available at the end of 2006, 38,698 claims that had been submitted and processed, included Mr. Kohli's, were not paid in the December 2006 distribution.

Visa and MasterCard's next payments to the settlement funds are to be made in the Fourth Quarter of 2007 and, thus, Lead Counsel expects to make a distribution to the Class at the end of 2007. Mr. Kohli's payment will be sent to him at that time. While we regret the delay in paying this and other claims, Mr. Kohli has not been discriminated against in any way in the treatment of his claim. If you have any questions, please do not hesitate to contact us.

Respectfully submitted,

Jeffrey I. Shinder

cc: The Honorable John Gleeson
Adarsh Kohli, Owner/Manager, General Nutrition Center (By Overnight Mail)

95156.1