Case 1:96-cv-05238-MKB-JO   Document 1369   Filed 10/09/07   Page 1 of 2 PageID #: 4516

SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER

(212) 455-3840

E-MAIL ADDRESS

jtringali@stblaw.com

BY HAND

October 9, 2007

Re: *Visa Check/MasterMoney Antitrust Litigation*
(CV-96-5238)(JG)(RLM)

Ms. Robin M. Wilcox
Special Master
459 Columbus Avenue
#603
New York, NY 10024

Dear Special Master Wilcox:

I write in response to Lead Counsel's letter to you of October 1, 2007 regarding the appointment of an expert to assist the Court with an evaluation of the securitization proposal.

On the second page of that letter, Lead Counsel states that the parties have "reached an impasse on the extent of cooperation MasterCard is obligated to provide under its Settlement Agreement with the Class" and suggests that "the independent expert could assist in resolving this impasse without judicial intervention." While MasterCard disputes the characterization of discussions as being at an "impasse," it is more concerned about the suggestion that the expert appointed by the Court to evaluate whether the securitization is a sound distribution vehicle for the Class could play any role in making a legal determination regarding the proper scope of cooperation by MasterCard in efforts to securitize the MasterCard Net Settlement Funds in accordance with the terms of the Settlement Agreement.

LOS ANGELES      PALO ALTO      WASHINGTON, D.C.      BEIJING      HONG KONG      LONDON      TOKYO

SIMPSON THACHER & BARTLETT LLP

Ms. Robin M. Wilcox            -2-            October 9, 2007

According to paragraph 3(f) of the Settlement Agreement, MasterCard undertook solely to "provide reasonable assistance to Plaintiffs in the event Plaintiffs seek to sell, assign, securitize, or obtain financing using the Settlement Fund." The Settlement Agreement makes clear that such assistance "shall be limited to reasonably cooperating in providing information necessary for credit rating purposes." As the Settlement Agreement itself demonstrates, MasterCard has not committed to provide all assistance and cooperation necessary to ensure the "optimal structure for the securitization" (to use the language in Lead Counsel's October 1 letter), since the language and context of the Settlement Agreement make plain that MasterCard's "reasonable assistance" is expressly limited in the event of a securitization. While the parties may disagree about precisely what measures constitute such reasonable assistance, the matter is one of legal interpretation of the Settlement Agreement by the Court, not a matter for a securitization expert to decide, if an impasse ultimately occurs.

Therefore, we respectfully request that any determination of what assistance MasterCard is required to undertake to meet the "reasonableness" threshold laid out in the Settlement Agreement should be made by the Court as a matter of contractual interpretation, not by the securitization expert, if such a determination becomes necessary.

Very truly yours,

Joseph F. Tringali

cc:   The Honorable John Gleeson
      Robert L. Begleiter, Esq. (by fax)
      Stephen V. Bomse, Esq. (by fax)