# CONSTANTINE | CANNON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON

October 10, 2007

**BY E-MAIL & HAND**

Special Master Robin M. Wilcox
Manhattan Mailroom
459 Columbus Avenue, #603
New York, NY 10024

      Re:    *In re Visa Check/MasterMoney Antitrust Litigation (CV-96-5238)(JG)*

Dear Special Master Wilcox:

      Lead Counsel writes to respectfully request a modification of your December 29, 2006 Order requiring that all fee submissions in the above-referenced litigation be made on a yearly basis.[1]

      As you know, Lead Counsel just submitted its latest request for reimbursement of fees and expenses, totaling $1,368,473.30 for services performed by Lead Counsel and/or its consultants and counsel, for the period of July 2006 through June 2007.[2] Lead Counsel has also just submitted a budget for the July 2007-June 2008 period, projecting between $1,276,773.00 and $1,526,773.00 in fees and expenses.[3]

      Over the past year, most of our consultants have agreed to forgo payment for the balance of the year. However, many of them have expressed concerns about continuing to perform

---

[1] We ask that Lead Counsel's budget submission continue to become due on or before July 1 of each year, as necessary.

[2] Those fees and expenses pertained to the following services: (i) the handling of the dispute with the government regarding its right to participate in the settlement; (ii) the handling of various disputes with Spectrum that were brought to the Court's attention; (iii) the disposition of challenges, and appeals to challenges, of cash payments to Class Members; (iv) management of distributions of cash payment to Class Members; (v) assisting Class Members with consolidating the divisions and store locations to maximize their recovery from the settlement; (vi) testing the methodology for paying Class Members for overcharges associated with PIN debit transactions; and (vii) working with consultants, underwriters, and defendants to prepare the groundwork for securitization.

[3] This projection is based on our anticipation of the following major events: (i) the processing of remaining off-line debit and credit challenges and consolidations; (ii) the distribution of the remaining cash payments for signature debit and credit overcharges; (iii) the mailing of claim forms for PIN debit overcharges, processing of challenges, and possibly, the payment of those claims; (iv) completion of the groundwork necessary for securitization; and (v) Lead Counsel's continued supervision over the investment of the Settlement Funds.

96379.1

# CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Special Master Wilcox
October 10, 2007
Page 2

significant services for which they will not be paid until months later. (In some cases, Lead Counsel has paid certain invoices to mitigate this issue.) This is of particular concern to some of the smaller consultants. And it is a concern that is shared by Lead Counsel. To balance the Special Master's (and the Court's) desire to limit the number of fee applications to be approved in a given year, and Lead Counsel's desire to receive more regular reimbursement for its time and the time of its consultants, Lead Counsel respectfully requests the right to make quarterly petitions to the Special Master.

As always we appreciate your attention to this matter. If you have any questions, please do not hesitate to contact me.

Respectfully submitted,

*[signature]*

Jeffrey I. Shinder

96379.1