UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

IN RE VISA CHECK/MASTERMONEY
ANTITRUST LITIGATION

MASTER FILE NO. CV-96-5238
(Gleeson, J.) (Mann, M.J.)

------------------------------------------------------x

## RECOMMENDATION OF THE SPECIAL MASTER

By letter dated August 11, 2007, Adarsh Kohli, the "Owner Manager" of the General Nutrition Center in Glendale, Colorado, filed a complaint about the delay in the processing of his claim. A copy of Mr. Kohli's complaint is attached hereto as Exhibit A.

By order dated August 31, 2007, the Honorable John Gleeson directed Lead Counsel to respond to Mr. Kohli's complaint on or before September 7, 2007, and me to "recommend any appropriate action." Judge Gleeson further ordered me to direct Mr. Kohli to reply to Lead Counsel's response if, "in [my] judgment, a reply from Mr. Kohli is warranted."

Lead Counsel responded to Mr. Kohli's complaint by letter dated September 5, 2007. In relevant part, Lead Counsel's letter stated:

> According to the Claims Administrator, The Garden City Group, Inc. ("GCG"), Mr. Kohli filed claims for two different GNC locations. He filed a VM2 claim form on December 19, 2005 and a VM1 claim form on January 14, 2006. His VM1 claim form was correctly filed and paid in the amount of $240.31 as part of the June 2006 distribution to the Class. However, GCG determined that the VM2 was duplicative of a VM1 that Mr. Kohli should have received but had not filed. In accordance with its procedures in such situations, GCG contacted Mr. Kohli about this error on May 23, 2006 and sent him a new correct claim form. On August 15, 2006, Mr. Kohli filed the correct claim form, with an estimated cash payment of $711.
>
> While the claim form was submitted in August, it was not paid in the ensuing December 2006 distribution along with numerous other similarly situated claim forms. As detailed in Lead Counsel's submissions to the Court in connection with the December 2006 distribution to the Class, Approved Claims for purposes of that distribution included all claims that were filed by March 10, 2006 that did not involve the consolidation of multiple store locations or divisions. Lead Counsel and GCG set that deadline because there were insufficient funds on hand to pay all claim forms that had been submitted to GCG. (The dispute with the government over its right to participate in the distribution, which was resolved at the end of 2006, prevented Lead Counsel from proceeding with a securitization at that time that would have provided sufficient funds to pay all claims.) As such, because of limitations on the funds that were

- 1 -

available at the end of 2006, 38,698 claims that had been submitted and processed, including Mr. Kohli's, were not paid in the December 2006 distribution.

Visa and MasterCard's next payments to the settlement funds are to be made in the Fourth Quarter of 2007 and, thus, Lead Counsel expects to make a distribution to the Class at the end of 2007. Mr. Kohli's payment will be sent to him at that time. While we regret the delay in paying this and other claims, Mr. Kohli has not been discriminated against in any way in the treatment of his claim.

A copy of Lead Counsel's September 5 letter is attached hereto as Exhibit B.

By order dated and mailed September 10, 2007, I directed that, "[i]n the event Mr. Kohli wishes to reply to Lead Counsel's September 5, 2007, letter, " he "do so in a writing mailed to the Clerk of the court and postmarked on or before October 5, 2007." It is my understanding that Mr. Kohli has not replied to Lead Counsel's September 5, 2007 letter.

Given Lead Counsel's representation that Mr. Kohli's payment will be sent to him in a distribution made to the Class at the end of 2007, and given its further representation that "Mr. Kohli has not been discriminated against in any way in the treatment of his claim," I respectfully recommend that this Court take no action with respect to Mr. Kohli's complaint at this time. I further respectfully recommend that this Court invite Mr. Kohli to notify the Court if he has not received his payment by January 31, 2008.

As stated in the attached Certificate of Service, I have caused a copy of this Recommendation of the Special Master to be mailed, via the United States Postal Service, to Mr. Kohli and to Lead Counsel.

Robin Wilcox

Dated: October 19, 2007
New York, New York

# EXHIBIT A

Dated        August 11, 2007

From         General Nutrition Center 3404
             760 S Colorado Bulvd  unit H
             Glendale CO 80246

                                                    FILED
                                              IN CLERK'S OFFICE
                                          U.S. DISTRICT COURT, E.D.N.Y.
                                              ★ AUG 1 6 2007 ★
To           The Clerk of the Court           BROOKLYN OFFICE
             US District Court
             225 Cadman Pl Ste 130
             Brooklyn NY 11201-1818

Subject      Non settlement of claim of Class action suite of Visa Master card antitrust

Sir                                              96cv5238 (JG)

Our above addressed store was a participant in the class action suite against VISA Check/ Master Money Anti Trust Litigation class action suite. Our claim number assigned to us was 05754689 by the administrators. More than one year has lapsed and our claim against the above number for more than $ 711 has not been paid. Through this letter we wish to inform the honorable court of this non settlement. We have taken up with the administrators in writing however they have faile dto give any response.

