# CONSTANTINE | CANNON

**Robert L. Begleiter**
Attorney at Law
212-350-2707
rbegleiter@constantinecannon.com

NEW YORK | WASHINGTON

January 11, 2008

**BY ECF AND EMAIL**

Robin M. Wilcox
Special Master
459 Columbus Avenue, #603
New York, NY  10024

Re:     *Visa Check/MasterMoney Antitrust Litigation,* (CV-96-5238)(JG)(RLM)

Dear Ms. Wilcox:

This letter is jointly submitted by Lead Counsel Constantine Cannon LLP ("Lead Counsel"), MasterCard International Incorporated ("MasterCard"), and Visa U.S.A. Inc. ("Visa") in accordance with the Court's January 2, 2008 Order requiring a report on the status of Lead Counsel's efforts to securitize the MasterCard and Visa Settlement Funds in this case. The following details the status of both transactions and each party's position.

## I. LEAD COUNSEL'S POSITION ON THE STATUS OF SECURITIZATION

A. Status of Securitization of the MasterCard Settlement Fund

After our October 29, 2007 conference with the Special Master, Lead Counsel and MasterCard continued discussions concerning the support MasterCard would provide in the context of obtaining a credit rating for the proposed Securitization Notes. Our understanding is that MasterCard has agreed to:

1. Provide a written acknowledgement of the assignment of the remaining settlement payments.

2. Provide a written affirmation of MasterCard's obligation to make certain payments under the Settlement Agreement in accordance with the terms set forth in the Agreement.

3. Provide reasonable cooperation to Standard & Poor's ("S&P") to allow it to use MasterCard's corporate rating as a basis for issuing a rating on the Securitization Notes.

4. Either (1) maintain a credit rating with S&P or any other rating agency that is mutually acceptable to MasterCard and Class Counsel and allow such rating agency to utilize MasterCard's corporate rating for purposes of rating the securities issued in the

FINAL DRAFT 1_11_08 Joint Letter to Special Master
Wilcox.DOC

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Robin M. Wilcox
January 11, 2008
Page 2

securitization or in the event it chooses not to maintain a credit rating with S&P or a mutually agreeable rating agency, or (2) provide S&P or another rating agency that is mutually acceptable to MasterCard and Class Counsel with such financial information as is reasonable necessary to allow the agency to understand MasterCard's financial information for purposes of rating the securities issued in the securitization. The later option is subject to the explicit representation that the information will solely be used for purposes of rating the securities issued in the securitization and will not be used for the purpose of rating MasterCard or any securities issued by MasterCard.

5. Acknowledge that the Settlement Agreement is valid and enforceable on its terms and that it is obligated to make all the payments due under the Settlement Agreement.

6. Represent that it will not seek any setoff or counterclaim in connection with the U.S. Government Merchant Settlement.

We understand that the market standard for issuing Securitization Notes requires that the notes be rated by both S&P and Moody's. In an attempt to make progress with MasterCard we have agreed to consider obtaining only one credit rating from S&P (MasterCard is only rated by S&P.). We believe that having a single-agency credit rating may reduce the proceeds to the Class, although at this point we cannot estimate the extent of any reduction. Lead Counsel, nevertheless, has concluded that it is in the interest of the Class to explore the effect of a single-agency rating. We remain concerned that MasterCard's commitments are not sufficient to permit the securitization to go to market.

We have had a recent follow-up conversation with S&P, and we intend this month to engage S&P formally to rate the Securitization Notes, which may require MasterCard's consent. After it is retained, S&P will advise us as to whether MasterCard's commitments are sufficient.

B. Status of Securitization of the Visa Settlement Fund

In 2006, Visa announced that it was reorganizing with the intention of becoming a publicly traded company. Because of complexities and uncertainties raised by Visa's reorganization and anticipated IPO, which is not set for completion until some point in early 2008, after consulting with our underwriters we have concluded that, at this time, securitizing the Visa Settlement Fund would be difficult and would likely result in an unwarranted discount that would significantly reduce the proceeds to the Class. Lead Counsel intends to begin the securitization process immediately following either the completion of the IPO or an announcement of a significant delay. In the event that the IPO continues to be delayed, we intend to begin the process no later than June 2008.

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Robin M. Wilcox
January 11, 2008
Page 3

## II. MASTERCARD'S POSITION ON THE STATUS OF SECURITIZATION

Under the MasterCard Settlement Agreement with the Class, MasterCard agreed that it would not oppose the Class' application to the Court to securitize the Settlement Fund and would provide "reasonable assistance" to the Class in the even it sought to do so. The "assistance" is expressly limited in the Settlement Agreement: "Such assistance should be limited to reasonably cooperating in providing information necessary for credit rating purposes." *See* MasterCard Settlement Agreement, ¶ 3(f).

Solely in an effort to resolve any dispute with the Class regarding the assistance to be provided by MasterCard if the Class pursued a securitization of the MasterCard Settlement Fund and expressly informing the Class that MasterCard's offer of assistance was for settlement purposes only, MasterCard told Class Counsel that it would provide the assistance outlined by Class Counsel above and remains willing to do so in order to resolve any dispute amicably and without requiring judicial intervention. If the settlement offer by MasterCard is ultimately not considered sufficient by the Class and it seeks judicial intervention to resolve the issue of the assistance required by MasterCard under the MasterCard Settlement Agreement, then MasterCard's settlement offer would not be admissible by the Class and could not be cited to or relied on by the Court.

## III. VISA'S POSITION ON THE STATUS OF SECURITIZATION

As reflected in the position on the status of securitization of Plaintiffs' Lead Counsel, lead counsel have not yet commenced efforts to securitize the Visa Settlement Fund given Visa's anticipated IPO.

Respectfully submitted,

By: *[signature]*
Robert L. Begleiter (RB-7052)
Jeffrey I. Shinder (JS-5719)
Amy N. Roth (AR-4534)
CONSTANTINE CANNON LLP
450 Lexington Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701

*Lead Counsel*

By: *[signature]*
Joseph F. Tringali (JT-9575)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorney for MasterCard International Incorporated*

CONSTANTINE | CANNON

Robin M. Wilcox
January 11, 2008
Page 4

NEW YORK | WASHINGTON

By: /s/ Robert C. Mason
Robert C. Mason (RM-1863)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022-4690
Telephone: 212-715-1088
Facsimile: 212-715-1399

*Attorney for Visa U.S.A. Inc.*

cc: The Honorable John Gleeson (by fax)