# CONSTANTINE | CANNON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON

March 12, 2008

**BY FACSIMILE & ECF**

The Honorable John Gleeson
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Visa Check/MasterMoney Antitrust Litigation (CV-96-5238)(JG)*

Dear Judge Gleeson:

    I write regarding Enterprise Rent-A-Car Company's ("Enterprise") February 13, 2008 letter to the Court and the Court's subsequent Order directing payment of $4,049,234 to Enterprise. Lead Counsel has no objection to making this payment, and we have taken all necessary steps to have the money paid promptly and expect that the check will be received today. However, because we were not copied on Enterprise's letter to the Court (even though it said we were), we wanted the opportunity to clarify certain statements that were made in that letter.

    Contrary to certain assertions in Enterprise's letter, our consultants, both The Garden City Group, Inc. ("GCG") and Mike McCormack, spent a tremendous amount of time and effort to locate all data attributable to Enterprise in the Visa Transactional Database to maximize their allocation. The consolidated estimated cash payment was the result of ongoing, individualized attention given to Enterprise's claim by GCG and Mr. McCormack over an extended period of time. Notwithstanding those efforts, Enterprise felt that it had additional locations in the Visa Database that were not being located by GCG or Mike McCormack. As a result, they challenged the claim. Nevertheless, our consultants, as they have been doing with other merchants that challenged on this basis, continued to search for these purportedly missing locations to no avail. This process, which continues for numerous large merchants, is labor intensive and time consuming.

    To substantiate their challenge in the absence of additional location data, Lead Counsel and its consultants repeatedly requested records of Enterprise's debit or credit volumes, which could give Lead Counsel or its economists a just and reasonable basis to increase its allocation. Enterprise has been unable to provide such records. Mr. McCormack even made a "last ditch effort" to locate Enterprise's annual debit and credit sales volumes in the database of a merchant processor used by Enterprise during part of the Class Period. He contacted an industry colleague at this processor, who in turn attempted to retrieve this data. Unfortunately, because Enterprise no longer used this processor, its account was in a closed state and this data could not be

101802.1

450 LEXINGTON AVENUE, NEW YORK, NY 10017   TELEPHONE: (212) 350-2700   FACSIMILE: (212) 350-2701   WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP

CONSTANTINE | CANNON

NEW YORK | WASHINGTON

Hon. John Gleeson
March 12, 2008
Page 2

retrieved. Repeated efforts to augment Enterprise's claim such as this one and those summarized above in large part explain the delays that Enterprise raised in its letter. After this final effort failed, we renewed our request for appropriate data from Enterprise, but they were unable to provide it.

As a result, Lead Counsel denied Enterprise's challenge because we simply have no reasonable basis to raise their allocation without additional data. With respect to approving payment of the portion of Enterprise's claim that has not been challenged, to avoid piecemeal payments to Class Members – a practice we have avoided for administrative purposes for all Class Members – we told Enterprise that, consistent with our treatment of other Class Members, we would authorize payment of their claim once its final contours were verified by the challenge process.

While we regret any delays Enterprise has experienced in this process, we wanted to assure the Court that they have received substantial support from Lead Counsel, GCG and Mike McCormack. Most importantly, they have been treated fairly, like any other Class Member, a practice we intend to faithfully maintain until this distribution is completed. We appreciate the Court's continuing attention to this process and are available to answer any questions it may have.

Respectfully,

Jeffrey I. Shinder

101802.1