UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE VISA CHECK/MASTERMONEY          ORDER
ANTITRUST LITIGATION                          96-CV-5238 (JG) (JO)

-------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        By letter dated March 13, 2008, Constantine Cannon LLP ("Lead Counsel") asked the Court to approve an engagement letter between Lead Counsel and Standard and Poor's ("S&P") "for the purpose of obtaining a credit rating so that Lead Counsel can make a final determination whether the securitization of the MasterCard International Inc. ('MasterCard') Net Settlement Fund ('Settlement Fund') is in the best interest of the Class." Lead Counsel also seeks approval "to pay S&P the initial rating fee, which would not exceed $350,000, and the annual rating surveillance fee, which is $15,000, from the Settlement Fund."

        In its March 13, 2008 application, Lead Counsel stated:

> The Settlement Agreement requires MasterCard to make annual installment payments to the Settlement Fund through December 22, 2012. Since the Settlement Agreement payments are set at fixed future dates, third-party investors would purchase financial instruments created by the securitization at a discount that represents the interest they would earn on their investment. As with corporate bonds, the interest rate (and therefore the discount to the Class) is based on MasterCard's creditworthiness, and the market's perception of MasterCard's willingness to fulfill its obligations under the Settlement Agreement. To assess the creditworthiness of this securitization, and to allow for comparisons of credit risk across diverse investment opportunities, investors typically rely on credit ratings issued by Nationally Recognized Statistical Rating Organizations ("NRSROs"). S&P and Moody's Investors service are the largest of these NRSROs. We have been advised by our bankers that it is standard to obtain at least one credit rating in order to market a securitization to investors. It is our understanding that without a credit rating the

>Class would incur a significant reduction in securitization proceeds, and it is possible that a deal could not be completed at all.
>
>Currently, MasterCard is rated as a corporation by S&P. Therefore, for our purposes, we only need S&P to rate the securitization, referred to as the "Obligations" in the Engagement Letter at paragraph 1. The ratings process for this transaction should not be substantially different from the process MasterCard has already undergone with S&P for its corporate rating.

After submitting the above application, the Special Master obtained the following additional information about Lead Counsel's application:

Lead Counsel informed the Special Master that both Joshua Slovik (financial adviser to the Class) and Bear Stearns[1] have indicated that, in their view, the fees set forth in the engagement agreement are reasonable under the circumstances.

Lead Counsel has decided not to seek a rating from Moody's because, given that MasterCard is not rated as a corporation by any agency other than S&P, (1) MasterCard would object if Lead Counsel sought a rating from Moody's; and (2) obtaining a rating from Moody's (or any other rating agency) would likely be a more costly and time-consuming process in any event.[2] In an email addressed to Lead Counsel and copied to the Special Master, MasterCard's counsel stated that MasterCard does not object to Lead Counsel's March 13 application.

---

[1] In May 2006, Lead Counsel entered into engagement agreements with underwriters Bear Stearns and Deutsche Bank to "assess whether it is in the best interests of the Class to securitize the Settlement Fund payments to be made by Visa and MasterCard." This Court approved the engagement of these firms on August 29, 2006.

[2] Professor Bernard Black, the Independent Expert this Court appointed in order to advise the Court on the securitization of the Settlement Funds, informed the Special Master that he believes that obtaining a rating is essential to the viability of the securitization effort, and agreed with the judgment of the Special Master that, because MasterCard is currently rated only by S&P, obtaining a rating from another source would likely be more time-consuming and costly than obtaining a rating from S&P.

Lead Counsel's March 13, 2008 application is granted. This Court hereby approves (1) the engagement letter between Lead Counsel and S&P; and (2) the payment, from the Settlement Fund, of the initial rating and annual rating surveillance fees.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 28, 2008
       Brooklyn, New York