# EXHIBIT A

JAMES G. LEYDEN, JR.
DIRECTOR
302-651-7620
LEYDEN@RLF.COM



RICHARDS
LAYTON &
FINGER

February 19, 2009

Robert L. Begleiter, Esquire
Constantine Cannon LLP
450 Lexington Avenue
17th Floor
New York, New York  10017

        Re:    <u>**Antitrust Settlement Trust Series 2008-MA Notes**</u>

Dear Bob:

        We are very pleased that Constantine Cannon LLP and Hagens Berman Sobol Shapiro LLP (the "Plaintiffs' Co-Lead Counsel") has retained us as special Delaware counsel in connection with the formation of Antitrust Settlement Trust (the "Trust") and the related issuance of the Trust's Series 2008-MA notes. Pursuant to your request, I am confirming in this letter the terms of our retention that were discussed last summer and included in our June 23, 2008 letter to you.

        In this connection, I am writing to set forth our understanding of the terms of our representation. It is anticipated that our role as special Delaware counsel to the Trust will involve providing advice regarding various issues arising under the Delaware Statutory Trust Act (the "Delaware Act") and the Delaware Uniform Commercial Code. In particular, we have been assisting with reviewing and furnishing comments with respect to the documents necessary to form the Trust. We also have been reviewing and furnishing comments with respect to the various documents to which the Trust will be a party. We will also be rendering an opinion as to (i) the due formation of the Trust under the Delaware Act, (ii) the power, authorization and enforceability of certain trust documents, (iii) perfection of security interests under Delaware law and (iv) various other issues of Delaware law. We will not be providing any advice regarding securities or tax law.

        Richards, Layton & Finger, P.A. is a large law firm with a national and international practice, with many existing clients and many new clients each year, which clients may include MasterCard and its affiliates. As a result, clients of the firm from time to time have business dealings, negotiations and sometimes disputes (including litigation) with other firm clients. So that we can fully serve all of our clients and prospective clients, our representation of the Trust is conditioned upon the agreement that neither the Trust nor anyone involved in the formation of the Trust will object to our representation of any other client or prospective client of our firm in any business dealing, negotiations or disputes (including litigation) provided that the matter in which we represent any party adverse to the Trust is not substantially related to any matter in which we are representing or have represented the Trust, and with the understanding that we will not disclose any confidential information we have received from the Plaintiffs' Co-Lead Counsel and the Trust and will not use any

Robert L. Begleiter, Esq.
February 19, 2009
Page 2

such information on behalf of any other party. This also means that we may obtain confidential information from other clients that might be of interest to the Plaintiffs' Co-Lead Counsel and the Trust but which we cannot share with the Plaintiffs' Co-Lead Counsel and the Trust.

We have also been retained to represent the Owner Trustee (Wilmington Trust Company) in its capacity as a trustee of the Trust in connection with its role as such trustee. Such representation will generally involve reviewing the documents for the purpose of furnishing the Owner Trustee with advice regarding its duties and liabilities. Upon consultation with us, we understand that you have consented to such additional representation and waive any possible conflict of interest with regard to this matter.

As I informed you, since this transaction is a unique financing transaction, it is particularly difficult to estimate our fees for this matter given the fact that there are many elements in this engagement that are not within our control (e.g., the number of documents we may be asked to review, the extent of the revisions thereto and the timing or complexity of any legal issues which we may be asked to research) and the scope of any legal opinions that we are asked to render. While we typically receive fees in excess of our firm's hourly rates when we render legal opinion letters, in this matter, we will agree to charge our hourly rates. My hourly rate is $610 per hour. Eric Mazie, a Director of our Firm and Group Leader of our Firm's Trust Group as well as the Chairperson of the Delaware Bar Committee responsible for the Delaware Statutory Trust Act and amendments thereto, also will work on this matter and Eric Mazie's hourly rate is $610 per hour. Bill Yemc, a Director of our Firm in the Uniform Commercial Code Group will be working on the Delaware Uniform Commercial Code opinion in this matter. Bill Yemc's hourly rate is $490 per hour. The hourly rates of associates assigned to this matter will range from $230 to $385 per hour. I would estimate that our fees would be in the range of $65,000 and $130,000. We will try to maintain a continuing awareness of the issue of cost-effectiveness, and will strive to not let our fees exceed the estimated amounts without first obtaining your approval to do so.

There are various categories of charges (for example, long distance phone charges, photocopying charges, filing fees and messenger fees) that will be billed to your account in addition to our fees for services.

If you have any questions about any of the matters set forth in this letter, please feel free to contact me. Otherwise, I will assume that they are satisfactory to you.

Thank you again for selecting us to serve as special Delaware counsel for you in connection with this matter. We look forward to continuing to work with you and your colleagues on this interesting and novel transaction.

Very truly yours,

James G. Leyden, Jr.

JGL/dmh