# CONSTANTINE | CANNON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON

**Robert L. Begleiter**
Attorney at Law
212-350-2707
rbegleiter@constantinecannon.com

April 2, 2009

<u>**VIA FAX AND ECF**</u>

The Honorable John Gleeson
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>In Re Visa Check/MasterMoney Antitrust Litigation ( CV-96-5238)</u>

Dear Judge Gleeson:

    In accordance with the Court's April 1 Order, Lead Counsel writes to respectfully detail the circumstances that resulted in the potential discount range for the securitization being disclosed to Wal-Mart and certain other class members.

    On March 26, the day before the original deadline for the filing of objections, Lead Counsel was contacted by the Food Marketing Institute (the "FMI") to conduct an urgent briefing by conference call for certain FMI members about the securitization. Lead Counsel represented the FMI as a named plaintiff in the lawsuit and had routinely communicated to the supermarket industry through the FMI about the plan of allocation. Prior to the call, Lead Counsel was advised by the FMI that certain FMI members were concerned that the potential discount range had not been disclosed to the Class in Lead Counsel's motion for final approval of the securitization and that they were threatening to object as a result.

    The call was attended by Wal-Mart, Target, Kroger, Safeway and possibly several other supermarkets that did not identify themselves. Lead Counsel began the call by explaining the rationale for not publicizing the discount range, including that the decision had been approved by the Court and was designed to maximize the proceeds of the securitization. Lead Counsel also stated that anything discussed on the call should be kept strictly confidential. Confronted with the merchants' strongly voiced concerns about their inability to assess the securitization without knowing the potential discount, Lead Counsel proceeded to explain that it appeared likely that the securitization could be completed at a spread over U.S. Treasuries as set forth in paragraph 29 of the unredacted Declaration of Joshua J. Slovik, dated March 4, 2009, and on page 24 of the

113270.1

CONSTANTINE | CANNON

The Honorable John Gleeson
April 2, 2009
Page 2

NEW YORK | WASHINGTON

unredacted Memorandum In Support Of Lead Counsel's Motion To Approve The Securitization Of The MasterCard Settlement Account Payments, dated March 5, 2009. We also explained that, based on the current performance of the market we anticipate that the number likely will be closer to the bottom of the range. Lastly, we explained that, if the Court approves the securitization, Lead Counsel will not have authority to complete the securitization at a discount above the range and that we also could decline to complete the securitization at a discount within the range with the Court's ultimate approval. Given the merchants' concerns about the lack of information, Lead Counsel felt compelled to disclose this information to address their concerns.

After reflecting on our interactions with merchants over the securitization, we are concerned that the possibility of litigation and appeals could undermine our ability to complete the transaction. Therefore, we now think that the potential discount range should be disclosed to the entire class to give all approved claimants the same information that was given to the merchants on the FMI call. Accordingly, Lead Counsel is prepared to post the unredacted version of the Slovik Declaration and the Memorandum of Law to the case website and Lead Counsel's website, unless the Court would prefer Lead Counsel to proceed otherwise.

If the Court has any questions, Lead Counsel will, of course, respond promptly.

Respectfully submitted,

Jeffrey I. Shinder

Robert L. Begleiter

cc:   Robin Wilcox, Special Master (via email)

113270.1

450 LEXINGTON AVENUE, NEW YORK, NY 10017   TELEPHONE: (212) 350-2700   FACSIMILE: (212) 350-2701   WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP