UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE                                                            :   MASTER FILE NO:
VISA CHECK/MASTERMONEY ANTITRUST     :   CV-96-5238
LITIGATION                                                   :   (Gleeson, J.)
-----------------------------------------------------------------x
This Document Relates To                             :
All Actions:                                                   :
                                                                   :
-----------------------------------------------------------------x

### DECLARATION OF ROBERT L. BEGLEITER

Pursuant to 28 U.S.C. § 1746, Robert L. Begleiter declares as follows:

1.  I am an attorney admitted to practice in the State of New York and in the United States District Court for the Eastern District of New York. I am a member of Constantine Cannon LLP, Co-Lead Counsel along with Hagens Berman Sobol Shapiro LLP (together, "Lead Counsel") for the Plaintiff Class in this action. This declaration is submitted pursuant to the Court's March 6, 2009 Order to Show Cause (the "March 6 Order"), as amended March 30, 2009, and in support of Lead Counsel's Motion to Approve the Securitization of the MasterCard Settlement Account Payments (the "Securitization Motion"). A true and correct copy of the March 6 Order is annexed hereto as Exhibit A.

2.  On March 6, 2009, Lead Counsel filed its Securitization Motion requesting that the Court approve Lead Counsel's proposal to securitize the remaining four settlement payments due from Defendant MasterCard International Inc. totaling $400 million. In connection with the Securitization Motion, the Court issued the March 6 Order setting forth a briefing schedule and a hearing date for the Securitization Motion.

3.  The March 6 Order also required the immediate posting of the March 6 Order, the memorandum in support of the Securitization Motion, and the declarations of Robert L.

1

113111.5

Begleiter, Esq. (and exhibits annexed thereto), Joshua J. Slovik, and Neil L. Zola on the case website at www.inrevisacheckmastermoneyantitrustlitigation.com and Lead Counsel's website at www.constantinecannon.com.[1] *See* Exhibit A at 2. The March 6 Order further required Lead Counsel to file, on or before April 2, 2009, a declaration identifying the information regarding the proposed securitization Lead Counsel provides to Class Members in any trade publications, the dates of such disclosures, and the names of the periodicals. *See id.* The following sets forth the efforts undertaken by Lead Counsel to date in connection with the publication directed by the March 6 Order, as well as additional publications undertaken by Lead Counsel in connection with the docketing of the report of the Independent Expert, Professor Bernard Black (the "Independent Expert Report"), concerning the advisability of the proposed securitization, and the amendment of the March 6 Order.

**Disclosures Made On Or About March 6, 2009**

4. In accordance with the March 6 Order, that same day Lead Counsel posted a notice regarding the Securitization Motion, entitled "Merchant Advisory On Securitizing The MasterCard Settlement Account Funds" ("March 6 Merchant Advisory") which was prominently placed on the case website and Lead Counsel's website. Those postings remain active to date. Annexed hereto as Exhibit B are true and correct copies of a print-out of the case website home page and a "screen shot" of the March 6 Merchant Advisory posting at the case website. Annexed hereto as Exhibit C are true and correct copies of screen shots of Lead Counsel's home page and the March 6 Merchant Advisory posted at that website.

5. The March 6 Merchant Advisory informs Class Members of the Securitization

---

[1] In addition, the March 6 Order required Lead Counsel to serve by mail, on or before March 6, copies of each of these same documents to "all parties who have appeared in this or any related case." *See* March 6 Order at 2. Lead Counsel, therefore, served the documents by mail on each party that filed a Notice of Appearance in this action. Lead Counsel did not, however, send a mailing to each of the 700,000 Class Members that filed an approved claim.

113111.5

Motion, the briefing schedule set forth in the March 6 Order, and the hearing date for the Securitization Motion. The March 6 Merchant Advisory also instructs Class Members on how to navigate the case website to obtain the actual papers filed in support of the Securitization Motion and contains a direct link to the case website page with links to such documents. In addition, the March 6 Merchant Advisory posted at Lead Counsel's website itself contains direct links to such documents. *See* Exhibit C. The documents made available were the (i) March 6 Order; (ii) Memorandum in Support of Lead Counsel's Motion to Approve the Securitization of the MasterCard Settlement Account Payments; (iii) Proposed Order; (iv) Declaration of Robert L. Begleiter, Esq. (with exhibits); (v) Declaration of Joshua J. Slovik; and (vi) Declaration of Neil L. Zola.[2] Annexed hereto as Exhibit D is a true and correct copy of a print-out of the case website page providing direct links to those documents.

6. On March 6, 2009, Lead Counsel also issued a press release to Class Members on the PR Newswire (the "March 6 Press Release"). That notice was substantially similar to the March 6 Merchant Advisory. Annexed hereto as Exhibit E is a true and correct copy of the March 6 Press Release.

