UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IN RE

VISA CHECK/MASTERMONEY ANTITRUST      ORDER TO SHOW CAUSE
LITIGATION
----------------------------------------------------------------X      MASTER FILE NO.
This Document Relates to      96-CV-5238 (JG)(JO)
All Actions
----------------------------------------------------------------X

       On March 6, 2009, I issued an order commencing a process that could result in approving the securitization of the remaining MasterCard Settlement Account payments. At the request of Lead Counsel, a critical piece of information was filed under seal. Specifically, the maximum discount rate (expressed as a spread over U.S. Treasuries) at which Lead Counsel would be authorized to complete the securitization was sealed. Lead Counsel was of the view that the disclosure of that information would impair its ability to negotiate the best possible rate for the class.

       On March 26, 2009, a small group of large named plaintiffs in the case complained to Lead Counsel about the information gap, *i.e.*, the fact that they had to decide whether to oppose securitization without knowing the upper limit on the possible discount rate. Without seeking Court approval, Lead Counsel simply disclosed the sealed information to those plaintiffs.

       While the Court understands that Lead Counsel disclosed the sealed information to its own clients, the plaintiff class in this case includes about 750,000 merchants. At the time the March 6 order was issued, the Court understood that, in the best interests of the entire class, the sealed information would not be disclosed to any members of the class (named plaintiffs or otherwise). Lead Counsel should have sought the approval of the Court before disclosing information that had, at its own request, been filed under seal.

1

In an April 2, 2009 submission, Lead Counsel informed me that it is prepared to publish the potential discount range on the case website and Lead Counsel's website. It also informed me, however, that it disclosed this range to the group of named plaintiffs only after urging that the information be kept strictly confidential. Lead Counsel is ORDERED to show cause on or before April 8, 2009 why it cannot treat all class members fairly with regard to this information without publicly disclosing the potential discount range.

Lead Counsel is FURTHER ORDERED to show cause on or before April 17, 2009 why the procedure for securitization should not be amended to require Lead Counsel to complete the securitization at a discount rate within the approved range. In this regard, the Court's concern is based in part on Professor Black's opinion that a securitization within that range could be financially advantageous for the overwhelming majority of the merchant class but financially neutral for a small number of large, well-capitalized merchants. Lead Counsel's disclosure of sealed information to a small group of large, well-capitalized merchants almost immediately upon their complaint may warrant revisiting the authority of Lead Counsel contemplated by the proposed order approving securitization.

_____/s/_____

Dated: April 7, 2009
      Brooklyn, New York

John Gleeson
United States District Judge