UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE                                                          :   MASTER FILE NO.
                                                               :   CV-96-5238
VISA CHECK/MASTERMONEY ANTITRUST    :   (Gleeson, J.) (Orenstein M.J.)
LITIGATION                                                :
                                                               :
---------------------------------------------------------------x
This Document Relates To:                          :
All Actions                                                  :
                                                               :
                                                               :
---------------------------------------------------------------x

# REPLY MEMORANDUM IN RESPONSE TO THE OBJECTION OF MASTERCARD INTERNATIONAL INCORPORATED TO THE PROPOSED ORDER GRANTING LEAD COUNSEL'S MOTION TO APPROVE THE SECURITIZATION OF THE MASTERCARD SETTLEMENT ACCOUNT PAYMENTS

Respectfully submitted,

**Constantine Cannon LLP**
    Robert L. Begleiter (RB-7052)
    Jeffrey I. Shinder (JS-5719)
    Jason J. Enzler (JE-2475)
450 Lexington Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701
E-Mail: rbegleiter@constantinecannon.com

*Co-Lead Counsel for the Plaintiff Class*

**Hagens Berman Sobol Shapiro LLP**
    George W. Sampson (GS-8973)
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-Mail: george@hbsslaw.com

*Co-Lead Counsel for the Plaintiff Class*

# TABLE OF CONTENTS

**Preliminary Statement** ............................................................................................................. 1

**Argument** .................................................................................................................................. 2

    **Relevant Background** ..................................................................................................... 2

    **MasterCard's Objection Is Unfounded** ........................................................................... 4

**Conclusion** ............................................................................................................................... 5

113592.3

Constantine Cannon LLP and Hagens Berman Sobol Shapiro LLP ("Lead Counsel") respectfully submit this reply memorandum of law, together with the Declarations of Joshua J. Slovik and Amianna Stovall, both dated April 20, 2009 (respectively, the "Slovik Decl." and the "Stovall Decl."), in response to the objection of MasterCard International Incorporated ("MasterCard") to the Proposed Order Approving Securitization Of MasterCard Settlement Account Payments (the "Proposed Order") submitted in connection with Lead Counsel's Motion to Approve the Securitization of the MasterCard Settlement Account Payments (the "Securitization Motion").

## Preliminary Statement

In order to effectively market the proposed securitization, the selling documents need to disclose the associated risks. *See* Slovik Decl. at ¶ 8. Thus, in order for potential investors to make an assessment of the risks associated with MasterCard's obligation to make the settlement payments, they need to know if MasterCard's obligation is at all contingent. *Id.* In particular, investors need to know if MasterCard's payment obligations are at all contingent on any obligations of the Class Plaintiffs. Concomitantly, to the extent MasterCard's payment obligations are independent of any obligations of the Class Plaintiffs, such information should also be disclosed. *Id.*

In accordance with the foregoing principles, in the Proposed Order submitted in connection with the Securitization Motion, the Fifth "Whereas" clause provides that "Plaintiff Class had no obligations to fulfill under the Settlement Agreement." *See* Stovall Decl., Ex. A at 2. MasterCard now seeks to have that clause stricken, contending that the Plaintiff Class has at least six identified "obligations" under the terms of the MasterCard Settlement Agreement, and possibly more.

113592.3

Many of the "obligations" that MasterCard has identified, are in fact, are not obligations, but rather rights of the Class Plaintiffs and the means for enforcing those rights. In any event, MasterCard has failed to distinguish between any affirmative obligations of the Class Plaintiffs that might affect MasterCard's payment obligations, and obligations that are entirely independent of those payment obligations. Accordingly, MasterCard's Objection should be denied and Lead Counsel's Securitization Motion granted.

## **Argument**

### **Relevant Background**

In February 2009, in an effort to address any concerns MasterCard might have with the Proposed Order in advance of making the Securitization Motion, Lead Counsel provided MasterCard with a draft of the Order. *See* Stovall Decl., Ex. B. In response, counsel for MasterCard suggested that the Fifth Whereas clause should be deleted because "we are not sure what obligations you refer to; we can't think of what obligations the Plaintiffs had." *See* Stovall Decl., Ex. C. Accordingly, Lead Counsel suggested modifying the Fifth Whereas clause to reflect counsel for MasterCard's comments, providing as follows:

> WHEREAS the Plaintiff Class had no obligations to fulfill under the Settlement Agreement.

