# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE                                                      :
                                                           :   MASTER FILE NO.
VISA CHECK/MASTERMONEY ANTITRUST    :   CV-96-5238
LITIGATION                                             :   (Gleeson, J.) (Orenstein M.J.)
                                                           :
-----------------------------------------------------------x
This Document Relates To:                        :
All Actions                                                :
                                                           :
                                                           :
-----------------------------------------------------------x

## [PROPOSED] ORDER APPROVING SECURITIZATION OF MASTERCARD SETTLEMENT ACCOUNT PAYMENTS

Upon the motion of Constantine Cannon LLP and Hagens Berman Sobol Shapiro LLP, Lead Counsel, on behalf of the Plaintiff Class to approve the securitization of the MasterCard International Incorporated ("MasterCard") settlement payments, the Court, having considered all matters submitted to it at the hearing held on _____, 2009 and the supporting papers filed with the Court with respect to the motion, including the Declaration of Robert L. Begleiter, Esq., dated March 5, 2009, and exhibits attached thereto ("Begleiter Declaration"), the Declaration of Joshua J. Slovik, dated March 4, 2009, the Declaration of Neil L. Zola, dated October 6, 2008, Lead Counsel's memorandum supporting the motion, the report of the Court appointed Independent Expert, Professor Bernard Black, dated _____, and upon all other papers and proceedings had herein, hereby **GRANTS** the motion.

**WHEREAS** the Court possesses jurisdiction over this matter and the Plaintiff Class and MasterCard in this matter, including jurisdiction to grant the motion and enter this order;

**WHEREAS** the Plaintiff Class and MasterCard filed with the Court an executed settlement agreement ("Settlement Agreement") on June 4, 2003 that the Court approved on December 19, 2003 and which became final on June 1, 2005 after the denial of or expiration of

112160.4

all time for appeals;

**WHEREAS** the Amended Plan of Allocation was submitted to the Court on August 16, 2005 as directed by the Court's August 2, 2005 Order;

**WHEREAS** the Settlement Agreement and the Amended Plan of Allocation provide for the securitization of the MasterCard Settlement Fund Account payments ("Securitization") and the proposed Securitization is consistent with the provisions set forth therein;

**WHEREAS** the Plaintiff Class had no obligations to fulfill under the Settlement Agreement;

**WHEREAS** MasterCard is obligated under the Settlement Agreement to make four additional payments of $100 million each into the Settlement Fund Account on or before the following dates: December 22, 2009, December 22, 2010, December 22, 2011, and December 22, 2012 (the "Future Payments");

**WHEREAS** MasterCard is prohibited from making a prepayment at a discount of any Future Payments due under the Settlement Agreement and the Amended Plan of Allocation once the Securitization is completed; and

**WHEREAS** notice of the motion was made available to the public on the case website at http://www.inrevisacheckmastermoneyantitrustlitigation.com and was mailed to all parties appearing in this case, it is hereby

**ORDERED** that the motion is **GRANTED**;

**ORDERED** that Lead Counsel on behalf of the Plaintiff Class may proceed with the Securitization as proposed in the Begleiter Declaration, supporting memorandum, and other papers submitted in support of the motion;

**ORDERED** that Lead Counsel is authorized and has all requisite power and authority to

act as binding representative and agent of the Plaintiff Class for all matters related to the Securitization and to execute (through the signatures of either Robert L. Begleiter or Jeffrey I. Shinder on behalf of Constantine Cannon LLP and of George W. Sampson on behalf of Hagens Berman Sobol Shapiro LLP), deliver and perform on behalf of the Plaintiff Class all documents necessary or advisable to complete the Securitization, including but not limited to the authorization to create the Trust (as defined in the supporting memorandum) and all matters related thereto, and upon such execution and delivery by Lead Counsel, all documents relating to the Securitization to which Lead Counsel is party shall constitute legal, valid, and binding obligations of and be enforceable against the Plaintiff Class in accordance with their terms;

**ORDERED** that the conveyance of the Plaintiff Class' rights to receive all Future Payments and all rights and interests relating will, when effectuated, constitute an absolute sale in that the Plaintiff Class will transfer immediately all rights and interests to receive the Future Payments upon the completion of the Securitization;

**ORDERED** that the transfer by Lead Counsel to the Trust of control over withdrawals from the Settlement Fund Account in accordance with the documents relating to the Securitization does not conflict with the requirement of Paragraph 3 of the Settlement Agreement that all requests for withdrawals from the Settlement Fund Account be signed by Lead Counsel;

**ORDERED** that the Trust will, effective as of the conveyance of the Plaintiff Class' rights described above, have the right to enforce all rights and powers related to the Future Payments granted to the Plaintiff Class under the Settlement Agreement and the Amended Plan of Allocation, including but not limited to the power to seek relief from this Court pursuant to Paragraph 43 of the Settlement Agreement to compel MasterCard to fulfill its payment obligations into the Settlement Fund;

**ORDERED** that Lead Counsel is authorized to complete the Securitization at a rate equal to or lesser than the maximum discount rate set forth in the memorandum supporting the motion, but if, after consulting with the Independent Expert, Lead Counsel determines the Securitization should not be completed despite obtaining a discount rate for the Securitization notes equal to or lesser than the maximum rate set forth in the memorandum supporting the motion, Lead Counsel shall not complete the transaction and shall so notify the Court; and

**ORDERED** that, other than this order and according to the relief set forth herein, notice provided to the Plaintiff Class on the case website and to the parties appearing in this action by mail is sufficient and adequate such that no additional consent, approval, order, or authorization by this Court, filing with this Court, or notice to this Court, the Plaintiff Class, or the parties appearing in this action is required in connection with the execution, delivery, or performance by Lead Counsel of the documents necessary to complete the Securitization.

Dated: _____
         Brooklyn, New York

                                                    _____
                                                    HONORABLE JOHN GLEESON
                                                    UNITED STATES DISTRICT JUDGE