# EXHIBIT D

# Stovall, Amianna

| | |
|---|---|
| **From:** | Stovall, Amianna |
| **Sent:** | Monday, April 06, 2009 5:17 PM |
| **To:** | jtringali@stblaw.com |
| **Cc:** | Begleiter, Robert |
| **Subject:** | MasterCard Securitization |
| **Attachments:** | proposed securitization order -MC objection.DOC |



proposed
ecuritization order ..

Joe:

Per your conversation with Bob Begleiter, attached is an amended Proposed Order regarding the MasterCard Securitization which we believe addresses the concerns MasterCard raised in its objection. All changes are highlighted in yellow. Please contact me with any comments you may have.

--Amianna

**Amianna Stovall**
Partner
CONSTANTINE | CANNON
450 Lexington Avenue
New York, New York 10017
Direct: (212) 350-2739
Fax: (212) 350-2701
Email: astovall@constantinecannon.com
Website: www.constantinecannon.com

1

CC Draft - 4/6/09

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE                                                       :      MASTER FILE NO.
                                                            :      CV-96-5238 (Gleeson, J.)
VISA CHECK/MASTERMONEY ANTITRUST      :
LITIGATION                                                  :
                                                            :
------------------------------------------------------------x
This Document Relates To:                              :
All Actions                                                 :
                                                            :
                                                            :
------------------------------------------------------------x

## [AMENDED PROPOSED] ORDER APPROVING SECURITIZATION OF MASTERCARD SETTLEMENT ACCOUNT PAYMENTS

Upon the motion of Constantine Cannon LLP and Hagens Berman Sobol Shapiro LLP, Lead Counsel, on behalf of the Plaintiff Class to approve the securitization of the MasterCard International Incorporated ("MasterCard") settlement payments, the Court, having considered all matters submitted to it at the hearing held on April 24, 2009 and the supporting papers filed with the Court with respect to the motion, including the Declaration of Robert L. Begleiter, Esq., dated March 5, 2009, and exhibits attached thereto ("Begleiter Declaration"), the Declaration of Joshua J. Slovik, dated March 4, 2009, the Declaration of Neil L. Zola, dated October 6, 2008, Lead Counsel's memorandum supporting the motion, the report of the Court appointed Independent Expert, Professor Bernard Black, dated March 6, 2009 and upon all other papers and proceedings had herein, hereby **GRANTS** the motion.

**WHEREAS** the Court possesses jurisdiction over this matter and the Plaintiff Class and MasterCard in this matter, including jurisdiction to grant the motion and enter this order;

**WHEREAS** the Plaintiff Class and MasterCard filed with the Court an executed settlement agreement ("Settlement Agreement") on June 4, 2003 that the Court approved on December 19, 2003 and which became final on June 1, 2005 after the denial of or expiration of

CC Draft - 4/6/09

all time for appeals;

**WHEREAS** the Amended Plan of Allocation was submitted to the Court on August 16, 2005 as directed by the Court's August 2, 2005 Order;

**WHEREAS** the Settlement Agreement and the Amended Plan of Allocation provide for the securitization of the MasterCard Settlement Fund Account payments ("Securitization") and the proposed Securitization is consistent with the provisions set forth therein;

**WHEREAS** under the terms of the Settlement Agreement, the Plaintiff Class agreed that:

(i) "[p]laintiffs shall look solely to the Settlement Agreement for settlement and satisfaction against MasterCard of all claims that are released" thereunder, (Settlement Agreement at ¶ 29);

(ii) "[e]ach Class Member . . . covenants and agrees that it shall not, hereafter, seek to establish liability against any Released Party based, in whole or in part, upon any of the released claims," (Settlement Agreement at ¶ 30);

(iii) "[t]he Settling Parties . . . irrevocably submit to the exclusive jurisdiction of the United States District Court for the Eastern District of New York for any suit, action, proceeding or dispute arising out of or relating to [the] Settlement Agreement or the applicability of [the] Settlement Agreement and exhibits hereto," (Settlement Agreement at ¶ 41(a));

(iv) "[i]n the event that the provisions of [the] Settlement Agreement are asserted by MasterCard as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any other suit, action or proceeding by a Plaintiff, it is hereby agreed that MasterCard shall be entitled to a stay of that suit, action or proceeding until the United States Court for the Eastern District of New York has entered a final judgment determining any issues related to the defense or objection based on such provisions. Solely for the purposes of such suit,

CC Draft - 4/6/09

action or proceeding, to the fullest extent they may effectively do so under applicable law, the Settling Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of such court, or that such court is, in anyway, an improper venue or an inconvenient forum." (Settlement Agreement at ¶ 41(b));

(v) pursuant to paragraph 42 of the Settlement Agreement, "[i]n the event that any party does not fulfill any of its obligation under the Settlement Agreement, Plaintiff's Co-Lead Counsel or MasterCard may seek from the Court any and all relief they believe appropriate;" and

(vi) "[i]n the Event that MasterCard does not fulfill its obligations relating to payments to the Settlement Fund Account as specified in paragraph 3 [of the Settlement Agreement], both Plaintiffs' Co-Lead Counsel or any purchaser, assignee, or entity involved with securitization or financing of the Settlement Fund as provided for in paragraph 3(f) [of the Settlement Agreement], may seek from the Court any and all relief they believe appropriate." (Settlement Agreement at ¶ 43).

