UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
IN RE                                                         :
                                                              :   MASTER FILE NO.
VISA CHECK/MASTERMONEY ANTITRUST                              :   CV-96-5238
LITIGATION                                                    :   (Gleeson, J.) (Orenstein M.J.)
                                                              :
----------------------------------------------------------------x
This Document Relates To:                                     :
All Actions                                                   :
                                                              :
                                                              :
----------------------------------------------------------------x

## REPLY MEMORANDUM IN RESPONSE TO THE OBJECTION OF WAL-MART STORES, INC. TO LEAD COUNSEL'S MOTION TO APPROVE THE SECURITIZATION OF THE MASTERCARD SETTLEMENT ACCOUNT PAYMENTS

Respectfully submitted,

**Constantine Cannon LLP**
    Robert L. Begleiter (RB-7052)
    Jeffrey I. Shinder (JS-5719)
    Jason J. Enzler (JE-2475)
450 Lexington Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701
E-Mail: rbegleiter@constantinecannon.com

*Co-Lead Counsel for the Plaintiff Class*

**Hagens Berman Sobol Shapiro LLP**
    George W. Sampson (GS-8973)
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-Mail: george@hbsslaw.com

*Co-Lead Counsel for the Plaintiff Class*

# TABLE OF CONTENTS

**Preliminary Statement** ............................................................................................................. 1

**Relevant Factual Background** ................................................................................................ 2

    **The Securitization Motion** ................................................................................................ 2

    **The FMI Conference Call** ................................................................................................. 3

    **Wal-Mart's Objection** ....................................................................................................... 4

**Argument** ................................................................................................................................. 5

    POINT I

        CLASS CLAIMANTS HAVE BEEN PROVIDED ACCESS TO THE
        RELEVANT INFORMATION REGARDING THE SECURITIZATION ................. 5

    POINT II

        FURTHER DELAYING THE SECURITIZATION
        WILL BE PREJUDICIAL TO THE CLASS ............................................................. 7

    POINT III

        CLASS CLAIMANTS HAVE HAD SUFFICIENT TIME TO OBJECT ................... 8

**Conclusion** ............................................................................................................................... 9

Constantine Cannon LLP and Hagens Berman Sobol Shapiro LLP (together "Lead Counsel") respectfully submit this reply memorandum of law, together with the Declarations of Joshua J. Slovik and Jason J. Enzler, both dated April 20, 2009 (respectively, the "Slovik Decl." and the "Enzler Decl."), in response to the objection of Wal-Mart Stores, Inc. ("Wal-Mart") to Lead Counsel's Motion to Approve the Securitization of the MasterCard Settlement Account Payments (the "Securitization Motion").

## Preliminary Statement

In the Securitization Motion, Lead Counsel demonstrated that the proposed securitization is in the best interests of the Class Claimants,[1] particularly in light of current economic conditions. Wal-Mart does not dispute this. To the contrary, Wal-Mart concedes that the securitization "may indeed be beneficial to the class" and that it does not oppose the securitization "*per se.*"[2] Nevertheless, Wal-Mart objects to the Securitization Motion as premature contending that:

(i) "Class Claimants have not been provided adequate information regarding the proposed securitization to make an informed decision on whether to object to the Securitization Motion." Wal-Mart Objection at 1.

(ii) Class Claimants have not had sufficient opportunity to review the Independent Expert Report of Professor Bernard Black, dated March 6, 2009 (the "Independent Expert Report"). *See* Wal-Mart Objection at 1.

(iii) Delaying the securitization might be beneficial because the "markets have improved since the first of the year and there is no reason to think that they will not continue to do so." Wal-Mart Objection at 8.

(iv) Lead Counsel has not established that the Class Claimants do not object to the proposed securitization. *See* Wal-Mart Objection at 3.

---

[1] Class Claimants are members of the Plaintiff Class who have filed approved claims and signed releases in this litigation.

[2] *See* Objection of Wal-Mart Stores, Inc. To The Motion To Approve The Securitization Of The MasterCard Settlement Account Payments And Memorandum In Support Thereof, dated March 27, 2009 (the "Wal-Mart Objection") at 2 and 2 n.2.

