UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE                                               :    MASTER FILE NO.
                                                    :    CV-96-5238
VISA CHECK/MASTERMONEY ANTITRUST    :    (Gleeson, J.) (Orenstein M.J.)
LITIGATION                                          :
------------------------------------------------------------------x
This Document Relates To:                           :
All Actions                                         :
                                                    :
------------------------------------------------------------------x


# REPLY MEMORANDUM IN RESPONSE TO THE OBJECTION OF CONTINENTAL GARDEN RESTAURANT TO LEAD COUNSEL'S MOTION TO APPROVE THE SECURITIZATION OF THE MASTERCARD SETTLEMENT ACCOUNT PAYMENTS

Respectfully submitted,

**Constantine Cannon LLP**
    Robert L. Begleiter (RB-7052)
    Jeffrey I. Shinder (JS-5719)
    Jason J. Enzler (JE-2475)
450 Lexington Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701
E-Mail: rbegleiter@constantinecannon.com

*Co-Lead Counsel for the Plaintiff Class*

**Hagens Berman Sobol Shapiro LLP**
    George W. Sampson (GS-8973)
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-Mail: george@hbsslaw.com

*Co-Lead Counsel for the Plaintiff Class*

# TABLE OF CONTENTS

Preliminary Statement ............................................................................................................. 1

Relevant Factual Background ................................................................................................. 2

Argument .................................................................................................................................. 2

    POINT I

        CLASS CLAIMANTS HAVE BEEN PROVIDED ACCESS TO THE
        RELEVANT INFORMATION REGARDING THE SECURITIZATION .................. 2

    POINT II

        THERE IS NO CONFLICT OF INTEREST BETWEEN
        THE "SMALL" AND "LARGE" CLASS CLAIMANTS .............................................. 3

Conclusion ................................................................................................................................ 5

Constantine Cannon LLP and Hagens Berman Sobol Shapiro LLP ("Lead Counsel") respectfully submit this reply memorandum of law, together with the Declaration of Jason J. Enzler, dated April 20, 2009 (the "Enzler Decl."), in response to the objection of Continental Garden Restaurant ("Continental Garden"), dated March 26, 2009 (the "Continental Garden Objection") to Lead Counsel's Motion to Approve the Securitization of the MasterCard Settlement Account Payments (the "Securitization Motion").

## Preliminary Statement

In the Securitization Motion, Lead Counsel demonstrated that the proposed securitization is in the best interests of the Class Claimants,[1] particularly in light of current economic conditions. Continental Garden objects to the Securitization Motion, contending that (i) the appointment of "a representative to specifically represent the interests of 'smaller class claimants'" is necessary, because of a purported "conflict" between the interests of "smaller class claimants" and "larger class claimants;"[2] (ii) Lead Counsel has not disclosed "all of the costs and fees" in connection with the securitization; and (iii) Lead Counsel has not disclosed "the reduction in the amount of money that the class will receive as a result of the securitization." Enzler Decl., Ex. C at 1. Each of these grounds for objection is without merit.

The fees and costs that have been incurred to date, as well as Lead Counsel's estimate of the fees and costs going forward, have all been publicly disclosed. Similarly, the potential discount range has now been made available to Class Claimants, subject to a request that the

---

[1] Class Claimants are members of the Plaintiff Class who have filed approved claims and signed releases in this litigation.

[2] Continental Garden also objects to "that portion of the notice that requires class member objectors to attend the fairness hearing in New York City" because "[t]he burden of attendance clearly discourages objections." Continental Garden Objection at 1. While Lead Counsel does not believe the requirement of a Court appearance to create such a burden, Lead Counsel agrees that will not seek dismissal of the Continental Garden Objection based on Continental Garden's failure to appear at the April 24, 2009 hearing.

113632.2

information be kept confidential. Accordingly, Continental Garden's objection is now, in large measure, moot.

Finally, not only has Continental Garden failed to articulate any actual substantive conflict between the "smaller class claimants" and the "larger class claimants," but that contention is belied by the findings set forth in the Report of the Independent Expert Professor Bernard Black (the "Independent Expert Report"). Accordingly, as more amply demonstrated below, Lead Counsel's Securitization Motion should be approved.

### Relevant Factual Background

Lead Counsel respectfully refers the Court to the Reply Memorandum In Opposition To The Objection Of Wal-Mart Stores, Inc. To Lead Counsel's Motion To Approve The Securitization Of The MasterCard Settlement Account Payments, for a recital of the relevant factual background with respect to Lead Counsel's disclosure of information to Class Claimants, including the potential discount range and the Independent Expert Report.

### Argument

### POINT I

### CLASS CLAIMANTS HAVE BEEN PROVIDED ACCESS TO THE RELEVANT INFORMATION REGARDING THE SECURITIZATION

Continental Garden seeks the disclosure of the potential discount range and all current and future costs incurred in connection with the securitization. *See* Enzler Decl., Ex. C at 1. Significantly, however, the information sought by Continental Garden has already been disclosed.

