# CONSTANTINE | CANNON

**Lloyd Constantine**
Attorney at Law
(212) 350-2702
lconstantine@constantinecannon.com

NEW YORK | WASHINGTON

June 15, 2011

**BY ECF AND BY HAND DELIVERY**

The Honorable John Gleeson
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *In re Visa Check/MasterMoney Antitrust Litigation* (CV-96-5238) (JG)

Dear Judge Gleeson:

Lead Counsel for the class respectfully submits this letter to propose that the settlement funds remaining after June 15, 2011 be donated to the American Antitrust Institute (the "AAI") after all costs and fees related to the settlement administration have been paid.

## Background

On April 1, 2011, we submitted a request to the Court to set a final deadline of June 15, 2011, for cashing settlement checks so that we could determine the amount of settlement funds available for making a *cy pres* donation and conclude this case. *See* Letter from J. Shinder and J. Enzler, Lead Counsel, to Hon. J. Gleeson, dated Apr. 1, 2011 (Dkt. No. 1601). At that time, we had distributed approximately $2.61 billion to class members. *See id.* at 4. Roughly $3 million remained in the settlement account, of which approximately $1.3 million was attributable to uncashed checks from the most recent class-wide distribution in December 2010. *See id.* at 3. We estimated that roughly $200,000 of uncashed checks would cash before the proposed deadline, and that there would be an additional $1.1 million in administrative costs and fees (both outstanding as well as going forward) that would need to be covered by funds in the settlement account. *See id.* at 3-4. Based on these assumptions, we projected that there would be approximately $1.7 million available for a *cy pres* donation. *Id.* at 4. The Court so-ordered the June 15 deadline on April 4, 2011. *See* Order, dated Apr. 4, 2011.

Since April 1, 2011, roughly $350,000 has cashed from the universe of uncashed checks. To date, there has been no significant deviation from the estimated $1.1 million in costs and fees that we provided to the Court in our April 1 submission. Accordingly, we now estimate that there will be between $1.5 million and $1.6 million remaining in the settlement account available for a *cy pres* donation. This range reflects the still evolving costs of destroying the massive case record upon the conclusion of the case. As such, at the end of the day, well over 99% of the funds that were available for distribution, net of expenses, were returned to the class. We are

196879.1

# CONSTANTINE | CANNON

Hon. John Gleeson
June 15, 2011
Page 2

NEW YORK | WASHINGTON

pleased to report that the proposed *cy pres* donation of roughly 0.057% to 0.061% of the total amount distributed to class members is considerably lower than such distributions in similar cases.[1]

## Discussion

The Amended Plan of Allocation provides that "[w]hen distributions are otherwise complete, any monies remaining in the Net Settlement Fund . . . will be applied in a manner recommended by Lead Counsel and approved by the Court." Amended Plan of Allocation, dated Aug. 16, 2005, § 12.7. "A *cy pres* payment, as an adjunct to a payment by other means to some members of the class, is warranted where the amount to be distributed to the remaining class members is small relative to the administrative costs of a direct distribution." *See In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 343 (E.D.N.Y. 2010). As set forth previously in our April 1, 2011 submission, the amount available for another distribution to the class would be exceeded by the cost of such a distribution and thus this requirement is easily satisfied here. *See* Letter from J. Shinder and J. Enzler, Lead Counsel, to Hon. J. Gleeson, dated Apr. 1, 2011, at 4 (Dkt. No. 1601).

As for the allocation of these funds, the Court "has broad supervisory powers with respect to the administration and allocation of settlement funds." *See In re Holocaust Victim Assets Litig.*, 424 F.3d 132, 146 (2d Cir. 2005) (internal quotations and citations omitted). A *cy pres* allocation of settlement funds is within the bounds of the Court's discretion unless the Court "(1) fails to offer any indication of having carefully weighed all of the considerations relevant to the allocation; and (2) makes no findings in connection with its distribution of funds." *See In re Holocaust Victim Assets Litig.*, 424 F.3d at 146-147 (internal quotations and citations omitted). "In exercising its discretion, the District Court should bear in mind that the purpose of Cy Pres distribution is to put[] the unclaimed fund to its *next best* compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007) (internal quotations and citations omitted) (emphasis in original).

---

[1] *See, e.g., SEC v. Bear, Stearns & Co. Inc.*, 626 F. Supp. 2d 402, 410, 412, 417, 420 (S.D.N.Y. 2009) (ordering a *cy pres* donation of approximately $65,000,000 in remaining settlement funds to be distributed to the U.S. Treasury Department after a payout of approximately $391,675,720 in claims filed by investors (a 16.60% *cy pres*-to-class-payout ratio)); *In re Infant Formula Multidistrict Litig.*, No. 4:91-CV-00878-MP, 2005 WL 2211312, at *2-3 (N.D. Fla. Sept. 8, 2005) (ordering a *cy pres* donation in the amount of $700,000 in remaining settlement funds from a price fixing class action to be distributed to the American Red Cross Hurricane Katrina Disaster Relief Fund for the provision of infant formula, among other things, after a payout to class members of more than $91,000,000 (a 0.77% ratio)); *In re Folding Carton Antitrust Litig.*, 687 F. Supp. 1223, 1224, 1228-29 (N.D. Ill. 1988) (ordering a *cy pres* donation in the amount of $1,356,000 in remaining settlement funds to be distributed to two Chicago law schools for studies related to antitrust law and jury performance in complex litigations after a payout to class members of more than $211,000,000 (a 0.64% ratio)).

CONSTANTINE | CANNON

Hon. John Gleeson
June 15, 2011
Page 3

NEW YORK | WASHINGTON

In view of these standards, we respectfully recommend that settlement funds remaining after the deadline (net of the remaining fees and disbursements) be donated to the AAI. The mission of the AAI, a non-profit organization dedicated to education, research, and advocacy concerning antitrust law, is closely aligned with the substance and rationale of the case, as well as the interests of the class. The AAI has been the leading voice in urging more aggressive enforcement of antitrust laws – through private cases such as *In re Visa Check/MasterMoney Antitrust Litigation* or via government enforcement – to increase competition in the interests of consumers and businesses such as the merchant class. *See* American Antitrust Institute, About Us, available at htp://www.antitrustinstitute.org/content/about-us, last visited June 12, 2011. In fact, through its advocacy the AAI attempts to create a substantive and procedural environment to enable more cases like *In re Visa Check/MasterMoney Antitrust Litigation*, which will benefit businesses such as the merchant class and consumers alike. We can think of no better way to conclude this case than to make this contribution to this worthy organization. *Cf. In re Publ'n Paper Antitrust Litig.*, 2009 WL 2351724, at *2 (D. Conn. July 30, 2009) (ordering that a *cy pres* award in an antitrust class action be distributed to the AAI, finding that "[b]ecause the plaintiffs' claims here are based on antitrust injury, the next best use for the settlement funds is to disburse those funds to charitable institutions designed to guard against antitrust injury and protect consumers."). We therefore respectfully request the Court's approval of our making a *cy pres* donation of remaining settlement funds to the AAI.

We are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

*Lloyd Constantine/mlm*

Lloyd Constantine

cc:     Robin M. Wilcox, Special Master (by electronic mail)

196879.1