# CONSTANTINE | CANNON

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON

July 29, 2011

**BY ECF AND HAND DELIVERY**

The Honorable John Gleeson
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Visa Check/MasterMoney Antitrust Litigation (CV-96-5238)(JG)*

Dear Judge Gleeson:

      We write to respectfully supplement our recommendation to the Court regarding the cy pres distribution of the remaining funds in the settlement accounts and to discuss the requests by Consumers Union and the Jewelers Vigilance Committee to participate in the distribution.

      Upon reflection, Lead Counsel reiterates its recommendation that the entire cy pres distribution be granted to the American Antitrust Institute (the "AAI"). As noted earlier, the AAI is a non-profit organization dedicated to education, research and advocacy concerning antitrust law. It was the first public interest group to focus on promoting more aggressive antitrust policies and enforcement to maintain competition and protect consumers and small businesses. On virtually all complex antitrust issues, the AAI offers a unique voice in favor of vigorous private and public enforcement of the antitrust laws. It has advocated on behalf of consumers and small businesses in Congress, before agencies and courts, on the state level and internationally on a wide range of issues, from health care and pharmacology to retailer concerns. In that capacity the AAI conducts industry studies and joint programs with foreign antitrust enforcers, submits testimony and comments on agency policies and enforcement practices and files amicus briefs on important antitrust issues before the Supreme Court and the Appellate Courts. For example, in the past decade it has filed roughly 50 amicus briefs, including in *American Needle, Inc. v. National Football League*, 130 S. Ct. 2201 (2010), in which the Supreme Court adopted the AAI's argument. In *Pacific Bell Telephone Co. v. Linkline Communications, Inc.*, 555 U.S. 438 (2009), the Supreme Court invited the AAI to provide a 15-minute oral argument, believed to be a first for a non-governmental third party in an antitrust case. Attached as Exhibit A is a summary of the history of the AAI.

198710.1

# CONSTANTINE | CANNON

The Honorable John Gleeson
July 29, 2011
Page 2

NEW YORK | WASHINGTON

    Notably, the AAI's advocacy efforts have included a long-standing interest in the interchange issues central to *In re Visa Check/MasterMoney Antitrust Litigation*. It issued a report over a year ago calling for a policy change that would have Congress giving the Federal Reserve power to mandate lower interchange fees. *See* Exhibit B (Albert A. Foer, President of AAI, "Electronic Payment Systems and Interchange Fees: Breaking the Log Jam on Solutions to Market Power," dated March 2, 2010). After the Durbin Amendment granting such power was passed, the AAI continued the fight in the face of heavy opposition to implementation of the amendment, submitting a letter to Congress urging support of the new policy. *See* Exhibit C (Letter from A. Foer, AAI President, to Congress, dated March 14, 2011).

    Like its advocacy efforts, the AAI's efforts to educate the public about the importance of antitrust are also wide-spread and effective. These efforts include publishing over 100 articles and reports on pressing antitrust issues, producing an award-winning documentary on U.S. antitrust law that was shown on public television and developing an accompanying educational curriculum for high school classrooms (*see* www.fairfightfilm.org) and hosting several conferences and symposiums on antitrust issues. The AAI's website, which offers a vast array of resources to the public, including resources aimed specifically at aiding consumers, has been called "the best one-stop antitrust site out there" by *Legal Times*. *See* Exhibit A at 11 (American Antitrust Institute, "10 Years of Education, Research and Advocacy"). The AAI has also contributed to antitrust scholarship in other ways. For example, in 2010, it published its third book, The International Handbook on Private Enforcement of Competition Law. It is currently preparing a book on private enforcement in the U.S. Under another cy pres grant, the AAI is also currently preparing a curriculum for the training of judges.

    The AAI is still a young organization, nearly fifteen years old. Its highly qualified five-person staff works from private homes around the U.S. AAI is about to enter the always-difficult transition to a second generation of leadership as its president and some board members approach retirement in the next two years. The AAI depends on cy pres grants and other unpredictable contributions, making long-term planning and long-term employment commitments particularly difficult. A full distribution to the AAI at this time would provide much of the financial base that will allow it to recruit the next generation of leadership and retain its excellent staff thereby guaranteeing the nation the continuing public interest services it provides. In sum, it is our hope that providing the full distribution to this worthy organization will endow it well into the future and we fear that, given the amount of the distribution, balkanizing the award between the AAI and other recipients will undermine that objective. For these reasons, we repeat our initial recommendation to the Court.

    That said, to the extent the Court would like to include consumer organizations in the distribution we respectfully recommend that 2/3 of the award be given to the AAI, with the remaining 1/3 awarded to one or two worthy consumer organizations. While we laud the work that Consumers Union does on behalf of consumers, we believe that US PIRG would be an

198710.1

CONSTANTINE | CANNON

The Honorable John Gleeson
July 29, 2011
Page 3

NEW YORK | WASHINGTON

equally worthy recipient of the funds that the Court decides to allocate to consumer groups. PIRG is a network of state public interest groups working on behalf of the American public on issues such as product safety, public health and health care reform, higher education, political corruption and voting rights. See http://www.uspirg.org/about-us; see also Exhibit D (PIRG's most recent annual report). PIRG has also been among the most active consumer groups on issues pertaining to the high, and hidden costs, of payment cards to consumers. PIRG, for example, submitted comments to the Federal Reserve with respect to its recent rulemakings on debit interchange that were indicative of the sophisticated approach it brings to bear on these issues. A copy of those publically available comments has been attached hereto as Exhibit E. Accordingly, to the extent the Court chooses to include consumer organizations in the cy pres distribution, we respectfully recommend that 1/3 of the available funds be given to US PIRG or split between US PIRG and Consumers Union.

We are also in receipt of the Jewelers Vigilance Committee's ("JVC") July 27, 2011 letter to the Court. At the outset, we note that this firm has represented JVC in the past. Having said that, we respectfully recommend that the Court deny their request to participate in the distribution. For starters, the JVC members that were members of the class have already benefitted from the settlement and the distribution. Moreover, we are disinclined to endorse such a narrowly tailored interest receiving a portion of the funds, particularly when its connection to the underlying case and the issues it concerned is so attenuated. As such, we respectfully advise the Court to deny their request.

Should the Court have any questions please do not hesitate to contact us.

Respectfully Submitted,

Jeffrey I. Shinder

Attachments

cc: Special Master Robin Wilcox (by electronic mail)
    Eileen B. Hershenov, Consumers Union (by electronic mail)
    Cecilia L. Gardner, Jewelers Vigilance Committee (by electronic mail)

198710.1