Through this letter we petition and pray to the court to instruct the concerned administrators to settle our claim without any more delay.

If you need to contact us our telephone number is 303 692 1997.

Thanking you

Sincerely

Adarsh Kohli
Owner Manager
GNC 3404

# EXHIBIT B

# CONSTANTINE | CANNON

Jeffrey I. Shinder
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

September 5, 2007

**BY FAX**

Special Master Robin M. Wilcox
459 Columbus Avenue, #603
New York, New York 10024

Re: *Visa Check/MasterMoney Antitrust Litigation (CV-96-5238)(JG)(RLM)*

Dear Special Master Wilcox:

Lead Counsel Constantine Cannon LLP writes in response to the August 11, 2007 letter filed with the Court by Adarsh Kohli, Owner/Manager of General Nutrition Center locations in Glendale, Colorado ("GNC"), a Class Member in the above-captioned action. Lead Counsel first became aware of this matter when Mr. Kohli filed his letter with the Court.

According to the Claims Administrator, The Garden City Group, Inc. ("GCG"), Mr. Kohli filed claims for two different GNC locations. He filed a VM2 claim form on December 19, 2005 and a VM1 claim form on January 14, 2006.[1] His VM1 claim form was correctly filed and paid in the amount of $240.31 as part of the June 2006 distribution to the Class. However, GCG determined that the VM2 was duplicative of a VM1 that Mr. Kohli should have received but had not filed. In accordance with its procedures in such situations, GCG contacted Mr. Kohli about this error on May 23, 2006 and sent him a new correct claim form. On August 15, 2006, Mr. Kohli filed the correct claim form, with an estimated cash payment of $711.

---

[1] The VM1 claim form was designed for merchants that accepted Visa and MasterCard transactions after October 1996 and whose volumes were therefore in the Visa Transactional Database ("VTD"). The VM2 claim form, by contrast, was designed to accommodate Class Members that went out of business prior to October 1996 or whose data was not located in the VTD. Many merchants received both claim forms because of the inaccuracies in the acquirer mailing lists that were used to mail the claim forms and because Lead Counsel, recognizing potential inaccuracies, nonetheless opted to err on the side of an over-inclusive mailing to reach as many Class Members as possible. Because the VM1 claim form is based on the Class Member's actual purchase volumes, when Class Members erroneously file VM2 forms, GCG at Lead Counsel's direction, has contacted the Class Member and asked them to file the VM1 so the Class Member's cash payment could be accurately calculated. Lead Counsel also conducted webcasts and used trade association publications to explain the difference between the two claim forms to Class Members.

95156.1

## CONSTANTINE CANNON

Special Master Robin M. Wilcox
September 5, 2007
Page 2

    While the claim form was submitted in August, it was not paid in the ensuing December 2006 distribution along with numerous other similarly situated claim forms. As detailed in Lead Counsel's submissions to the Court in connection with the December 2006 distribution to the Class, Approved Claims for purposes of that distribution included all claims that were filed by March 10, 2006 that did not involve the consolidation of multiple store locations or divisions. Lead Counsel and GCG set that deadline because there were insufficient funds on hand to pay all claim forms that had been submitted to GCG. (The dispute with the government over its right to participate in the distribution, which was resolved at the end of 2006, prevented Lead Counsel from proceeding with a securitization at that time that would have provided sufficient funds to pay all claims.) As such, because of limitations on the funds that were available at the end of 2006, 38,698 claims that had been submitted and processed, included Mr. Kohli's, were not paid in the December 2006 distribution.

    Visa and MasterCard's next payments to the settlement funds are to be made in the Fourth Quarter of 2007 and, thus, Lead Counsel expects to make a distribution to the Class at the end of 2007. Mr. Kohli's payment will be sent to him at that time. While we regret the delay in paying this and other claims, Mr. Kohli has not been discriminated against in any way in the treatment of his claim. If you have any questions, please do not hesitate to contact us.

                                Respectfully submitted,

                                Jeffrey I. Shinder

cc:    The Honorable John Gleeson
       Adarsh Kohli, Owner/Manager, General Nutrition Center (By Overnight Mail)

95156.1

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on this 19th day of October, 2007, I caused one copy of the foregoing Recommendation of the Special Master dated October 19, 2007, to be served by mailing the same in a post-office official depository of the U.S. Postal Service within the State of New York, to the last known addresses of the addressees as indicated below:

> Adarsh Kohli
> Owner Manager
> General Nutrition Center 3404
> 760 S Colorado Boulevard unit H
> Glendale CO 80246

> Jeffrey I. Shinder
> Constantine Cannon
> 450 Lexington Avenue
> New York, New York 10017

Dated:  New York, New York
        October 19, 2007

_____
Robin M. Wilcox