7. Additionally, the March 6 Merchant Advisory was also directly provided via electronic mail on March 6, 2009, to the following trade groups:

    (i)    American Petroleum Institute;
    (ii)   Food Marketing Institute;
    (iii)  National Association of Chain Drug Stores;
    (iv)  National Association of College Stores;
    (v)   National Association of Convenience Stores;
    (vi)  National Association of Travel Plazas and Truckstops;
    (vii) National Council of Chain Restaurants;

---

[2] The Independent Expert Report was posted on March 27, 2009, immediately after it was docketed. As set forth in my correspondence to the Court of that same date, Lead Counsel has posted the report on both the English and Spanish language pages of the case website and Lead Counsel's website.

113111.5

(viii) National Grocers Association;
(ix) National Restaurant Association;
(x) National Retail Federation;
(xi) Petroleum Marketers Association of America; and
(xii) Retail Industry Leaders Association.

8. On March 10, 2009, upon completion of the translation, Lead Counsel issued a Spanish version of the March 6 Press Release to the PR Newswire-Hispanic PR Newswire. Annexed hereto as Exhibit F is a true and correct copy of a print-out of the Spanish version of the March 6 Press Release. A link to the Spanish version of the March 6 Press Release was also provided at Lead Counsel's website on March 10 and remains active to date. *See* Exhibit C (home page of Lead Counsel reflecting Spanish language notice issued on March 10).

9. Also on March 10, 2009, the Spanish version of the March 6 Merchant Advisory was posted at the case website. Annexed hereto as Exhibit G are true and correct copies of print-outs of the Spanish versions of the case website homepage and the page providing direct links to the documents listed in Paragraph 5, above, as well as a screen shot of the Spanish version of the March 6 Merchant Advisory posted at the case website.

**Disclosures Made In Trade Periodicals**

10. Although Lead Counsel previously published Class notifications in print versions of certain trade publications, the Claims Administrator informed us that, due to lead times, none of the trade publications could publish notices in their hard copy publications that would appear prior to the March 27, 2009 deadline for filing objections. As a result, Lead Counsel made disclosures regarding the Securitization Motion on the online versions of six trade periodicals in addition to the direct emails sent on March 6 to the twelve trade groups.

11. Specifically, Lead Counsel posted banner advertisements on the online versions of the following trade publications, each of which were live for five days from March 16 to

4                                                                                                     113111.5

March 20, 2009:[3]

    (i)    Chain Store Age;
    (ii)    Convenience Store News;
    (iii)    Retailing Today (formally known as DSN Retailing Today);
    (iv)    Retail Merchandiser;
    (v)    RIS/Retail Info Systems News; and
    (vi)    Stores.[4]

The banner advertisements advised Class Members that Lead Counsel is seeking Court approval to securitize the MasterCard Settlement Account Payments. The banner advertisements also provided a link to the case website for Class Members seeking additional information. Annexed hereto as Exhibit H are true and correct copies of screen shots of the banner advertisements posted at the online versions of these trade publications.

**Additional Disclosures**

12.    On March 13, 2009, notice of the Securitization Motion also was published in The Wall Street Journal and USA Today. Those notices were substantially similar to the March 6 Press Release and March 6 Merchant Advisory, but they also contained a subheading in Spanish informing Class Members to visit the case website for additional information. Annexed hereto as Exhibits I and J are true and correct copies of the March 13 notices in The Wall Street Journal and USA Today.

13.    Lead Counsel also posted banner advertisements on the following websites, each of which were substantially similar to the banner advertisements posted on the online versions of the trade publication and were live for five days from March 16 to March 20, 2009:

    (i)    24/7 RON;
    (ii)    AOL;

---

[3]    Retail Merchandiser also ran the banner advertisement on March 21, 2009.

[4]    Lead Counsel also sought to publish notice of the Securitization Motion in online versions of Mass Market Retailers and Supermarket News. However, the Claims Administrator informed us that neither publication had availability for advertising on its website.

113111.5

      (iii)    AOL Latino (Spanish language);
      (iv)    CNN;
      (v)    Weather; and
      (vi)    Univison (Spanish language).

Annexed hereto as Exhibit K are true and correct copies of screen shots of the banner advertisements posted at these websites.