*Id.* Counsel for MasterCard did not respond with any alternative proposed language, but simply requested that Lead Counsel make no representation to the Court that MasterCard was in agreement with the language in the Proposed Order. *See id.*

On March 6, 2009, Lead Counsel filed the Proposed Order in connection with the Securitization Motion. *See* Stovall Decl., Ex. D. On March 23, 2009, MasterCard filed the

113592.3

instant objection, requesting that the Fifth Whereas clause be stricken. MasterCard now contends that the Settlement Agreement expressly provides that the Plaintiff Class has various obligations, including, but not limited to, the following:

> 29. Plaintiffs shall look solely to the Settlement Agreement for settlement and satisfaction against MasterCard of all claims that are released hereunder . . .
>
> 30. . . . Each Class member hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any Released Party based, in whole or in part, upon any of the Released Claims.
>
> 34. . . . The Settling Parties and their respective counsel agree that . . . all materials produced by, or information discovered of, or records of information discovered of, the Settling Parties . . . that contain Confidential Information . . . shall be destroyed or returned to the producing party.
>
> 41. (a) The Settling Parties hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Eastern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement . . . .
>
> (b) In the event that the provisions of this Settlement Agreement are asserted by MasterCard as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any other suit, action or proceeding by a Plaintiff, it is hereby agreed that MasterCard shall be entitled to stay . . . . [T]he Settling Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of such court, or that such court is, in any way, an improper venue or an inconvenient forum.
>
> 42. In the event that any party does not fulfill any of its obligations under the Settlement Agreement, Plaintiffs' Co-Lead Counsel or MasterCard may seek from the Court any and all relief they believe appropriate.

*See* Objection Of MasterCard To Proposed Order Regarding Securitization, dated March 23, 2009 (the "MasterCard Objection") at 1-2.

In response to the MasterCard Objection, Lead Counsel agreed to amend the Proposed Order to identify the obligation of Class Plaintiffs to return or destroy MasterCard's confidential

information, but was not otherwise prepared to modify the Proposed Order, because the other purported "obligations" identified by MasterCard were in reality more in the nature of agreements, or rights, and the means for their enforcement. *See* Stovall Decl., Ex. D.[1] This, however, was unsatisfactory to counsel for MasterCard and subsequent efforts to resolve MasterCard's objection were unavailing. *See* Stovall Decl. at ¶¶ 2-3 .

**MasterCard's Objection Is Unfounded**

The sole affirmative obligation of the Class Plaintiffs raised by MasterCard is to destroy or return the Confidential Information of the producing party upon MasterCard's final settlement payment. *See* MasterCard Objection at 2. That obligation, however, only arises *after* MasterCard makes its final settlement payment. Accordingly, MasterCard's payment obligation is not at all dependent on Class Plaintiff's compliance with this "obligation." In any event, Lead Counsel has agreed to modify the Proposed Order to reflect this "obligation."

The other purported "obligations" identified by MasterCard are, as set forth above, more in the nature of agreements, or rights, and the means for their enforcement. And, as also noted above, MasterCard's obligation to make the settlement payments is entirely independent of these purported "obligations." In such circumstances, to characterize them as "obligations," as MasterCard now seeks, will only make it more difficult for investors to properly assess the risks

---

[1] A copy of the Amended Proposed Order is annexed to the Stovall Decl. as Ex. E.

associated with the securitization, leading to uncertainty and a less successful securitization. Accordingly, further modification of the Proposed Order simply is not warranted.

## Conclusion

For the foregoing reasons, it is respectfully submitted that MasterCard's Objection should be denied and the Proposed Order, as amended, should be approved pending approval of the Securitization Motion.

Dated: New York, New York
April 20, 2009

Respectfully submitted,

By: _____

**Constantine Cannon LLP**
Robert L. Begleiter (RB-7052)
Jeffrey I. Shinder (JS-5719)
Jason J. Enzler (JE-2475)
450 Lexington Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701
E-Mail: rbegleiter@constantinecannon.com
*Co-Lead Counsel for the Plaintiff Class*

**Hagens Berman Sobol Shapiro LLP**
George W. Sampson (GS-8973)
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-Mail: george@hbsslaw.com
*Co-Lead Counsel for the Plaintiff Class*

113592.3