**WHEREAS** the Plaintiff Class had no obligations to fulfill under the Settlement Agreement, except that pursuant to paragraph 34 of the Settlement Agreement, "[t]he Settling Parties and their respective counsel agree[d] that, except as otherwise required by law, within sixty (60) days after MasterCard has complied with all of its obligations under the Settlement Agreement, all materials produced by, or information discovered of, or records of information discovered of, the Settling Parties (including their past, present and former parents, subsidiaries, divisions, affiliates…) that contain Confidential Information or Outside Counsel Eyes Only Information… shall be destroyed or returned to the producing party."

**WHEREAS** MasterCard is obligated under the Settlement Agreement to make four

3

113064.1

CC Draft - 4/6/09

additional payments of $100 million each into the Settlement Fund Account on or before the following dates: December 22, 2009, December 22, 2010, December 22, 2011, and December 22, 2012 (the "Future Payments");

**WHEREAS** MasterCard is prohibited from making a prepayment at a discount of any Future Payments due under the Settlement Agreement and the Amended Plan of Allocation once the Securitization is completed; and

**WHEREAS** notice of the motion was made available to the public on the case website at http://www.inrevisacheckmastermoneyantitrustlitigation.com and was mailed to all parties appearing in this case, it is hereby

**ORDERED** that the motion is **GRANTED**;

**ORDERED** that Lead Counsel on behalf of the Plaintiff Class may proceed with the Securitization as proposed in the Begleiter Declaration, supporting memorandum, and other papers submitted in support of the motion;

**ORDERED** that Lead Counsel is authorized and has all requisite power and authority to act as binding representative and agent of the Plaintiff Class for all matters related to the Securitization and to execute (through the signatures of either Robert L. Begleiter or Jeffrey I. Shinder on behalf of Constantine Cannon LLP and of George W. Sampson on behalf of Hagens Berman Sobol Shapiro LLP), deliver and perform on behalf of the Plaintiff Class all documents necessary or advisable to complete the Securitization, including but not limited to the authorization to create the Trust (as defined in the supporting memorandum) and all matters related thereto, and upon such execution and delivery by Lead Counsel, all documents relating to the Securitization to which Lead Counsel is party shall constitute legal, valid, and binding obligations of and be enforceable against the Plaintiff Class in accordance with their terms;

CC Draft - 4/6/09

**ORDERED** that the conveyance of the Plaintiff Class' rights to receive all Future Payments and all rights and interests relating will, when effectuated, constitute an absolute sale in that the Plaintiff Class will transfer immediately all rights and interests to receive the Future Payments upon the completion of the Securitization;

**ORDERED** that the transfer by Lead Counsel to the Trust of control over withdrawals from the Settlement Fund Account in accordance with the documents relating to the Securitization does not conflict with the requirement of Paragraph 3 of the Settlement Agreement that all requests for withdrawals from the Settlement Fund Account be signed by Lead Counsel;

**ORDERED** that the Trust will, effective as of the conveyance of the Plaintiff Class' rights described above, have the right to enforce all rights and powers related to the Future Payments granted to the Plaintiff Class under the Settlement Agreement and the Amended Plan of Allocation, including but not limited to the power to seek relief from this Court pursuant to Paragraph 43 of the Settlement Agreement to compel MasterCard to fulfill its payment obligations into the Settlement Fund;

**ORDERED** that Lead Counsel is authorized to complete the Securitization at a rate equal to or lesser than the maximum discount rate set forth in the memorandum supporting the motion, but if, after consulting with the Independent Expert, Lead Counsel determines the Securitization should not be completed despite obtaining a discount rate for the Securitization notes equal to or lesser than the maximum rate set forth in the memorandum supporting the motion, Lead Counsel shall not complete the transaction and shall so notify the Court; and

**ORDERED** that, other than this order and according to the relief set forth herein, notice provided to the Plaintiff Class on the case website and to the parties appearing in this action by mail is sufficient and adequate such that no additional consent, approval, order, or authorization

CC Draft - 4/6/09

by this Court, filing with this Court, or notice to this Court, the Plaintiff Class, or the parties appearing in this action is required in connection with the execution, delivery, or performance by Lead Counsel of the documents necessary to complete the Securitization.

Dated: _____
       Brooklyn, New York

                                                     HONORABLE JOHN GLEESON
                                                     UNITED STATES DISTRICT JUDGE

113064.1