113559.1

As demonstrated below, each of these contentions is unavailing. Class Claimants now have been provided with access to most all of the information that Wal-Mart contends had been withheld. Accordingly, Wal-Mart's objection is now, in large measure, moot. Furthermore, any additional delay in proceeding with the securitization will only undermine what has been the objective since the case settled in 2003 – obtaining a benefit to Class Claimants by accelerating payments, albeit at a discount, especially during this time of unprecedented economic crises. Finally, despite numerous public notifications about the Securitization Motion and an extension of the time to file objections, there have been only three "objections" from the over 700,000 Class Claimants, one of which the Court has already rejected as moot. In such circumstances, further delay is unwarranted and Lead Counsel's Securitization Motion should be approved.

## Relevant Factual Background

### The Securitization Motion

On March 6, 2009, Lead Counsel filed the Securitization Motion, requesting that the Court approve the proposal to securitize the remaining four settlement payments due from Defendant MasterCard International Incorporated ("MasterCard"), which total $400 million. In connection with the Securitization Motion, the Court issued an Order setting forth a briefing schedule (the "March 6 Order"). *See* Enzler Decl., Ex. D. Objectors were directed to file their objections to the proposed securitization by March 27, 2009; Lead Counsel was directed to respond by April 13, 2009; and a hearing was scheduled for April 20, 2009. *See id.* at 1. The March 6 Order also directed Lead Counsel to post all of the papers related to the Securitization Motion on the case website and Lead Counsel's website (collectively, the "Websites") and to submit to the Court a declaration "identifying the content of the information regarding the

113559.1

Securitization [Lead Counsel] discloses in trade periodicals, the dates of such disclosures, and the names of the periodicals utilized."[3] *Id.* at 2.

Lead Counsel made the requisite disclosures on the websites and in trade periodicals. *See* Enzler Decl., Ex. E at ¶¶ 4-11. In addition, Lead Counsel issued further notices regarding the Securitization Motion (i) on various other websites with substantial circulations; (ii) in the Wall Street Journal and USA Today; and (iii) in 24 Hispanic newspapers around the country. *See* Enzler Decl., Ex. E at ¶¶ 12-14.

**The FMI Conference Call**

Notwithstanding the March 6 Court ordered briefing schedule, not until nearly three weeks later, on March 26, 2007, did Food Marketing Institute ("FMI") contact Lead Counsel and request an urgent conference to address the concerns of certain FMI members that the potential discount range was not disclosed in the Securitization Motion. *See* Enzler Decl., Ex. B at 1. In accordance with that request, Lead Counsel immediately arranged a conference call in which Wal-Mart, Target, Kroger, Safeway and possibly several other unidentified supermarkets participated. *See id.* These retailers voiced concerns about their inability to assess the proposed securitization without knowing the potential discount range. *See id.* Accordingly, in an effort to avoid objections and appeals that would not be in the best interests of all Class Claimants, Lead Counsel disclosed that information subject to a request for confidentiality. *See id.* at 1-2.

During that conference call it also came to Lead Counsel's attention that the Independent Expert Report inadvertently had not been docketed with the Court. *See* Enzler Decl., Ex. F.

---

[3] The March 6 Order further required Lead Counsel to serve by mail, on or before March 6, the Securitization motion papers to "all parties who have appeared in this or any related case." *See* Enzler Decl., Ex. D at 2 n.1. Lead Counsel, therefore, served the documents by mail on each party that filed a Notice of Appearance in this action. *See* Enzler Decl., Ex. E. at ¶ 3 n.1. Lead Counsel, however, did not send a separate mailing directly to each of the 700,000 Class Claimants, such as Wal-Mart. *Id.*; *see also* Wal-Mart Objection at 4 n.4.