With respect to the discount range, pursuant to the Court's April 13, 2009 Order, Lead Counsel was directed to disclose the potential discount range to any approved Class Claimant that requested such information, subject to a request that the information be kept confidential.

2

*See* Enzler Decl., Ex. A. In accordance with the Court's Order, Continental Garden has now been informed of the maximum discount rate. *See* Enzler Decl. at ¶ 6.

Lead Counsel has similarly disclosed the transaction costs associated with the securitization. The fees and costs that have been incurred are described in detail in Lead Counsel's quarterly Applications For Fees And Reimbursement Of Costs And Expenses, which are available on the case website[3] and the court docket. Future fees and costs can only be estimated, because they will be calculated based on a percentage of the proceeds from the securitization, should it be approved by the Court. *See, e.g.,* Enzler Decl., Ex. L at 5. In his report, however, the Independent Expert addressed such fees and costs, stating as follows:

> Total transaction costs are approximately $4.6 million (about 1.5% of estimated proceeds). These costs are equivalent to a reduction in the implied rate of return on lending money to MasterCard of 37 basis points per year. In my opinion, these costs are reasonable, and are comparable to the transaction costs that one would expect in another offering of securitized notes.

Enzler Decl., Ex. K at 9. Accordingly, Lead Counsel has disclosed actual transaction costs to date and estimated costs going forward.

## POINT II

### THERE IS NO CONFLICT OF INTEREST BETWEEN THE "SMALL" AND "LARGE" CLASS CLAIMANTS

Continental Garden also seeks the appointment of a "representative to specifically represent the interests of 'smaller class claimants' on the issue of securitization," contending that Lead Counsel asserts in its "pleading that there is a conflict between interests of 'smaller class claimants' and 'larger class claimants' (see page 17)." Enzler Decl., Ex. C at 1. Lead Counsel made no such assertion. Rather, Lead Counsel merely made the point that due to current

---

[3] The case website is www.inrevisacheckmastermoneyantitrustlitigation.com.

economic conditions, the smaller Class Claimants are at greater risk should the securitization not go forward, stating in relevant part as follows:

> Without the securitization, Class Claimants that dissolve may be lost in the administrative process and forfeit payments toward the end of the settlement distribution life cycle. This would adversely affect smaller Class Claimants in particular, which are more likely to go out of business. This, in turn, would create a windfall for larger Class Claimants that are more likely to weather difficult economic times and stay afloat for the next four years.

Memorandum In Support Of Lead Counsel's Motion To Approve The Securitization Of The MasterCard Settlement Account Payments, dated March 5, 2009 at 17.

In any event, it is apparent that there is no actual substantive conflict between the smaller and larger Class Claimants. In that regard, the Independent Expert addressed this very point, finding as follows:

> The MasterCard securitization was developed through procedures which were reasonably designed to (i) minimize transaction costs; (ii) in this and other ways, to maximize the present value of the securitization proceeds to the Class; and (iii) to ensure horizontal equity between larger and smaller Class members.
>
> * * * *
>
> It is roughly financially neutral for a small number of large, well-capitalized merchants, and is financially advantageous for all other merchants. The degree of financial advantage, as a fraction of the expected proceeds increases as merchant size decreases. The financial gains are potentially large for financially constrained merchants, especially during the current period of economic distress.

Enzler Decl., Ex. K at 3-4.

In these circumstances, to appoint a separate representative to "represent the interests of 'smaller class claimants'" is not only unnecessary, but would serve merely to increase transaction costs – and thereby decrease the ultimate recovery to all Class Claimants – as well as further delay the proposed securitization. This is readily apparent when one considers the costs and inefficiencies associated with educating a separate representative at this late date on the complexities of the proposed securitization, in addition to attempting to make determinations as

113632.2

to which Class Claimants are "small" and which are "large." Accordingly, Continental Garden's objection should be rejected and Lead Counsel's motion granted.

## Conclusion

For the foregoing reasons, Lead Counsel respectfully requests that the Court reject Continental Garden's objection and grant the Securitization Motion.

Dated: New York, New York
April 20, 2009

Respectfully submitted,

By: /s/ Robert L. Begleiter

**Constantine Cannon LLP**
Robert L. Begleiter (RB-7052)
Jeffrey I. Shinder (JS-5719)
Jason J. Enzler (JE-2475)
450 Lexington Avenue, 17th Floor
New York, NY 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701
E-mail: rbegleiter@constantinecannon.com
*Co-Lead Counsel for the Plaintiff Class*

**Hagens Berman Sobol Shapiro LLP**
George W. Sampson (GS-8973)
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-Mail: george@hbsslaw.com
*Co-Lead Counsel for the Plaintiff Class*

113632.2