14. In addition to the efforts to provide notice in Spanish of the Securitization Motion mentioned above, Lead Counsel published Spanish versions of notices in twenty-four Spanish language newspapers across the country. Annexed hereto as Exhibit L is a true and correct copy of a list of those newspapers provided by the Claims Administrator and true and correct copies of twenty-three corresponding tear sheets from those newspapers.[5]

**Amendment Of The March 6 Order**

15. On March 30, 2009, at Lead Counsel's request, the Court amended the briefing schedule in the March 6 Order as a result of the delayed filing and posting of the Independent Expert Report. Pursuant to the amended briefing schedule, objections to the Securitization Motion were adjourned from March 26, 2009 to April 13, 2009, and Lead Counsel's responses to any objections were adjourned from April 13, 2009 to April 20, 2009. The hearing on the Securitization Motion was also adjourned from April 20, 2009 to April 24, 2009.

16. On March 31, 2009, Lead Counsel posted a Merchant Advisory (the "March 31 Merchant Advisory"), informing Class Members of the change in schedule and the filing of the Independent Expert Report, to the home pages of both the case website and Lead Counsel's website. Annexed hereto as Exhibit M are true and correct copies of a print-out of the case website home page and a screen shot of the March 31 Merchant Advisory posting at the case website. Annexed hereto as Exhibit N are true and correct copies of screen shots of Lead

---

[5] The Claims Administrator is waiting for the last tear sheet.

Counsel's home page and the March 31 Merchant Advisory posted at that website. Those postings remain active to date.

17. As with the March 6 Merchant Advisory, the March 31 Merchant Advisory instructs Class Members on how to navigate the case website to obtain the actual papers filed in support of the Securitization Motion and contains a direct link to the case website page with links to the documents listed in paragraph 5, above, in addition to the Independent Expert Report. In addition, the March 31 Merchant Advisory posted at Lead Counsel's website itself contains direct links to such documents as well. *See* Exhibit N. Those postings remain active to date.

18. On March 31, 2009, Lead Counsel also issued a press release to Class Members on the PR Newswire (the "March 31 Press Release"). That notice was substantially similar to the March 31 Merchant Advisory posted at the case website and at Lead Counsel's website. Annexed hereto as Exhibit O is a true and correct copy of the March 31 Press Release.

19. Additionally, the March 31 Merchant Advisory was also directly provided via electronic mail on March 31, 2009, to the same trade groups listed in Paragraph 7, above.[6]

20. On April 1, 2009, upon completion of the translation, Lead Counsel issued a Spanish version of the March 31 Press Release to the PR Newswire-Hispanic PR Newswire. Annexed hereto as Exhibit P is a true and correct copy of a print-out of the Spanish version of the March 31 Press Release. A link to the Spanish version of the March 31 Press Release was also posted at Lead Counsel's website on April 1 and remains active to date. *See* Exhibit N (home page of Lead Counsel reflecting Spanish language notice issued on April 1).

21. Also on April 1, 2009, the Spanish version of the March 31 Merchant Advisory was posted at the case website. Annexed hereto as Exhibit Q are true and correct copies of print-

---

[6] Due to a technical problem with a link to a document, a corrected copy of the March 31 Merchant Advisory was provided to these trade groups again on April 1, 2009.

113111.5

outs of the Spanish versions of the case website homepage and the page providing direct links to the documents referenced in Paragraph 17, above, as well as a screen shot of the Spanish version of the March 31 Merchant Advisory posted at the case website.

22. As with prior efforts to publicize the Securitization Motion, lead times for advertising in print versions of trade publications precluded publishing any notices prior to the April 13 deadline for filing objections. As a result, Lead Counsel is presently preparing to post revised banner advertisements on the online versions of the trade publications listed in Paragraph 11, above. Annexed hereto as Exhibit R is a true and correct copy of the text of the banner advertisements Lead Counsel anticipates posting on those websites. The Claims Administrator has asked the trade publications to run these banner advertisements from April 6 to April 10, 2009, the earliest possible dates under existing lead times.

23. Lead Counsel also will run revised notices in The Wall Street Journal and USA Today. The Claims Administrator has asked those publications to run the notices on April 9, 2009. Annexed hereto as Exhibit S is a true and correct copy of the text of those notices.

24. In addition, Lead Counsel will post revised banner advertisements on the websites listed in Paragraph 13, above, which will be substantially similar to the banner advertisements posted on the online versions of the trade publication. *See* Exhibit R. The Claims Administrator has asked these websites to run the banner advertisements from April 6 to April 10, 2009.

25. Finally, Lead Counsel will run notices in the Spanish language newspapers listed in Exhibit L.[7] The Claims Administrator has asked those newspapers to run the notices on various days between April 6 and April 10, 2009. Annexed hereto as Exhibit T is a true and correct copy of the text of those notices.

---

[7] This run will also include a notice in La Prensa, which was scheduled to run the original notice but was unable to due to a production error.

113111.5

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Dated: April 2, 2009
      New York, NY

_____
Robert L. Begleiter

113111.5