Accordingly, immediately upon on its filing, on March 27, 2009, Lead Counsel posted links to the Independent Expert Report on the Websites and requested that the Court extend the briefing schedule and hearing on the Securitization Motion in order to provide Class Claimants with sufficient opportunity to review it. *See id.* On March 30, 2009, the Court granted Lead Counsel's request and issued an order directing that objections be filed by April 13, 2009; Lead Counsel file its reply by April 20, 2009; and the hearing be rescheduled to April 24, 2009 (the "March 30 Order").[4] *See* Enzler Decl., Ex. G.

On April 1, 2009, the Court sought additional information with regard to Lead Counsel's disclosure of the potential discount range. *See* Enzler Decl., Ex. H. On April 13, 2009, the Court ordered Lead Counsel to disclose the "potential discount range to any approved claimant that requests it, orally or in writing, on or before April 24, 2009, and to request that any such claimant, including the merchants that participated in the FMI call, . . . keep the potential discount range confidential" (the "April 13 Order"). *See* Enzler Decl., Ex. A.[5] The Court further directed Lead Counsel to post the April 13 Order on the Websites, which Lead Counsel has done.[6] *See* Enzler Decl. at ¶ 3 and Ex. A.

**<u>Wal-Mart's Objection</u>**

On March 27, 2009, Wal-Mart objected to the securitization, primarily contending that it either lacked the information necessary to evaluate the Securitization Motion or had not had

---

[4] Between March 31 and April 10, 2009, Lead Counsel published notice of the amended schedule and the availability of the Independent Expert Report. *See* Enzler Decl., Ex. E at ¶¶ 16-25.

[5] To date Lead Counsel has received nine requests for information concerning the potential discount range from Class Claimants and disclosure has been made in accordance with the April 13 Order. *See* Enzler Decl., at ¶ 5.

[6] Also, on April 13, 2009, one other "objection" from Payless Shoesource, Inc. ("Payless") was filed in addition to the two previously received on March 27, 2009. *See* Enzler Decl., Ex. I. Therein, Payless sought the potential discount range. *See id.* On April 14, 2009 this Court issued an order deeming the objection moot as a result of the April 13 Order. *See* Enzler Decl., Ex. J.

sufficient time to review that information. As more amply demonstrated below, Wal-Mart now has had the opportunity to review all of the relevant information. Yet, to date, Wal-Mart still has failed to identify a single substantive basis for its objection. Accordingly, Wal-Mart's objection should be rejected and the instant Securitization Motion granted.

<b><u>Argument</u></b>

<b><u>POINT I</u></b>

<b><u>CLASS CLAIMANTS HAVE BEEN PROVIDED ACCESS TO THE<br>RELEVANT INFORMATION REGARDING THE SECURITIZATION</u></b>

Wal-Mart disingenuously contends that the securitization is premature, because (i) the "discount rate has been redacted from the public papers and filed under seal" (Wal-Mart Objection at 1; *see also id.* at 4-5); (ii) the Independent Expert Report was published on the date Wal-Mart's objection was due to be filed (*see id.* at 5); and (iii) "other information that is relevant to the securitization ... has yet to be provided to Class Claimants" (*see id.* at 5).

Wal-Mart concedes, however, that when it filed its objection the potential discount range had "been disclosed to Wal-Mart and 8-9 other merchants." *See* Wal-Mart Objection at 4 n.3. Further, as set forth above, in accordance with the Court's April 13 Order, Lead Counsel similarly has disclosed the potential discount range to those Class Claimants that have sought the information. *See* Enzler Decl. at ¶ 5. Accordingly, Wal-Mart's contention that the instant motion should be denied because Wal-Mart lacks information concerning the potential discount range is specious and must be rejected.

Equally without basis is Wal-Mart's contention that it has not had sufficient time to review the Independent Expert Report. *See* Wal-Mart Objection at 5-6; Enzler Decl., Ex. K. Wal-Mart concedes, as indeed it must, that it had access to the Independent Expert Report before it filed its objection. *See* Wal-Mart Objection at 6 n.6. Furthermore, pursuant to the Court's

March 30 Order, Wal-Mart had until April 13 to submit any additional objections based on a more thorough review of the Independent Expert Report. *See* Enzler Decl., Ex. G. Tellingly, Wal-Mart has failed to submit any such additional objection.

Finally, Wal-Mart fails to identify the "other information" it contends is purportedly unavailable. In that regard, Wal-Mart contends that Lead Counsel failed to "'post certain information regarding the securitization on the case website'" and "disclose [the nature of the proposed securitization] in trade periodicals" as Lead Counsel had promised to do. *See* Wal-Mart Objection at 6 (citations omitted). Yet, in accordance with that promise, Lead Counsel has posted on the Websites the Securitization Motion papers, the Independent Expert Report, the engagement letter with the Bankers (as that term is defined in the Securitization Motion) for the proposed securitization, and various other documents and undertook widespread publication of notice of the Securitization Motion directing Class Claimants to the Websites to access additional information.[7] *See* Enzler Decl., Ex. E at ¶¶ 4-14, 16-25. Accordingly, Wal-Mart's

---

[7] In a footnote, Wal-Mart also complains that it has not been provided with all of the information that Lead Counsel provided to the Independent Expert. *See* Wal-Mart Objection at 6 n.6. This complaint fails for a number of reasons. First, much of the material identified in the Independent Expert Report is available either on the Websites, from the public court files, or is otherwise publicly available, except for (i) the relevant material provided to Standard & Poor's ("S&P"); (ii) drafts of the offering memorandum and the Trust Indenture for the proposed securitization; (iii) a draft of the Securitization Motion; and (iv) an estimate of transaction costs from Lead Counsel's financial advisor. *See* Enzler Decl., Ex. K at 3, items (iv), (v), (vii) and (viii). The relevant material provided to S&P was (i) a detailed structure diagram, summary and model for the proposed securitization reflecting the anticipated cash flows; (ii) memoranda and correspondence from Lead Counsel and securitization counsel concerning certain legal aspects and the enforceability of the settlement agreement between the Plaintiff Class and MasterCard; (iii) a summary of transaction costs, ongoing expenses and uses of cash reserves; and (iv) information regarding MasterCard's cooperation in maintaining an S&P credit rating. *See* Slovik Decl. at ¶ 4. Lead Counsel was prohibited from making general disclosures with respect to these items pursuant to Section 4(2) and Rule 501of the Securities Act of 1933 because the securitization it is to be marketed as a private transaction. The securities laws similarly prohibited Lead Counsel from disclosing drafts of the offering memorandum and the Trust Indenture for the proposed securitization notes and final versions of the Securitization Motion were posted on the Websites. Although the transaction costs estimated by Lead Counsel's financial advisor and provided to S&P and the Independent Expert (*see* Slovik Decl. at ¶ 4), were not made publicly available, the actual fees and costs that have been incurred are described in detail in Lead Counsel's quarterly Applications For Fees And Reimbursement Of Costs And Expenses, available on the case website and the Court docket, as well as in other correspondence available on the Court docket. *See, e.g.,* Enzler Decl., Ex. L. Future fees and costs can only be estimated, because they will be calculated based on a percentage of the proceeds from the securitization, should it be approved by the Court, however, the Independent Expert estimated total transaction costs to be approximately $4.6 million (about

113559.1

contention that it lacks the requisite information to evaluate the Securitization Motion should be rejected.

## POINT II

## FURTHER DELAYING THE SECURITIZATION WILL BE PREJUDICIAL TO THE CLASS

Although acknowledging that "in the end the securitization proposal may indeed be beneficial to the class," Wal-Mart asserts that waiting until Class Claimants have "adequate information" "will not prejudice securitization but only impact its timing." Wal-Mart Objection at 2 and 8. Wal-Mart makes this assertion even though it concedes that many "cash-strapped merchants" would benefit from now receiving accelerated, although discounted, settlement payments. *Id.* at 2

Furthermore, while Wal-Mart contends that the securitization markets have been affected by the current economic crises, it concedes that those markets have improved since the beginning of the year.[8] *See* Wal-Mart Objection at 8. In any event, Wal-Mart's purported concern with respect to the securitization markets is misplaced. To the extent that there are risks involved in taking the proposed securitization to market, Lead Counsel has set the maximum discount rate at which it would proceed with the securitization. Furthermore, recent reports indicate that, while

---

1.5% of estimated proceeds). *See* Enzler Decl., Ex. K at 9. The only remaining source of information identified in the Independent Expert Report is "other material and information provided to me by Lead Class Counsel and their financial advisor" (Enzler Decl., Ex. K at 3, item (ix)), which essentially included communications regarding the proposed transaction subject to the securities laws referenced above, in addition to publicly available information about market conditions. *See* Slovik Decl. at ¶ 6.

[8] Referencing the securitization of tobacco settlements, Wal-Mart conclusorily contends that it is not a "forgone conclusion that the proposed securitization plan will best serve the interests of the Class." Wal-Mart Objection at 7. However, Wal-Mart has the information it contends it needs to asses the proposed securitization and to compare it to the tobacco settlement securitizations if so compelled. Wal-Mart further asserts in one of its footnotes that the Independent Expert Report was predicated on a false assumption, *i.e.*, that the securitization will be completed during a period of normal credit conditions. *See* Wal-Mart Objection at 6 n.6. As noted above, however, at the same time that Wal-Mart raises this contention, it concedes that the markets have improved since the beginning of the year. *Id.* at 8. In addition, as also noted above, the markets for investment grade debt are robust.

the markets for securities and below investment grade debt continue to be volatile, the markets for investment grade debt – as the proposed securitization will be – are robust. *See* Enzler Decl., Exs. M-O.

Finally, Wal-Mart has now had access to and the opportunity to analyze the information that it identified as "missing" – the potential discount range and the Independent Expert Report – and has yet to identify any substantive basis for opposing the instant motion.[9] Accordingly, there is no basis for any further delay.

## POINT III

## CLASS CLAIMANTS HAVE HAD SUFFICIENT TIME TO OBJECT

Wal-Mart also opposes the Securitization Motion, contending that Lead Counsel "has not demonstrated that Class Claimants have no objections to the Securitization Motion." *See* Wal-Mart Objection at 3. This contention is also unfounded.

Lead Counsel published on the Websites as well in other media the notice of the Securitization Motion and the time to file Objections. *See* Enzler Decl., Ex. E. Lead Counsel also posted on the Websites and otherwise published the extension of the time to file Objections. *See id.* at ¶¶ 16-25. In addition, the April 13 Order permitting Lead Counsel to respond to Class Claimants' requests for the potential discount range was posted on the Websites.

---

[9] Wal-Mart also asserts that additional delay will necessarily result because "not all of the steps necessary to effectuate the securitization have been completed." Wal-Mart Objection at 8. The securitization is actually proceeding to completion and Lead Counsel anticipates that all, or substantially all, of the elements of the transaction could be completed within 45 to 60 days after the Court makes a determination with respect to the Securitization Motion. *See* Slovik Decl. at ¶ 7.

Notwithstanding, to date Lead Counsel has received only three objections[10] (one of which the Court has already deemed as moot).[11]

## Conclusion

For the foregoing reasons, Lead Counsel respectfully requests that the Court reject Wal-Mart's Objection and grant the Securitization Motion.

Dated: New York, New York
April 20, 2009

Respectfully submitted,

By: /s/ Robert L. Begleiter

**Constantine Cannon LLP**
Robert L. Begleiter (RB-7052)
Jeffrey I. Shinder (JS-5719)
Jason J. Enzler (JE-2475)
450 Lexington Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701
E-Mail: rbegleiter@constantinecannon.com
*Co-Lead Counsel for the Plaintiff Class*

**Hagens Berman Sobol Shapiro LLP**
George W. Sampson (GS-8973)
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-Mail: george@hbsslaw.com
*Co-Lead Counsel for the Plaintiff Class*

---

[10] Accordingly, Wal-Mart's contention that the informal interview of 24 Class Claimants was insufficient to "demonstrate that class members actually support the securitization presently proposed" (Wal-Mart Objection at 3), should be rejected.

[11] Lead Counsel addressed the other objection in a separate reply memorandum of law.